UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOTAL VEIN SOLUTIONS, LLC, <br><br> Defendant. | Civil Action No. 04-10686 RGS |

**TOTAL VEIN SOLUTIONS, LLC'S ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant Total Vein Solutions, LLC ("TVS"), answers the Complaint and Demand for Jury Trial filed by Diomed, Inc. ("Diomed"), as follows:

1. TVS lacks knowledge or information sufficient to form a belief as the truth of the averments in paragraph 1.

2. TVS admits that it is a Texas limited liability corporation. TVS's address is 801 Columbia Street, Houston, Texas 77027.

3. TVS lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 3-13, which relate to Diomed's alleged activities and the significance of those activities.

4. TVS denies that its activities infringe the U.S. Patent No. 6,398,777. TVS lacks sufficient information to form a belief as to the truth of the remaining averments in paragraph 14.

5. TVS admits the allegations in paragraphs 15-18.

6. TVS repeats its answers to paragraphs 1 through 18, which paragraphs are realleged in paragraph 19.

7. TVS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. TVS, however, admits that a copy of U.S. Patent No. 6,398,777 (the "'777 patent") and the Certificate of Correction issued by the United States Patent and Trademark Office are attached to the Complaint.

8. TVS admits the allegations of paragraph 21.

9. TVS admits the allegations of paragraph 22.

10. TVS denies the allegations of paragraph 23.

11. TVS denies the allegations of paragraph 24.

12. TVS denies the allegations of paragraph 25.

13. TVS denies the allegations in paragraph 26.

14. TVS denies the allegations in paragraph 27.

## AFFIRMATIVE DEFENSES

15. According to the records of the United States Patent Office, Endolaser, LLC, and Dr. Robert Min are the owners of the '777 patent. Endolaser should be added as a necessary party under FED. R. CIV. P. 19.

16. TVS alleges that the '777 patent is invalid for failure to meet the requirements of Title 35 of the United States Code.

## COUNTERCLAIMS

17. Counterclaim-plaintiff TVS is a Texas Limited Liability Company organized and existing under the laws of the state of Texas, doing business in this district.

18. On information and belief, Counterclaim-defendant Diomed is a Delaware corporation with its principal place of business at One Dundee Park, Suite 5/6, Andover, Massachusetts 01810.

19. This court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 2201, 1331, and 1338(a).

20. Diomed alleges that it is the owner of all rights, title and interest in the '777 patent that formerly belonged to Dr. Robert Min. Diomed further alleges that the '777 patent's other owner, Endolaser, LLC, has granted Diomed an exclusive license to its interest in the '777 Patent, including the right to sue for infringement.

21. Diomed's Complaint alleges that TVS is infringing the '777 patent through sales of components and kits for laser treatment of blood vessels and other activities, as set forth in Diomed's Complaint in paragraphs 21-24.

22. There is an actual justiciable controversy over whether TVS is infringing the '777 patent and whether the claims of the '777 patent are invalid.

23. TVS has not infringed the '777 patent.

24. One or more of the claims of the '777 patent is invalid under the provisions of 35 U.S.C. § 101 et seq.

## JURY DEMAND

TVS demands a jury trial on all claims asserted herein.

Wherefore, TVS respectfully requests that the Court grant the following relief:

1. A judgment dismissing Diomed's Complaint with prejudice;

2. A judgment declaring that TVS has not infringed the '777 Patent;

3. A judgment declaring that the '777 patent is invalid;

4. A judgment awarding TVS its costs and reasonable attorneys' fees as provided by law; and

5. For such other and further relief as this Court may find just and proper.

        Respectfully submitted,

        TOTAL VEIN SOLUTIONS, LLC

        By its attorneys,

        _____/s/_____
        Merton E. Thompson
        BBO #637056
        Burns & Levinson LLP
        125 Summer Street
        Boston, MA  02110
        Tel:  (617) 345-3000
        Fax:  (617) 345-3299

Case 1:04-cv-10686-NMG   Document 4   Filed 05/21/2004   Page 4 of 7

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Total Vein Solutions, LLC's Answer, Affirmative Defenses and Counterclaim has been served on the following by First Class U.S. Mail, postage prepaid, this 21st day of May, 2004.

Michael A. Albert
James J. Foster
Michael N. Rader
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA  02210
Telephone:  (617) 720-3500

/s/
Elizabeth Ducote

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DIOMED, INC.,**<br><br>    Plaintiff,<br><br>v.<br><br>**TOTAL VEIN SOLUTIONS, LLC,**<br><br>    Defendant. | Civil Action No. 04-10686 RGS |

## CORPORATE DISCLOSURE STATEMENT

Defendant Total Vein Solutions, LLC, has no parent corporation. No publicly held company owns 10% or more of Total Vein Solutions.

    Respectfully submitted,

    **TOTAL VEIN SOLUTIONS, LLC**

    By its attorneys,

    _____/s/_____
    Merton E. Thompson
    BBO #637056
    Burns & Levinson LLP
    125 Summer Street
    Boston, MA  02110
    Tel: (617) 345-3000
    Fax: (617) 345-3299

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above CORPORATE DISCLOSURE STATEMENT has been served on the following by U.S. First Class Mail, postage prepaid, this 21st day of May, 2004:

Michael A. Albert
James J. Foster
Michael N. Rader
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA  02210
Telephone:  (617) 720-3500

                                              /s/
                                      Elizabeth Ducote