IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIOMED, INC.,

       Plaintiff,

v.

TOTAL VEIN SOLUTIONS, LLC,

       Defendant.

Civil Action No. 04-CV-10686-RGS

**MOTION FOR LEAVE TO AMEND COMPLAINT BY ADDING
DAVID S. CENTANNI AND TYRELL L. SCHIEK AS DEFENDANTS**

Pursuant to Fed. R. Civ. P. 15 and D. Mass. L.R. 15.1, Plaintiff, Diomed, Inc. ("Diomed") requests leave to file an amended complaint adding David S. Centanni ("Centanni") and Tyrell L. Schiek ("Schiek") as defendants in this action. A copy of Diomed's Proposed Amended Complaint is submitted concurrently herewith.

In support of its motion, Diomed states as follows:

1.      Centanni and Schiek are principals in the Defendant, Total Vein Solutions, LLC ("TVS"). See Exhibit A (Articles of Organization of Total Vein Solutions, LLC).

2.      Both Centanni and Schiek have personally represented TVS at trade shows at which they infringed, and/or induced infringement of, and/or contributorily infringed, the patent-in-suit by marketing and selling devices for use in methods covered by the patent-in-suit.

3.      Because Centanni and Schiek are charged with infringing the same patent as TVS, the issues in Diomed's actions against Centanni and Schiek will overlap substantially with those in Diomed's action against TVS. Judicial efficiency will be served by amending Diomed's complaint in the existing action to include all defendants rather than requiring Diomed to file a separate action against Centanni and Schiek.

4.      A scheduling conference has not yet been held in this case.  The Court has not yet set a deadline for amendment of pleadings.  Leave to amend "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a).

5.      The Supreme Court has articulated the following circumstances that *may* provide grounds for denial of leave to amend a pleading: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).  ***No such circumstances are present here.***

6.      Discovery has only recently been initiated in this case.  Centanni and Schiek will not be prejudiced by being joined in this action.

**CERTIFICATION PURSUANT TO D. Mass. L.R. 15(B)**

7.      This motion was served on Centanni and Schiek ten (10) days in advance of filing as required by D. Mass. L.R. 15(B).

Respectfully submitted,

DIOMED, INC.,

By its attorneys,

Dated: January 13, 2005                    /s/ Michael N. Rader
                                           Michael A. Albert (BBO #558566)
                                           malbert@wolfgreenfield.com
                                           Michael N. Rader (BBO #646990)
                                           mrader@wolfgreenfield.com
                                           WOLF, GREENFIELD & SACKS, P.C.
                                           600 Atlantic Avenue
                                           Boston, MA 02210
                                           (617) 646-8000

- 2 -