IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

**DIOMED, INC.**

    **Plaintiffs,**

v.                                                         Civil Action No. 04-10686 RGS

**TOTAL VEIN SOLUTIONS, LLC**

    **Defendant**

## DECLARATION OF DAVID S. CENTANNI

I, David S. Centanni, being at least eighteen years of age and having personal knowledge of the following, hereby state as follows:

1. I am a principal in Total Vein Solutions, LLC ("TVS"), the Defendant in this lawsuit. I submit this Declaration in support of Defendant's Opposition to Plaintiff's Motion for Leave to File an Amended Complaint.

2. TVS was formed in June of 2003, and began operations in October, 2003.

3. TVS is now, and has been since its inception, a going concern in good standing with the state of Texas.

4. I have never conducted any business activities in Massachusetts in my individual capacity and have never attended a trade show in Massachusetts.

5. I have never represented TVS at a trade show.

6. I have only been physically present in Massachusetts on two occasions and both of those occasions occurred before my involvement with TVS. The first visit to Massachusetts was a vacation. The second visit was to visit the corporate headquarters of my employer at that time. Although the main office was based in Massachusetts, I did not live or work in Massachusetts. I was employed and living in Los Angeles, California and my sales territory did not include Massachusetts.

25498884.1                                                                                      - 1 -

7. TVS was capitalized at its inception in the amount of $6,000.00. An additional capital contribution of $60,000 has been made since its inception.

8. TVS has insurance commensurate with companies of its size and business, including general liability insurance and workers compensation insurance.

9. The finances of TVS are now and have been since the inception of TVS, separate and distinct from my personal finances. I have never commingled personal funds with those of TVS, nor have I commingled TVS funds with my personal funds.

10. TVS maintains and has maintained, since its inception, corporate records. The Board of Directors consists of David S. Centanni and Tyrell L. Schiek.

11. The Board of Directors of TVS meets regularly and has met regularly since the inception of TVS and keeps minutes of the meetings.

12. I was unaware of the existence of U.S. Patent 6,398,777, which is the basis of this suit, until April 6, 2004, when TVS was served with this lawsuit.

Date: _____, 2005        By: _____
                                          David S. Centanni


THE STATE OF _Texas_        §
                            §
COUNTY OF _Harris_          §

Sworn to and subscribed before me on the _31st_ day of _February_, 2005, by _David S. Centanni_

_____
Notary Public in and for _Texas_
The State of _Texas_

[NOTARY SEAL]

ALICE J. WILKINSON
Notary Public, State of Texas
My Commission Expires
February 25, 2006

25498884.1

- 2 -