IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIOMED, INC.,

        Plaintiff,

v.

TOTAL VEIN SOLUTIONS, LLC,

        Defendant.

Civil Action No. 04-CV-10686-RGS

## STIPULATED PROTECTIVE ORDER

The parties anticipate that discovery in this case will involve the disclosure of confidential information, and therefore agree to the following Protective Order under Rule 26 of the Federal Rules of Civil Procedure.

1.      Designation of Confidential Material.

(a)    General.  Any documents, materials, tangible things, items, testimony or other information filed with the Court, or produced or provided by any party in connection with this litigation ("Producing Party" or "Designating Party") to another party ("Receiving Party"), may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only."  All such information and material derived from it constitutes "Designated Material" under this Protective Order.  As a general guideline, Designated Material shall be so designated for the purposes of avoiding invasion of privacy or protecting proprietary information, confidential business or financial information, trade secrets, personal or financial affairs.  A Designating Party may designate information "Confidential – Attorneys' Eyes Only" when the information is particularly sensitive because it relates to trade secrets, technical information,

technical practices or methods, present or future marketing plans, product data or projections, financial data, business strategy, or agreements and relationships with third parties.

(b)    <u>Designation Procedure</u>.  A party wishing to invoke the provisions of this Protective Order shall designate the documents, materials, items or information, or portions thereof, at the time such information is disclosed, or when the party seeking protection becomes aware of the nature of the information disclosed and sought to be protected.  Designation shall be made by marking or stamping the documents, materials, items or information "Confidential" or "Confidential – Attorneys' Eyes Only" on all pages (or, if applicable, paragraphs).  In the case of information stored on electronic media, the items produced shall be marked or stamped on the media if possible.  In the case of information produced for inspection, but not yet provided to the inspecting party, such information shall presumptively be deemed "Confidential – Attorneys' Eyes Only," regardless of whether so identified, until copies thereof are produced to the inspecting party.

(c)    <u>Designation Procedure For Deposition Testimony</u>.  With respect to deposition testimony, the witness under deposition, or his/her counsel, or any counsel representing any person at the deposition, shall invoke the provisions of this Protective Order in a timely manner, giving adequate warning to all persons present that testimony about to be given or solicited is "Confidential" or "Confidential – Attorneys' Eyes Only."  The provisions of this paragraph may be invoked with respect to the witness's entire deposition, or any portion thereof, at any time during the deposition.  Counsel attending a deposition who inadvertently fails to designate any portion of the deposition transcript pursuant to this Protective Order on the record at the deposition shall have thirty (30) days following mailing of the transcript by the court reporter in which to correct the failure.  Notice of such

correction shall be made in writing to the reporter, with copies to all other counsel of record, designating the portion(s) of the transcript that contain confidential information, and directing that such portion(s) of the transcript be marked accordingly.  Until such thirty (30) days after mailing of the transcript by the court reporter has passed, the entire transcript shall be treated as "Confidential – Attorneys' Eyes Only."

      2.   <u>Use of Designated Material</u>.  Absent a specific order by this Court, Designated Material shall be used by the persons or entities to whom such information is disclosed solely for purposes of this litigation, and not for any other litigation, business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided under this Protective Order; provided, however, Designated Material may be used by the persons or entities to whom such information is disclosed in other litigation involving U.S. Patent No. 6,398,777 if, at least 10 days before such use, the party desiring to use such Designated Material provides the Producing Party with (i) the protective order in the other litigation and (ii) specifically identifies each of the Designated Materials to be used. Within such 10 days the Producing Party must specifically object to each such use by the party desiring to use such Designated Material (the "Objected Materials").  If the parties cannot resolve their dispute over the Objected Materials, the Producing Party, within 5 business days of such objection, may seek an appropriate order from the Court protecting against the proposed disclosure.  Until the Court rules on the matter, no disclosure of Objected Materials that shall be made.  To any Designated Material for which the Producing Party does not specifically object, the party shall be entitled to use the material as specified.

