IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TOTAL VEIN SOLUTIONS, LLC,<br><br>    Defendant. | Civil Action No. 04-CV-10686 RGS |

**DIOMED'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

Diomed, Inc. ("Diomed") submits this reply memorandum in support of its motion, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to amend its complaint to add David S. Centanni and Tyrell L. Schiek as defendants.

**SUMMARY OF ARGUMENT**

Total Vein Solutions, LLC ("TVS") conceded in its Answer that it is subject to the jurisdiction of this Court and that it "does business in the district [of Massachusetts]." TVS only consists of two individuals – the two people Diomed now seeks to add to its complaint: Mr. Centanni and Ms. Schiek. The law is clear that these corporate officers can be held liable under 35 U.S.C. § 271(b) for their actions taken on behalf of TVS. Furthermore, because Mr. Centanni and Schiek are the only individuals that could act on behalf of TVS, it is necessary that it was <u>their actions</u> in Massachusetts that caused TVS to be subject to this Court's jurisdiction. Those same acts plainly subject them individually to jurisdiction in Massachusetts. Their contrary argument is legally erroneous.

TVS contends that this Court cannot exercise its jurisdiction over TVS's corporate officers because they did not act in their "individual capacity." This argument fails because

Massachusetts does not recognize the corporate shield doctrine that TVS is attempting to use to shield its corporate officers from their own acts.

It would be a different issue altogether if Diomed were attempting to hold TVS's officers liable for someone else's actions in Massachusetts, simply because they are TVS's corporate officers. But that is not the present situation. Diomed seeks to hold them liable for their own actions. It is well established in Massachusetts that individuals are not shielded from jurisdiction over their own actions simply because they are corporate officers.

In addition, it would be illogical that corporate officers could be held liable under § 271(b), yet a Court could not exercise its jurisdiction over those same officers based upon their infringing acts. The Court has jurisdiction over Mr. Centanni and Schiek. As that resolves the only objection to the amended Complaint, the amendment should be allowed.[1]

**BACKGROUND**

TVS sells components and kits for laser treatment of blood vessels, including laser fibers. (Complaint (D.I. 1), ¶ 21; Answer (D.I. 4), ¶ 8 (admitting Complaint paragraph 21)). Diomed filed this suit against TVS on April 2, 2004 contending (among other things) that TVS induced others to infringe Diomed's patent, U.S. patent no. 6,398,777 ("the `777 patent"). (Complaint, ¶ 23). TVS answered the Complaint, conceding that this Court has personal jurisdiction over TVS and that TVS "does business in the district." (Complaint, ¶ 17; Answer, ¶ 5 ("TVS admits the allegations of paragraphs 15-18.")). Written discovery began on November 17, 2004.[2] In response to Diomed's interrogatory requesting the identity of "all individuals" involved in TVS's

---

[1] If, however, the Court remains in doubt as to whether Diomed has set forth a *prima facie* case of jurisdiction, at a minimum Diomed should be given an opportunity to conduct jurisdictional discovery to supplement its case. The parties have already agreed to such discovery and tentatively scheduled two depositions relating to that issue to take place in April.

[2] No depositions have been taken yet.

marketing and sales, TVS stated that "Tyrell L. Schiek of TVS, participated in marketing, distribution, purchase, sales, and sourcing of TVS Products."  (Ex. 1, Resp. 7 (Def. TVS's Resp. to Pl.'s Diomed's First Interrogs. (dated December 22, 2004) ("TVS's Interrog. Resp."). <u>TVS identified no other individuals.</u>

TVS has actively marketed, both on-line and at national trade shows, items whose use would infringe the `777 patent.  In particular, Diomed representatives have witnessed Ms. Schiek interacting with trade show participants and showing them TVS products.  TVS appears to consist of no more than the two individuals Diomed is attempting to add to this suit.  Mr. Centanni and Ms. Schiek are the only two principals of TVS.  (<u>See</u> TVS's Articles of Organization (Ex. A to D.I. 9); Decl. of David S. Centanni ("Centanni Decl."), ¶ 1; and, Decl. of Tyrell L Schiek ("Schiek Decl."), ¶ 1 (both declarations attached to D.I. 10)).  In addition, TVS has no managers (TVS's Articles of Organization) and apparently no other employees.  (<u>See</u> TVS's Interrog. Resp. 7 (identifying only Shiek in response to interrogatory requesting the identification of "all individuals" who perform certain tasks for TVS)).

