UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIOMED, INC.,

Plaintiff,

v.

TOTAL VEIN SOLUTIONS, LLC,

Defendant.

Civil Action No. 04-10686 RGS

### DEFENDANT TOTAL VEIN SOLUTIONS' RESPONSES TO PLAINTIFF DIOMED'S FIRST INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of The United States District Court for the District of Massachusetts, Total Vein Solutions, LLC ("TVS"), the defendant, responds to Diomed, Inc.'s ("Diomed"), the plaintiff, first set of interrogatories as follows:

### GENERAL OBJECTIONS

The following general objections are incorporated by reference and apply to all of TVS' responses to the interrogatories.

1. TVS objects to each and every interrogatory to the extent that such interrogatory seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules.

2. TVS objects to each and every interrogatory to the extent it seeks the disclosure of information that is not relevant to any claim or defense in this action, or reasonably likely to lead to the discovery of admissible evidence that is relevant to any claim or defense, under Rule 26(b)(1) of the Federal Rules.

3. TVS objects to each and every interrogatory to the extent such interrogatory seeks information protected by the attorney-client privilege, the work product doctrine and/or any other applicable privileges, doctrines or immunities. TVS further objects to identifying such documents generated since the inception of this litigation as such identification is unduly burdensome, unlikely to lead to the discovery of admissible evidence, and likely to reveal work product and/or attorney-client privileged information. TVS further states that to the extent that any privileged information is inadvertently provided in these responses, such provision shall not constitute waiter of the privilege or immunity as to any such information.

4. TVS objects to each and every interrogatory to the extent such interrogatory seeks confidential information and/or proprietary business or technical information or trade secrets of TVS absent a protective order adequate to protect its rights in such confidential information.

5. TVS objects to each and every interrogatory to the extent such interrogatory calls for information that TVS is prohibited from disclosing by contract, order, statute, rule, regulation or law. In the case of information subject to a confidentiality obligation owed to a non-party, TVS objects to revealing such information until such time as the non-party agrees to production or an appropriate court order is entered.

6. Consistent with Fed.R.Civ.P. 33(d), TVS objects to providing responses to interrogatories where the information can be derived from documents which are being or have been produced.

7. TVS objects to each and every interrogatory to the extent such interrogatory seeks information obtainable from another source that is more convenient, less burdensome, or less expensive. TVS further objects to the extent each interrogatory seeks the disclosure of

information that is as easily ascertainable by Diomed, Inc. as it is by TVS or is readily available from public sources.

8. TVS objects to each and every interrogatory to the extent that such interrogatory seeks to impose a burden on TVS to categorize information in a manner that is not readily available to TVS.

9. TVS answers to these interrogatories are made without in any way waiving (a) the right to object, on the grounds of competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in any subsequent proceeding in, or the hearing of, this action or any other action; and (b) the right to object on any grounds to other discovery requests involving or relating to the subject matter of these interrogatories.

10. TVS objects to the interrogatories to the extent that they refer to "Laser Vein Treatment" as that term is vague and indefinite as it is defined in Diomed's First Interrogatories to Total Vein Solutions.

TVS has made reasonable inquiries and investigations concerning the information currently within TVS' possession, custody and control. TVS' responses are based on information available to TVS at the present time. TVS provides these responses without prejudice to its right to amend or supplement its responses. Subject to and including the foregoing objections all of which are incorporated by reference below in each separate response, TVS responds to Diomed's interrogatories as follows:

## INTERROGATORY NO. 1

State when and how you first became aware of the `777 patent, including the individual(s) who first gained such knowledge, and what steps you took, if any, to determine whether you had infringed, were infringing, or would later infringe the `777 patent.

### RESPONSE:

TVS specifically asserts all the general objections. TVS became aware of the `777 patent on April 6, 2004, when it was served with this lawsuit. Tyrell L. Schiek was the first employee of TVS to become aware of this suit and consulted counsel regarding infringement.

