UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| DIOMED, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TOTAL VEIN SOLUTIONS, LLC,<br><br>    Defendant. | Civil Action No. 04-10686 RGS |

**TOTAL VEIN SOLUTIONS, LLC'S RESPONSE TO
THE COURT'S ORDER REGARDING POTENTIAL RECUSAL**

Defendant Total Vein Solutions, LLC, ("TVS") hereby responds to the Court's Order dated May 22, 2006, and to Diomed's Response to the Court's Order Regarding Potential Recusal dated June 5, 2006.

TVS does not believe that the Court's initial consultation with Dr. Fan, as described in the Court's May 22, 2006 Order, is grounds for recusal under 28 U.S.C. § 455(a). Pursuant to 28 U.S.C. § 455(e), TVS waives any argument that the initial consultation described in the Court's Order is a ground for disqualification.

However, TVS shares and joins in the concerns and comments expressed by defendants Angiodynamics and Vascular Solutions Inc. ("VSI") in their respective responses in Civil Action No. 04-10019-RGS. TVS does not believe that it has enough information to either request that the Court recuse itself under § 455(a), or to waive any real or potential conflict pursuant to § 455(e) as to any continuing patient-physician relationship between the Court and Dr. Fan. TVS does not know, nor can it reasonably be expected to learn, the precise nature of the

procedure to be performed by Dr. Fan and the content of the communications that will take place between the Court and Dr. Fan.

Diomed has taken the position that because this present litigation is in its early stages, it would be premature for the Court to consider the question of possible recusal. TVS disagrees and respectfully submits that the concerns identified by Angiodynamics and VSI are applicable with equal force to TVS.

As noted by Angiodynamics and VSI, in the event that the Court were to undergo treatment by Dr. Fan, there are likely to be *ex parte* communications between the Court and Dr. Fan concerning various aspects of endovenous laser therapy. These communications are likely to at least touch upon key factual disputes, including whether the endovenous laser procedure necessarily involves deliberate and maintained contact between the laser-emitting face of the laser fiber and the vein wall. Since these communications will be provided to the Court in the context of a special, confidential patient-physician relationship, TVS and the other defendants will not have any opportunity to learn or respond to them.

The fact that Dr. Fan has not been identified as an expert in this litigation does not reduce the potential for prejudice to TVS. Any substantive confidential opinions and counseling provided to the Court by Dr. Fan cannot be simply be erased from the Court's subconscious memory. In the event that Dr. Fan is not ultimately identified as an expert in this litigation, Diomed can be expected to identify an expert having similar views. In either case, TVS submits that Dr. Fan's dual role as physician and expert in the Angiodynamics/VSI litigation has the potential to unfairly bolster Diomed's position with respect to disputed issues of fact in the present litigation.

Nevertheless, as pointed out by Angiodynamics, none of the Diomed defendants know the details of the procedure to be performed by Dr. Fan.  Likewise, none know whether the Court and Dr. Fan believe that communications regarding endovenous laser therapy should or can be avoided while maintaining an effective patient-physician relationship.  Accordingly, TVS is not is a position to say whether these concerns warrant recusal or disqualification.

For these reasons, TVS respectfully asks that the Court use its judgment to determine whether any continued relationship with Dr. Fan would constitute sufficient grounds to warrant recusal or disqualification under 28 U.S.C. § 455(a).  TVS respectfully declines to waive any potential grounds for disqualification under § 455(e).

Date:   June 19, 2006

Respectfully Submitted,

TOTAL VEIN SOLUTIONS, LLC,
By its attorneys,

       /s/  Merton E. Thompson       
Merton E. Thompson
BBO #637056
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000
Fax: (617) 345-3299

Barden Todd Patterson
(admitted *pro hac vice*)
Henry M. Pogorzelski
(admitted *pro hac vice*
PATTERSON & SHERIDAN, LLP
3040 Post Oak Boulevard, Suite 1500
Houston, Texas 77056
Tel:  (713) 623-4844
Fax:  (713) 623-4846

>Craig V. Depew
>(admitted *pro hac vice*)
>CLARK, DEPEW & TRACEY, LLP
>4400 Louisiana, 16th Floor
>Houston, Texas  77002
>Tel: (713) 757-1400
>Fax: (713) 759-1217
>
>ATTORNEYS FOR DEFENDANT
>TOTAL VEIN SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that today I caused a true and correct copy of this *Total Vein Solutions, LLC's Response To The Court's Order Regarding Potential Recusal* to be served through the ECF system and by electronic mail upon the following counsel of record:

>Michael A. Albert
>Michael N. Rader
>John L. Strand
>WOLF, GREENFIELD & SACKS, P.C.
>600 Atlantic Avenue
>Boston, Massachusetts  02210
>Tel:  (617) 646-8000
>Fax:  (617) 646-8646
>
>ATTORNEYS FOR PLAINTIFF DIOMED, INC.

Dated: June 19, 2006         /s/  Merton E. Thompson
                             Merton E. Thompson