# EXHIBIT B



**Wolf Greenfield**
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

**Michael N. Rader**
mrader@wolfgreenfield.com
direct dial 617.646.8370

April 13, 2006

<u>**VIA U.S. MAIL AND E-MAIL**</u>

Henry Pogorzelski, Esq.
Moser, Patterson & Sheridan, LLP
3040 Post Oak Blvd.
Suite 1500
Houston, TX 77056

      Re:    Diomed, Inc. v. Total Vein Solutions, LLC
            <u>Our File No.: D0610.60003US00</u>

Dear Henry:

    I hope you are well. This letter addresses discovery issues in the above-captioned litigation. I look forward to working with you to move the discovery process forward.

<u>**DOCUMENTS**</u>

    Diomed has received no production of marketing materials from TVS since TVS's initial production. Diomed has learned from outside sources, however, that TVS continues to market its products directly to doctors throughout the United States, many times referring to Diomed or its competitors. One piece of such marketing was addressed in our March 8, 2006 letter, to which you have already responded.

    (1)    Please produce all documents concerning TVS's marketing created since it last supplemented its production, including the list to whom any facsimile or other advertisements have been directed, and all communications with customers. Immediate production is requested, as these documents are encompassed by Diomed's earlier First Requests to TVS for Production of Documents, e.g., Nos. 4, 9, 16, and 22.

    (2)    Please confirm whether or not all responsive documents were produced from the files of Tina Clemens, Sopon Udompongusk, Randy Puddo, Kayla Garcia (Osenbaugh), Linda Kirshbaum, Jeff Poortz, and all other current or former TVS employees. Production from the files of these individuals (and updated production in the case of any individuals' files that were searched in the initial round of discovery) is requested immediately.


Wolf Greenfield
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

Henry Pogorzelski, Esq.
April 13, 2006
Page 2

(3)    Please produce immediately the most up-to-date copy of TVS's product catalog, and all documents concerning revisions to the catalog. These documents are responsive to at least Diomed's First Requests to TVS for Production of Documents Nos. 9, 11, and 18.

(4)    Diomed still has not received any materials responsive to Diomed's First Requests to TVS for Production of Documents Nos. 26, 30, 32, 36, and 37. In particular, Diomed has not received any opinions of counsel from TVS concerning the patent-in-suit. Given that I will shortly be returning to Houston to depose TVS employees (see below), we need to see the opinion if TVS intends to rely upon it. Please produce the opinion or declare that TVS will not rely on the opinion at trial to defend an allegation of willful infringement.

(5)    Please confirm that all documents responsive to Diomed's First Requests to TVS for Production of Documents No. 4 ("All correspondence concerning the TVS Products...") have been produced – or update TVS's production in this regard. Of course, this request encompasses e-mail and other electronic correspondence, in addition to correspondence that occurred in paper hard copy.

(6)    During Mr. Centanni's deposition, you provided a "privilege" log listing a notebook and several videos (Items 5, 6 and 7 on the log), that were being withheld on the ground that Dornier might assert a claim of confidentiality. As I indicated at the time, such claim would be groundless at least with respect to items that were publicly distributed, such as the videos. In any event, given that the Court has entered a Protective Order in this case that allows for designation of deposition testimony as Confidential, or even Attorneys' Eyes Only, we see no reason for Dornier to continue in its objection to production of even non-public materials. Kindly confer with Dornier's counsel to determine whether motion practice will be necessary to obtain production of these withheld items.

(7)    Additional document requests are included with this letter.

### INTERROGATORIES

Enclosed please find Diomed's Second Set of Interrogatories. Among the information requested is a list of the products purchased by each customer, by date. Mr. Centanni indicated at his deposition that TVS's computer system can provide this information. Please feel free to contact me to discuss the formatting of this information ahead of time so that your client is not faced with repeated requests for the same data.


Wolf Greenfield
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

Henry Pogorzelski, Esq.
April 13, 2006
Page 3

## **DEPOSITIONS**

Diomed intends to depose TVS's remaining workers/employees, including at least Tina Clemens, Sopon Udompongusk, Randy Puddo, Kayla Garcia (Osenbaugh), Linda Kirshbaum, and Jeff Poortz. We expect to need only about half a day with each of these individuals. Please let me know when in May these individuals would be available for deposition. In particular, dates during the first week in May would be preferred.

Diomed also intends to depose Mr. Centanni on a number of topics, including those topics about which he was instructed not to answer at his last deposition, such as how he became aware of the '777 patent while working at Dornier, and the endovascular laser treatment training session(s) that he attended while working at Dornier. Again, given the Protective Order in the case, we see no reason for Dornier to continue in its objection to these questions being asked and answered. Kindly confer with Dornier's counsel to determine whether motion practice will be necessary to conduct this portion of Mr. Centanni's deposition.

Thank you in advance for your attention to these matters.

Very truly yours,

WOLF, GREENFIELD & SACKS, P.C.

/s/ Michael N. Rader
Michael N. Rader

MNR/JLS/ars
Enclosures