# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

DIOMED, INC.,

    Plaintiff,

V.

TOTAL VEIN SOLUTIONS, LLC,

    Defendant.

Civil Action No. 04-10686 RGS

**TOTAL VEIN SOLUTIONS, LLC'S RESPONSES
TO DIOMED'S SECOND SET OF REQUESTS TO
TOTAL VEIN SOLUTIONS, LLC FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of The United States District Court for the District of Massachusetts, Total Vein Solutions, LLC, ("TVS"), the Defendant, responds to Diomed's Second Set of Requests for Production of Documents as follows:

**GENERAL OBJECTIONS**

The following general objections are incorporated by reference and apply to all of TVS' responses to these requests.

    1.    TVS objects to each and every request to the extent that such Request seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules.

    2.    TVS objects to the requests to the extent that they call for documents containing or reflecting attorney-client communications on the grounds of attorney-client privilege.

458098-1

1

3. TVS objects to each and every request to the extent such Requests seek documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privileges, doctrines or immunities. TVS further states that to the extent that any privileged or protected documents are inadvertently provided in these responses, such provision shall not constitute waiter of the privilege or immunity as to any such document.

4. TVS objects to each and every request to the extent such request seeks confidential documents and/or proprietary business or technical documents or trade secrets of TVS absent a Protective Order adequate to protect its rights in such confidential information.

5. TVS objects to each and every request to the extent such request calls for documents that TVS is prohibited from disclosing by contract, order, statute, rule, regulation or law. In the case of documents containing information subject to a confidentiality obligation owed to a non-party, TVS objects to revealing such documents until such time as the non-party agrees to production or an appropriate court order is entered.

6. TVS objects to the Requests to the extent that they are vague, overly broad, and unduly burdensome or purport to impose burdens or obligations on TVS beyond the duties imposed by the Federal Rules of Civil Procedure.

7. TVS objects to each and every Request to the extent it seeks the production of documents that are not relevant to any claim or defense in this action, or reasonably likely to lead to the discovery of admissible evidence that is relevant to any claim or defense, under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

8. TVS objects to the Requests to the extent that they seek the production of documents that are relevant to any of TVS' products which are not the subject of this suit.

9.  TVS objects to each and every request to the extent such request seeks documents obtainable from another source that is more convenient, less burdensome, or less expensive. TVS further objects to the extent each Request seeks documents that are as easily obtainable by Diomed, Inc. as they are by TVS or are readily available from public sources.

10. TVS has made reasonable inquiries and investigations concerning documents and things currently within TVS' possession, custody or control. TVS' responses are based on information available to TVS at the present time. Because discovery is continuing, TVS provides these responses without prejudice to its right to amend or supplement its responses.

11. TVS' responses and corresponding production to these requests are made without in any way waiving (a) the right to object, on the grounds of competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in any subsequent proceeding in, or the hearing of, this action or any other action; and (b) the right to object on any grounds to other discovery requests involving or relating to the subject matter of these interrogatories.

12. TVS objects that the term "Laser Vein Treatment" is vague, indefinite and confusing.

13. TVS objects that the term "TVS Products" is vague, indefinite and confusing.

14. TVS objects to these requests generally as unduly burdensome and wasteful of party resources, in light of TVS' soon-to-be filed motion to stay this case pending the resolution of the earlier-filed consolidated litigations, *Diomed, Inc. v. Angiodynamics, Inc.*, C.A. No. 04-CV-10019 and *Diomed, Inc. v. Vascular Solutions, Inc.*, C.A. No. 04-CV-10444 ("the First Consolidated Litigation"). TVS reserves its right to supplement its responses in the event that the Court denies TVS' stay motion, and at other appropriate times.

Subject to and including the foregoing objections, all of which are incorporated by reference below in each separate response, TVS responds to Diomed's Requests as follows:

## RESPONSES TO REQUESTS

1. All documents concerning TVS's marketing, including, but not limited to, any advertising distributed to potential or existing TVS customers via fax, and the list of individuals to whom such advertising is sent.

**RESPONSE:**

TVS objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine. TVS further objects to this request to the extent that it requests a single document, termed "the list," that may not exist. TVS further objects to this request as unduly burdensome and wasteful of party resources, in light of TVS' soon-to-be filed stay motion. (See General Objection No. 14.) Subject to these specific objections and to the General Objections, and in the event that the Court denies TVS' stay motion, TVS will produce responsive, non-privileged documents at an appropriate time.

2. All documents responsive to all of Diomed's document requests from the files of Tina Clemens, Sopon Udompongusk, Randy Puddo, Kayla Garcia (Osenbaugh), Linda Kirshbaum, Jeff Poortz, and any other TVS employee, staff member, or worker.

**RESPONSE:**

TVS incorporates by reference its objections and responses to "all of Diomed's document requests." TVS further objects to this request to the extent that is pre-supposes the existence of files of each of the above-specified individuals. TVS objects to this request as unduly burdensome and wasteful of party resources, in light of TVS' soon-to-be filed stay motion. (See General Objection No. 14.) Subject to these specific objections and to the

458098-1                                      4

General Objections, and in the event that the Court denies TVS' stay motion, TVS will produce responsive, non-privileged documents at an appropriate time.