      3.   <u>Access to Material Designated "Confidential."</u>  Material designated "Confidential" under this Protective Order, and copies, extracts, compilations, summaries and

other materials that include or reflect such Designated Material, may not be provided to any third party.  Material designated "Confidential" may be submitted to the Court only if submitted under seal in accordance with Paragraph 7 below.

4.    Access to Material Designated "Confidential – Attorneys' Eyes Only." Material designated "Confidential – Attorneys' Eyes Only" under this Protective Order, and copies, extracts, compilations, summaries, and other materials that include or reflect such Designated Material, may be given, shown, made available, or communicated in any way only to:

(a)    outside litigation attorneys for the parties who are attorneys of record in this case, and their staffs;

(b)    qualified persons taking testimony involving "Confidential – Attorneys' Eyes Only" information, and necessary stenographic and clerical personnel thereof;

(c)    independent consultants or experts and their staffs, if cleared by the parties pursuant to Paragraph 5 of this Protective Order; and

(d)    the Court and its staff.

5.    Clearance Procedure for Consultants and Experts.  Designated Material may be provided to an independent consultant or expert as described in Paragraph 4(c) only after ten (10) business days following written notice to the Designating Party of the proposed disclosure to the consultant or expert.  With the written notice shall be included a fully executed copy of the Acknowledgement attached hereto as Exhibit A, completed by the consultant or expert.  If the Designating Party objects, in writing, to disclosure of Designated Material to the consultant or expert within the ten (10) day period, no disclosure of

Designated Material may be made to the consultant or expert.  If the parties cannot resolve the issue, the party objecting to the proposed disclosure may thereupon seek an appropriate order from the Court disqualifying the consultant or expert or protecting against the proposed disclosure to the consultant or expert.  Until the Court rules on the matter, no disclosure of Designated Material to the consultant or expert shall be made.

6.      <u>Treatment of Designated Material</u>.  Copies of Designated Material may only be made where reasonably necessary to prepare work product or conduct proceedings in this litigation.  Material designated "Confidential – Attorneys' Eyes Only" or copies thereof may not be stored or viewed at a non-designating party's business location, except to the extent provided in the subparagraphs below.  Such information may be stored or viewed only at:

(a)      the physical offices of outside attorneys of record in this litigation;

(b)      the physical offices  of consultants or experts cleared under Paragraph 5 of this Protective Order;

(c)      the site where any deposition relating to the information is taken;

(d)      the Court; or

(e)      any intermediate location reasonably necessary to transport the information (*e.g.*, a hotel prior to a deposition).

7.      <u>Filing of Designated Material with the Court</u>.  Where filed with the Court (as pleadings or evidence), Designated Material shall be delivered sealed to the Clerk of the Court and shall not be available to public inspection.  Envelopes or containers used to seal such documents shall bear the notation, "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION AND IS BEING SUBMITTED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER" and shall state the party or person who designated any confidential

information that the document contains.  Where appropriate, the envelope or container shall bear the additional notation, "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  No such sealed envelope or container shall be provided to any individual not otherwise permitted to view the relevant Designated Material under this Protective Order.

8.    Errors in Designation.  A Producing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction promptly after becoming aware of such error.  Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producing Party shall, to the extent reasonably feasible, return to the Producing Party or destroy all copies of such undesignated documents and shall honor the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the undesignated documents, from and after the date of designation.

9.    Improper Disclosure.  If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, without prejudice to other rights and remedies of the Designating Party, and shall make every effort to prevent further improper disclosure.

10.    Objections to Designations.  If at any time during the pendency of this litigation any party claims that information is not appropriately designated (the "Objecting Party"), the Objecting Party may serve a captioned notice of objection on the Designating Party.  Within ten (10) calendar days of receiving such notice, the Designating Party shall

respond in writing.  If the Designating Party and the Objecting Party cannot resolve the

dispute by informal conference, the Objecting Party may move for an order from the Court

for re-designation within ten (10) calendar days from service of the Designating Party's

written response.  The original designation shall remain effective until three (3) days after the

Court's entry of an order re-designating the materials.