Because these individuals appear to have formed a small, thinly-capitalized company dedicated to serving a market whose primary purpose is infringement of a patent, there is a significant risk of their continuing to do so in some form even after entry of judgment against the company.  Accordingly, on January 13, 2005, in order to ensure that these individuals' acts of infringement can be enjoined no matter what corporate form they may adopt, and also to protect an eventual judgment for Diomed against TVS, Diomed moved for leave to amend its complaint to add TVS's two principals to this suit.  <u>The law is clear that corporate principals are individually liable under 35 U.S.C. § 271(b) for inducement of infringement when they themselves have engaged in the acts of inducing infringement.</u>  The Court need not, of course,

make a finding at this stage that these individuals have engaged in such acts. At the pleadings stage, the sole issue is whether Diomed is entitled to so allege in an Amended Complaint, and to take discovery that is expected to prove its case.

TVS has opposed this motion, alleging that the Court lacks jurisdiction over Mr. Centanni or Ms. Schiek. This surprise position[3] is anomalous, however, in light of the fact that TVS has admitted that the Court has jurisdiction over TVS, and that TVS does business in Massachusetts. Because TVS can only have acted through its principals in so doing, they must have acted in Massachusetts as well. Their only contrary argument, the "corporate shield doctrine," fails as a matter of law as discussed below. Accordingly, the motion for leave to amend should be allowed. (If the Court has any remaining doubt, it should reserve judgment until after jurisdictional discovery takes place. The parties have tentatively scheduled such discovery for April.)

## ARGUMENT

### I. DIOMED'S PROPOSED AMENDMENT IS NOT FUTILE BECAUSE THIS COURT HAS JURISDICTION OVER MR. CENTANNI AND MS. SCHIEK.

Diomed moved for leave to amend its complaint to add Mr. Centanni and Ms. Schiek to the case because of their actions that violate the Patent Act, including their inducing others to infringe the `777 patent. This motion was filed before any substantial discovery began, and does not prejudice the defendants in any way. See Foman v. Davis, 371 U.S. 178, 182 (1962) (evaluating maturity of case and prejudice to defendants).

TVS's sole defense is futility, based on the argument of lack of personal jurisdiction. The defense fails, and the amendment would not be futile, because Mr. Centanni and Ms. Schiek

---

[3] When Diomed's counsel contacted TVS's counsel, pursuant to L.R. 7.1, before filing Diomed's motion for leave to amend, TVS's counsel did not mention any claim or theory of lack of jurisdiction.

are subject to jurisdiction for their actions, even if taken on behalf of TVS, that were in or directed to, Massachusetts.

At this stage, because there has been no discovery on the jurisdictional issue, Diomed is required "'only to make a *prima facie* showing' of jurisdiction. . ." to maintain suit. Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1282 (Fed. Cir. 2005). Federal Circuit law generally governs personal jurisdiction questions in patent cases (Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir. 1994)), however, for personal jurisdiction to be proper, the Massachusetts long-arm statute first must be applied, which is governed by Commonwealth law. The Massachusetts long-arm statute allows for personal jurisdiction "over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting business in this commonwealth . . . ." Mass. Gen. Laws ch. 223A, § 3 (2005). The Supreme Judicial Court has interpreted this statute to extend to the "limits allowed by the Constitution of the United States." Tatro v. Manor Care, Inc., 416 Mass. 763, 771, 625 N.E.2d 549, 553 (1994) (citations omitted). Because the Massachusetts long-arm statute goes to the Constitutional limits, the long-arm analysis can be conflated with the Federal Circuit's interpretation of the Constitutional limits for specific jurisdiction. Electronics For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1350 (Fed. Cir. 2003) (finding California long-arm statute goes to Constitutional limits and considering only Constitutional limits of jurisdiction). Under this standard, to show specific jurisdiction, Diomed must show that the individuals have sufficient minimum contacts with Massachusetts and that Diomed's claims arise from those contacts. Id.