## INTERROGATORY NO. 2

Identify by name and model number each TVS Product (as defined hereinabove), state the date on which you first made, had made, used, imported, offered for sale, or sold in the United States each of the TVS Products, describe in full the development and/or commercialization of each of the TVS Products, and identify all documents concerning the TVS Products, including, without limitation, all opinions of counsel related thereto.

### RESPONSE:

TVS specifically asserts all the general objections. For identification of each TVS product, reference is made to documents to be produced by TVS. TVS doesn't make any of its product. TVS purchases the product from its supplier and sells its product to customer. Subject to a protective order, non-privileged sales documents responsive to this interrogatory will be produced.

**INTERROGATORY NO. 3**

For each TVS Product, for each month since the first sale of such TVS Product, state the monthly unit and dollar gross sales, the cost of production (per unit and in gross), the profit margin per unit, the net income chargeable to sales, and the total profit chargeable to sales.

**RESPONSE:**

TVS specifically asserts all the general objections. TVS presently believes it became aware of the '777 patent. Subject to a protective order documents to calculate the requested information will be produced.

**INTERROGATORY NO. 4**

Identify all manufacturer(s) or other source(s) from whom you have purchased the TVS Products since your first sales thereof, and identify all documents concerning such entities.

**RESPONSE:**

TVS specifically asserts all the general objections. Subject to a protective order documents identifying sources of the TVS products will be produced.

**INTERROGATORY NO. 5**

Identify all persons and entities to whom you sell, have sold or have offered for safe, any TVS Products since you first sales thereof (collectively, your "customers"), and identify all documents concerning those customers.

**RESPONSE:**

TVS specifically asserts all the general objections. Subject to a protective order documents identifying TVS customers will be produced.

**INTERROGATORY NO. 6**

Identify any and all products or methods that compete with, or constitute alternatives to, the products and methods claimed in the '777 patent.

**RESPONSE:**

TVS specifically asserts all the general objections. Diomed, as the '777 patentee, is better positioned than TVS to possess this requested information. Because TVS has limited knowledge of the '777 patent it has insufficient knowledge at this time to provide an answer to this interrogatory.

**INTERROGATORY NO. 7**

Identify all individuals who participate, or have participated, in the following activities with respect to the TVS Products: research, design, development, engineering, testing, manufacture, quality control, regulatory approval, marketing, distribution, importation, purchase, sales, and sourcing.

**RESPONSE:**

TVS specifically asserts all the general objections. TVS is a distributor of medical products. TVS did not research, design, develop, engineer, test, manufacture, test for quality, and/or seek regulatory approval of TVS products. TVS is not aware of the identity of such persons. Tyrell L. Schiek of TVS, participated in marketing, distribution, purchase, sales, and sourcing of the TVS Products. TVS has not imported any products.

**INTERROGATORY NO. 8**

Identify all persons, including physicians, who act or have acted as spokespeople for, or who consult or have consulted with, TVS concerning the TVS Products and/or Laser Vein Treatment.

**RESPONSE:**

TVS specifically asserts all the general objections, and specifically asserts the objection that the term "Laser Vein Treatment" is vague and indefinite. Other than Tyrell L. Schiek and David S. Centanni, TVS has used no outside consultants or spokespeople.

**INTERROGATORY NO. 9**

Identify all documents and correspondence concerning Diomed, its products, the `777 patent, and any aspect of Laser Vein Treatment.

**RESPONSE:**

TVS specifically asserts all the general objections. With regard to documents concerning Diomed, TVS has a Diomed catalog entitled "Surgical Diode Lasers", and a Total Vein Solutions order form which refers to Diomed. At this time TVS does not have, nor does it know of, any correspondence (as TVS understands the term "correspondence") relating to Diomed. At this time TVS does not have, nor does it know of, any such documents and/or correspondence outside of those associated with this lawsuit, that refer in any way to the `777 patent.