3. All documents concerning agreements between Tyrell Schiek and TVS.

**RESPONSE:**

TVS objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine. TVS further objects to this request as overly broad and unduly burdensome, to the extent that it requests documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. TVS further objects to this request as unduly burdensome and wasteful of party resources, in light of TVS' soon-to-be filed stay motion. (See General Objection No. 14.) Subject to these specific objections and to the General Objections, and in the event that the Court denies TVS' stay motion, TVS will produce responsive, non-privileged documents at an appropriate time.

4. All documents concerning agreements between Tyrell Schiek and David Centanni concerning TVS or TVS Products.

**RESPONSE:**

See response to request no. 3.

5. All documents concerning agreements between David Centanni and TVS.

**RESPONSE:**

See response to request no. 3.

6. Documents sufficient to show to whom any videos from TVS have been distributed.

**RESPONSE:**

TVS objects to the phrase "videos from TVS" as vague and ambiguous. TVS does not produce videos, as implied by the request. TVS interprets this phrase as requesting videos that have been distributed by TVS. TVS further objects to this request as unduly burdensome and wasteful of party resources, in light of TVS' soon-to-be filed stay motion. (See General Objection No. 14.) Subject to these specific objections and to the General Objections, and in the event that the Court denies TVS' stay motion, and to the extent that there exist any responsive documents that have not previously been produced to Diomed, TVS will produce responsive, non-privileged documents.

7. All documents concerning changes made to TVS's website.

**RESPONSE:**

TVS objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine. TVS further objects to this request as overly broad and unduly burdensome, to the extent that it requests documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. TVS objects to this request as unduly burdensome and wasteful of party resources, in light of TVS' soon-to-be filed stay motion. (See General Objection No. 14.) Subject to these specific objections and to the General Objections, and in the event that the Court denies TVS' stay motion, TVS will produce responsive, non-privileged documents at an appropriate time.

8. All documents concerning TVS's product catalog, include documents concerning revisions to that catalog.

**RESPONSE:**

TVS objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine. TVS further objects to this request as overly broad and unduly burdensome, to the extent that it requests documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. TVS further objects to this request as unduly burdensome and wasteful of party resources, in light of TVS' soon-to-be filed stay motion. (See General Objection No. 14.) Subject to these specific objections and to the General Objections, and in the event that the Court denies TVS' stay motion, TVS will produce responsive, non-privileged documents at an appropriate time.

9. All documents identified or referenced in TVS's responses to any of Diomed's interrogatories.

**RESPONSE:**

TVS incorporates by reference its objections to each of Diomed's interrogatories. TVS further objects to this request as unduly burdensome and wasteful of party resources, in light of TVS' soon-to-be filed stay motion. (See General Objection No. 14.) Subject to these specific objections and to the General Objections, and in the event that the Court denies TVS' stay motion, TVS will produce responsive, non-privileged documents at an appropriate time.

10. All videos concerning laser vein treatment.

**RESPONSE:**

TVS objects to this request as overly broad and unduly burdensome, to the extent that it requests videos that are neither relevant, nor reasonably calculated to lead to the discovery of

admissible evidence. Further, TVS objects to this request as unduly burdensome and wasteful of party resources, in light of TVS' soon-to-be filed stay motion. (See General Objection No. 14.) Subject to these specific objections and to the General Objections, and in the event that the Court denies TVS' stay motion, TVS will produce responsive, non-privileged videos at an appropriate time.

11.  The notebook and videos marked as Items 5, 6 and 7 on TVS's privilege log.

**RESPONSE:**

TVS objects to this request to the extent that it requests documents and things that may include the confidential or proprietary information of third-party Dornier. TVS' principal David Centanni is a party to a confidentiality agreement with Dornier that forbids him from disclosing Dornier's confidential or proprietary information to third parties. Further, TVS objects to this request to the extent that it is unduly burdensome and wasteful of party resources, in light of TVS' soon-to-be filed stay motion. (See General Objection No. 14.) Subject to these specific objections and to the General Objections, TVS will produce the requested items.

Date: May 18, 2006

Respectfully Submitted,

TOTAL VEIN SOLUTIONS, LLC,
By its attorneys,

_____
Merton E. Thompson
BBO #637056
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000

Fax: (617) 345-3299

Barden Todd Patterson
(admitted *pro hac vice*)
Henry M. Pogorzelski
(admitted *pro hac vice*)
PATTERSON & SHERIDAN, LLP
3040 Post Oak Boulevard, Suite 1500
Houston, Texas 77056
Tel: (713) 623-4844
Fax: (713) 623-4846

Craig V. Depew
(admitted *pro hac vice*)
CLARK, DEPEW & TRACEY, LLP
4400 Louisiana, 16th Floor
Houston, Texas 77002
Tel: (713) 757-1400
Fax: (713) 759-1217

ATTORNEYS FOR DEFENDANT
TOTAL VEIN SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing DEFENDANT TOTAL VEIN SOLUTIONS' RESPONSES TO DIOMED'S SECOND SET OF REQUESTS TO TOTAL VEIN SOLUTIONS, LLC FOR PRODUCTION OF DOCUMENTS was served on the parties as listed below on this 18th day of May, 2006.

VIA FACSIMILE AND U.S. MAIL
Michael A. Albert
Michael N. Rader
John L. Strand
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel: (617) 646-8000
Fax: (617) 646-8646

ATTORNEYS FOR PLAINTIFF DIOMED, INC.

_____