   11. <u>Use of Designated Material at Trial</u>.  If a party seeks to introduce Designated

Material into evidence at trial, that party shall promptly inform the Court of the confidential

nature of the information and request that only the jury, Court personnel, and those persons

permitted access to such information under this Protective Order be present in the courtroom

during the presentation of such evidence.  The designation of trial transcripts shall be handled

in the same manner as deposition transcripts unless the Court sets a different procedure for

trial.

   12. <u>Inadmissibility of Designation</u>.  Unless the parties stipulate otherwise,

evidence of the existence or nonexistence of a designation under this Protective Order shall

not be admissible for any purpose, nor shall the designation or acceptance of any information

designated pursuant to this Protective Order constitute an admission or acknowledgement that

the material so designated is in fact proprietary, confidential or a trade secret.

   13. <u>Inadvertent Production</u>.  Counsel shall make their best efforts to identify

materials protected by the attorney-client privilege or the work product doctrine prior to the

disclosure of any such materials.  The inadvertent production of any document or thing shall

be without prejudice to any claim that such material is protected by the attorney-client

privilege or protected from discovery as work product and no Producing Party shall be held to

have waived any rights thereunder by inadvertent production.  If a Producing Party discovers

that materials protected by the attorney-client privilege or work product doctrine have been inadvertently produced, counsel for the Producing Party shall promptly give written notice to counsel for the Receiving Party.  The Receiving Party shall take prompt steps to ensure that all known copies of such material are returned to the Producing Party.  The Receiving Party may afterward contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

14.     <u>Final Disposition of Designated Material</u>.  Upon termination of this litigation following settlement or final judgment (including exhaustion of all appeals), the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to its counsel, within sixty (60) days.  However, attorneys of record may retain pleadings, attorney and consultant work product, and depositions (with exhibits) for archival purposes.  If Designated Material is destroyed pursuant to this Paragraph, counsel shall provide to opposing counsel a certification identifying when and how the destruction was performed.

15.     <u>Survival</u>.  The terms of this Protective Order shall survive termination of this litigation.

Dated: March 4, 2005                        Dated: March 4, 2005


/s/ Michael A. Albert_____          /s/ Merton E. Thompson_____
Michael A. Albert (BBO #558566)             Merton E. Thompson (BBO #637056)
malbert@wolfgreenfield.com                  mthompson@burnslev.com
James J. Foster (BBO #553285)               Burns & Levinson LLP
jfoster@wolfgreenfield.com                  125 Summer Street
Michael N. Rader (BBO #646990)              Boston, MA 02110
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.              James W. Repass
600 Atlantic Avenue                         jrepass@fulbright.com
Boston, MA 02210                            Thomas D. Paul
                                            tpaul@fulbright.com
                                            Gino Catena
                                            gcatena@fulbright.com
                                            Fulbright & Jaworski, LLP
                                            1301 McKinney Street, Suite 5100
                                            Houston, TX 77010


ATTORNEYS FOR PLAINTIFF                     ATTORNEYS FOR DEFENDANT
DIOMED, INC.                                TOTAL VEIN SOLUTIONS, LLC



                        Dated: _____, 2005


**SO ORDERED:**


                        _____
                        The Honorable Richard G. Stearns
                        United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIOMED, INC.,

        Plaintiff,

v.

TOTAL VEIN SOLUTIONS, LLC,

        Defendant.

Civil Action No. 04-CV-10686-RGS

## ACKNOWLEDGEMENT

I, _____, declare as follows:

1.      My present employer is _____.

2.      My business address is _____.

3.      My occupation is_____.

4.      In the past 12 months, I have consulted and/or served as an expert for the following companies (attach additional sheets if necessary):_____

_____.

5.      I have reviewed a copy of the Protective Order in this action, and I understand and agree to be bound by its terms and provisions.

6.      I will hold in confidence, will not disclose to anyone not qualified or cleared under the Protective Order, and will use only for approved purposes in this litigation, any "Confidential" or "Confidential – Attorneys' Eyes Only" information which is disclosed to me.

7.      I will return all "Confidential" or "Confidential – Attorneys' Eyes Only" information which comes into my possession, and all documents or things which I prepare

relating thereto, to outside litigation counsel for the party by whom I am employed or retained.

8.      I hereby submit myself to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcement of the Protective Order in this litigation.

9.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: _____

_____