This Court, however, does not need to walk through this entire analysis. Certainly if one "does business" in a state (i.e., minimum contacts are established), and the lawsuit is based upon

that specific business (i.e., the claims arise from the minimum contacts), a *prima facie* case of jurisdiction has been made and the Court has personal jurisdiction.  E.g., id. (finding business directed towards state that was basis for suit allowed for jurisdiction.)  In this case, TVS has already judicially admitted that it "does business in the district [of Massachusetts]."  (Answer, ¶ 5); U.S. v. Belculfine, 527 F.2d 941, 944 (1st Cir. 1975) (defining "judicial admissions [as] conclusive on the party making them [and having] . . . binding consequences").

Considering that TVS's only principals (or officers, or employees) are Ms. Schiek and Mr. Centanni, they must be the ones who did the admitted business in Massachusetts.  (TVS's Interrog. Resp. 7).  Indeed, it is a necessary conclusion that if a business is run by only two individuals, those individuals conduct all the company's business, including any business that would subject the company to jurisdiction in a foreign state.  For these reasons it is a necessary conclusion that Mr. Centanni and Ms. Schiek conducted the business that submitted TVS to jurisdiction in Massachusetts, thereby submitting themselves to jurisdiction here.

Furthermore, under established Massachusetts personal jurisdiction law, the court has jurisdiction over a corporate officer if the officer "himself transacts business within the foreign state, whether or not the business is personal or **solely on behalf of the corporation**."  Yankee Group, Inc. v. Yamashita, 678 F. Supp. 20, 22 (D. Mass. 1988).  Therefore, the very acts of infringement that establish that TVS is subject to jurisdiction in this Court, establish that Ms. Schiek and Mr. Centanni are subject to jurisdiction in this Court.

TVS misapprehends the scope of this Court's jurisdictional reach by attempting to hide its corporate officers behind TVS's corporate shield.  TVS repeatedly argues in its Opposition that this Court would only have jurisdiction if Diomed establishes "minimum contacts of the officers in their individual capacitates, or, alternatively, pierce[s] the corporate veil."  (Opp. at 1;

6 ("Absent a showing of personal jurisdiction over corporate officers based upon their individual activities outside of the corporation, the Plaintiff must show that the corporate veil must be pierced.")).  Diomed, however, does not have to show minimum contacts based on any activities besides those the officers took on behalf of TVS, nor must Diomed pierce the corporate veil.  While TVS may ultimately prove to be undercapitalized or otherwise in improper corporate form (and Diomed reserves its rights to so establish at the relevant time), that is not the issue here.  Diomed is not attempting, at least at this stage, to pierce TVS's corporate veil.  Piercing the veil would be necessary only if Diomed were trying to hold Mr. Centanni and Scheik liable for the acts of some <u>other</u> individual (e.g. an employee); but here it is their <u>own</u> acts that are at issue.[4]

While TVS never uses the terminology in its papers, its arguments are based upon the "fiduciary shield doctrine."  The fiduciary shield doctrine holds "that acts performed by a person in his capacity as a corporate fiduciary may not form the predicate for the exercise of jurisdiction over him in his individual capacity."  <u>Johnson Creative Arts, Inc. v. Wool Masters, Inc.</u>, 573 F. Supp. 1106, 1111 (D. Mass. 1983).  This argument is the exact one that TVS is now making.  (<u>E.g.</u>, Opp. at 5 ("Plaintiff must establish personal jurisdiction over a corporate officer in his individual capacity.")).

TVS's error lies is that **Massachusetts does not recognize the fiduciary shield doctrine**.  See <u>LaVallee v. Parrot-Ice Drink Prod. of Am., Inc.</u>, 193 F. Supp. 2d 296, 302 (D. Mass. 2002) ("Numerous Massachusetts courts have noted that no state or federal court in Massachusetts has held that the fiduciary shield doctrine limits the reach of the Massachusetts Long-Arm statute.").

---

[4] Thus, the principle that "jurisdiction over the individual officers of a corporation may not be based merely over jurisdiction over the corporation," <u>Johnson Creative Arts</u>, 573 F. Supp. at 1111, is beside the point.  Diomed does not seek jurisdiction over the officers because of their status as officers, but rather because of their actions.