**INTERROGATORY NO. 10**

Identify all studies, analyses or other evaluations of the `777 patent, and any other patent(s) Concerning Laser Vein Treatment, and set forth in detail whether, and if so how, any

such documents support or otherwise relate to your defense against the charges of infringement, and/or willful infringement, of the '777 patent.

**RESPONSE:**

TVS specifically asserts all the general objections. At this time TVS knows of no non-privileged studies, analyses, or other evaluations.

**INTERROGATORY NO. 11**

State the basis for TVS' Affirmative Defense of patent invalidity (paragraph 16 of TVS' Answer) and the contention(s) of paragraph 24 of TVS' Counterclaim, in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon, including a claim chart setting forth the limitations of each claim of the '777 patent, your proposed construction of each such limitation, and the Prior Art that you believe invalidates each claim.

**RESPONSE:**

TVS specifically asserts all the general objections. TVS contends that the claims of the '777 patent are invalid at least under U.S.C. Title 35, and particularly under one or more of the following: 35 U.S.C. § 102, 35 U.S.C. § 103, and 35 U.S.C. § 112. Based on the foregoing general and specific objection, TVS states that it is premature to provide all of the bases for TVS' Affirmative Defense of patent invalidity at this time. TVS reserves the right to supplement this response at the appropriate time.

**INTERROGATORY NO. 12**

State the basis for the contention(s) of paragraph 23 of TVS' Counterclaim in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment

thereon, including a claim chart setting forth the limitations of each claim of the '777 patent, your proposed construction of each such limitation, and an explanation of why you contend that TVS has not infringed, contributed to infringement of, or induced infringement of, each claim (both literally and under the doctrine of equivalents).

**RESPONSE:**

TVS specifically asserts all the general objections. TVS contends that it has not and presently does not, directly infringe any claim of the '777 patent. TVS contends that it has not and presently does not, indirectly infringe any claim of the '777 patent, either by contributory infringement or by inducement of infringement. Based on the foregoing general and specific objections, TVS states that it is premature to provide in detail all of the bases for TVS' contention(s) of paragraph 23 of TVS' Counterclaim.

**INTERROGATORY NO. 13**

Explain in detail the manner in which you contend that your Laser Vein Treatment achieves the goal of treating superficial vein reflux, and provide the medical and scientific basis for your explanation.

**RESPONSE:**

TVS specifically asserts all the general objections. TVS does not perform or promote any specific medical procedure or protocol, including Laser Vein Treatment, and likewise has insufficient knowledge of any material procedure or protocol, including Laser Vein Treatment, to provide the medical and scientific basis for any medical procedure or protocol, including Laser Vein Treatment. TVS is strictly a distributor of medical products. TVS makes no contentions regarding the efficacy of any medical treatment.

**INTERROGATORY NO. 14**

Describe in detail the procedure you recommend or instruct for use of the TVS Products in treating superficial vein reflux. If your recommended procedure has changed over time, please describe each such procedure and set forth the time period(s) during which you recommended or instructed that such procedure be used.

**RESPONSE:**

TVS specifically asserts all the general objections. TVS does not recommend or promote specific medical procedures or products. TVS is strictly a distributor of medical products.

**INTERROGATORY NO. 15**

State whether the tip of the laser fiber is in contact with the vein wall when used in your recommended treatment procedure, and state the basis, including all medical and/or scientific support, for your position on this issue.

**RESPONSE:**

TVS specifically asserts all the general objections. TVS does not recommend or promote specific medical procedures and does not direct or control the performance of any medical procedures. TVS is strictly a distributor of medical products.

**INTERROGATORY NO. 16**

Identify all documents and things, including all Prior Art, that support your argument that one or more claims of the '777 patent is invalid.