In addition, the fiduciary shield doctrine is not "a constitutional principle," nor is it a "rule of federal common law." Id. at 301.  Therefore, if the doctrine limited the jurisdictional reach of a court, it would only limit the Court's reach under the long-arm statute, not the constitutional bounds of the court's jurisdiction.  Indeed, the Supreme Court "rejected a contention that the wrongdoer's status as agent of a corporate principal would protect him from the state's assertion of authority."  In re Mahurkar, 750 F. Supp. 330, 335 (N.D. Ill. 1990) (Easterbrook, Cir. J., sitting by designation) (citing Calder v. Jones, 465 U.S. 783, 788 (1984) and Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n. 13 (1984)).  It is for this reason that the Federal Circuit does not look to its own jurisprudence when addressing fiduciary shield arguments, but instead looks to the relevant state's case law.  See Genetic Implant Sys., Inc. v. Core-Vent Corp., 123 F.3d 1455, 1459-60 (Fed. Cir. 1997) (applying Washington law).

Because the fiduciary shield doctrine does not apply in Massachusetts, its courts exercise their jurisdiction over a corporate officer, even if the only actions which bring that officer within the jurisdiction of the court were taken solely on behalf of the corporation.  E.g., Trans Nat'l Travel, Inc. v. Sun Pacific Int'l, Inc., 10 F. Supp. 2d 79, 83 (D. Mass. 1998) (exercising jurisdiction over corporate officer even though contacts with Massachusetts were made in "capacity as a corporate representative"); Putnam v. Adams Comm. Corp., Civ. No. 84-0355-S, 1987 WL 13262, at *10-11 (D. Mass., June 15, 1987); Johnson Creative Arts, Inc. v. Wool Masters, Inc., 573 F. Supp. 1106, 1111 (D. Mass. 1983).  Therefore, even though Sheik and Mr. Centanni state in their declarations that they "have never conducted any business activities in Massachusetts in [their] individual capacit[ies]," (Centanni Decl., ¶ 4; Schiek Decl., ¶ 4) (emphasis added), the business activities they conducted in Massachusetts on behalf of TVS

create jurisdiction over them.[5]

TVS has only two principals and two directors, and they are the same two people: Mr. Centanni and Ms. Schiek. TVS's own interrogatory responses (see TVS's Interrog. Resp. 7) identify no other employees. Because TVS has conceded that this Court has jurisdiction over the corporation for its business activities in Massachusetts (Complaint, ¶ 17; Answer, ¶ 5 ("TVS admits the allegations of paragraphs 15-18.")), this Court must have jurisdiction over Mr. Centanni and Ms. Schiek as they are the only two individuals who could have taken these actions on behalf of TVS (or to derive any benefit from TVS's marketing and sales efforts directed to Massachusetts, such as its interactive web site[6]). For these reasons, this Court has personal jurisdiction over Mr. Centanni and Ms. Schiek.

## II.  IF THE COURT HAS ANY REMAINING DOUBTS, IT SHOULD RESOLVE THEM AFTER THE COMPLETION OF JURISDICTIONAL DISCOVERY.

If, notwithstanding the above analysis, the Court has any doubt that Diomed has set forth a *prima facie* case for jurisdiction, Diomed should be given the opportunity to present such a case after further discovery reveals the extent of Mr. Centanni's and Ms. Schiek's actions taken on behalf of TVS.

---

[5] Even if Massachusetts courts recognized the fiduciary shield doctrine, it would be inappropriate to apply the doctrine in a case such as this one under 35 U.S.C. § 271(b). As TVS concedes (Opp. at 11), "Section 271[(b)] says that corporate officers are *personally* liable when they induce" a party to infringe a patent. In re Mahurkar, 750 F. Supp. at 335-36 (emphasis in original). As that court held, if a corporate officer could be found liable under § 271(b) for her actions taken in that corporate position, yet a court could not exercise jurisdiction because the actions were not taken in her "individual capacity," no court may be able to exercise jurisdiction. As that court noted, Congress and the state legislatures could not have intended such a result. See also Auto Wax Co., Inc. v. Marchese, Civ. No. 3:01-2517, 2002 WL 1558376, at *3-4 (N.D. Tex. July 15, 2002) (finding that if fiduciary shield doctrine applied, plaintiff "would be unable to establish the existence of specific jurisdiction in any forum" to bring suit under § 271(b) against corporate officers). For these reasons, TVS's analysis of fiduciary shield law should fail, even if the doctrine were recognized in Massachusetts (which in any event it is not, as discussed in text).