**RESPONSE:**

TVS specifically asserts all the general objections. Based on the foregoing general and specific objection, TVS states that it is premature to provide all of the bases for TVS' Affirmative Defense of patent invalidity at this time. Subject to the foregoing general and specific objections, TVS identifies at least the following documents: U.S. Patent 4,564,011 to Goldman; U.S. Patent 5,531,739 to Trelles; U.S. Patent 5,022,399 to Biegeleisen; and an article entitled "Use of Venoscope for the Treatment of Varicose Veins", authored by Biegeleisen and Nielsen, Phlebologie, A. Davey, R. Stemmer, Eds., 1989 John Libbey Eurotext Ltd., pp. 419-422. TVS reserves the right to supplement this response at the appropriate time.

**INTERROGATORY NO. 17**

Identify all Diomed products ever in your possession, custody, or control, state the date on which each such Diomed product was acquired, and identify all persons having knowledge of TVS' decision to acquire each such Diomed product.

**RESPONSE:**

TVS specifically asserts all the general objections. No Diomed products, to the best of TVS' knowledge, is or ever have been, in the possession of TVS.

**INTERROGATORY NO. 18**

Identify all advertising and marketing materials you use or have used in connection with the TVS Products.

**RESPONSE:**

TVS specifically asserts all the general objections. Catalogs, post cards, and similar materials, to be produced by TVS to Diomed, are the advertising and marketing materials used by TVS.

**INTERROGATORY NO. 19**

Identify, by date and location, all training programs you have provided with respect to Laser Vein Treatment, identify all individuals involved in and/or attending such programs, and identify all documents concerning such programs.

**RESPONSE:**

TVS specifically asserts all the general objections. TVS has not provided, and does not currently provide, any such programs.

**INTERROGATORY NO. 20**

Identify every person who has, claims to have, or who you believe may have, knowledge or information concerning the subject matter of this case, and state the substance of the knowledge or information that you believe such person(s) have or may have.

**RESPONSE:**

TVS specifically asserts all the general objections. At this time, TVS believes that at least all persons listed in Diomed's Initial Disclosures to TVS are likely to have 0knowledge or information concerning the subject matter of this case. TVS reserves the right to supplement this response at the appropriate time.

## INTERROGATORY NO. 21

Identify each person whom you may use as an expert witness at trial, and state in detail the opinion(s) to be provided by such person(s).

### RESPONSE:

TVS specifically asserts all the general objections. At the present time, no such witnesses have been identified. TVS reserves the right to supplement this response at the appropriate time.

## INTERROGATORY NO. 22

Identify each person consulted in connection with the preparation of responses to the foregoing interrogatories, and/or consulted in connection with this lawsuit in any way, and identify the subject matter discussed with each such person.

### RESPONSE:

TVS specifically asserts all the general objections. TVS further objects to this interrogatory as vague and overly broad to the extent it requests consultations connected with this lawsuit "in any way". The only such persons so consulted are counsel for TVS.

## INTERROGATORY NO. 23

For each Request for Admission set forth in the accompanying Diomed's First Requests for Admission to Total Vein Solutions, if you do not respond with a complete admission, then state the complete basis why you did not respond with a complete admission.

### RESPONSE:

TVS specifically asserts all the general objections. Subject to these objections, TVS responds as follows. Such answers are provided in the admissions.

Respectfully submitted,

TOTAL VEIN SOLUTIONS, LLC

By its attorneys,

*/s/ Merton E. Thompson n/p Thomas O'Paul*
Merton E. Thompson
BBO #637056
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000
Fax: (617) 345-3299

25481743.1

14

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Total Vein Solutions, LLC's Answer, Affirmative Defenses and Counterclaim has been served on the following by First Class U.S. Mail, postage prepaid, this December ___, 2004.

Michael A. Albert
James J. Foster
Michael N. Rader
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 720-3500

_____
Elizabeth Ducote

Received 12/22/2004 05:04PM in 00:46 on line [0] for ED11770 * Pg 2/2
Dec 22 04 05:11p                                                     713 863-1601                              p.2

## VERIFICATION

I declare under penalty of perjury that I believe that the foregoing interrogatory responses are true and correct.

Executed on December 22, 2004.

*[signature]*

25456403.1

- 1 -