[6] The web site is located at www.totalvein.com. See Venture Tape Corp. v. McGills Glass Warehouse, 292 F. Supp. 2d 230, 233 (D. Mass. 2003) (interactive web site gives rise to personal jurisdiction, particularly where plaintiff is located in Massachusetts).

Federal Circuit law applies to the question of whether jurisdictional discovery is necessary. Commissariat A L'Energie Atomique v. Chi Mei Optoelectonics Corp., 395 F.3d 1315, 1323 (Fed. Cir. 2005). Under Federal Circuit law, additional discovery "is appropriate where the existing record is 'inadequate' to support personal jurisdiction and 'a party demonstrates that it can supplement its jurisdictional allegations through discovery.'" Trintec Indus., Inc., 395 F.3d at 1283 (citation omitted) (remanding case for further discovery if district court determined plaintiffs' allegations were insufficient). Here, the evidence of record should already suffice to find jurisdiction. If, however, the Court has doubt as to whether Diomed has put forth a *prima facie* case of personal jurisdiction over Mr. Centanni and Ms. Schiek, the Court should resolve the issue after jurisdictional discovery.

The parties have tentatively scheduled two such depositions to occur in April. Diomed expects to discover the following information through jurisdictional discovery:

- Mr. Centanni and Ms. Schiek claim in their affidavits only that they "never conducted any business activities in Massachusetts in [their] individual capacit[ies]." (Centanni Decl., ¶ 4; Schiek Decl., ¶ 4). By clear implication, they did engage in such activities in their business capacities. As discussed above, such activity suffices to confer jurisdiction over them under Massachusetts law. Diomed expects to discover further details about such activities.

- TVS has already admitted in its interrogatory answers that "Tyrell L. Schiek of TVS, participated in marketing, distribution, purchase, sales, and sourcing of TVS Products." (Ex. 1, TVS's Interrog. Resp. 7). Diomed anticipates to discover the extent of Ms. Schiek's participation in the sale of TVS's products, especially in Massachusetts, or to Massachusetts customers (actual or potential), even if in other forums.

- Diomed expects to discover to what extent any other individual, especially Mr. Centanni, participated in the marketing, distribution, purchase, sales, and sourcing of TVS's products, in particular in Massachusetts or to Massachusetts customers (actual or potential), even if in other forums.

- Mr. Centanni states in his declaration that he "never represented TVS at a trade show." Ms. Schiek makes no such statement in her affidavit. Diomed anticipates discovering to what extent Mr. Centanni has worked at trade shows for TVS (besides "representing" TVS), or otherwise engaged in business activities directed to a Massachusetts and/or

national customer base.  In addition, Diomed anticipates discovering what trade shows Ms. Schiek attended, what actions Ms. Schiek took while representing TVS at trade shows, what entities or doctors attended those tradeshows (including ones from Massachusetts), and the identities and residence of customers, prospects, or other contacts made there.

- Diomed expects to discover the extent of sales, promotional efforts, or other marketing activities made by TVS and its two principals to entities based or located in Massachusetts, and who from TVS corresponded or worked with each such entity.

- TVS maintains an interactive website at <totalvein.com>, offering all of its products for sale on the website (without geographical restriction).  Diomed anticipates to discover the extent of the use of the website by those residing in Massachusetts and Mr. Centanni's and Ms. Schiek's respective roles in providing goods, services, or marketing materials via the website.

The parties have tentatively scheduled depositions on these issues for April.  Nonetheless, as argued in Part I, all this will be moot if the Court agrees that the individuals' jurisdictional objection fails already as a matter of law and/or fact.

## CONCLUSION

For the foregoing reasons, this Court should **GRANT** Diomed's Motion for Leave to Amend Its Complaint (D.I. 9).  No contrary action should be taken without allowing jurisdictional discovery.

                                          Respectfully submitted,

                                          DIOMED, INC.,

                                          By its attorneys,

Dated: March  14, 2005                    /s/ Michael A. Albert
                                          Michael A. Albert (BBO #558566)
                                          malbert@wolfgreenfield.com
                                          Michael N. Rader (BBO #646990)
                                          mrader@wolfgreenfield.com
                                          WOLF, GREENFIELD & SACKS, P.C.
                                          600 Atlantic Avenue
                                          Boston, MA 02210
                                          (617) 646-8000