# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIOMED, INC.,

      Plaintiff,

v.

TOTAL VEIN SOLUTIONS, LLC,

      Defendant.

Civil Action No. 04-CV-10686-RGS

## DIOMED'S FIRST REQUESTS TO TOTAL VEIN SOLUTIONS, LLC
## FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, Plaintiff, Diomed, Inc. ("Plaintiff" or "Diomed"), hereby requests that Defendant, Total Vein Solutions, LLC ("Defendant" or "TVS") produce all documents and things described below which are in its possession, custody or control, within thirty (30) days from the date of service hereof.

### INSTRUCTIONS AND DEFINITIONS

1.      The Uniform Definitions in Discovery Requests in D. Mass. Local Rule 26.5 are hereby incorporated by reference. Particular attention is drawn to the definitions of "identify" and "concerning."

2.      As used herein, the terms "TVS," "you," "yours," and related terms shall have the same meaning as the term "Defendant" under D. Mass. Local Rule 26.5(C)(5).

3.      "The '777 patent" means United States Patent No. 6,398,777.

4.      "Prior art" includes, by way of example and without limitation, the subject matter described in 35 U.S.C. §§ 102, 103.

5.     If TVS objects to producing a document because of an asserted privilege or protection, the document must still be described in sufficient detail for Diomed to assess the applicability of the asserted privilege or protection, as set forth in Fed. R. Civ. P. 26(b)(5). Accordingly, without limitation, the date, type, author, recipient and general subject matter of any such document must be identified.

6.     The documents and things requested herein are to be produced at the offices of Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, Massachusetts 02210, or at such other location upon which counsel may agree.

7.     "Laser Vein Treatment" means any treatment of a vein using any product or process that includes a laser-emitting or laser-transmitting device.

8.     "TVS Product" means any product (including, without limitation, lasers and disposable items) designed, intended or used for Laser Vein Treatment that you made, had made, used, imported, offered for sale, or sold in the United States since June 4, 2002, regardless of whether the product is designed or manufactured by TVS or by a third party.

## REQUESTS

1.     All documents and things identified or referenced in your responses to Diomed's First Set of Interrogatories to Total Vein Solutions, LLC.

2.     All documents and things reviewed or considered in preparing your responses to Diomed's First Set of Interrogatories to Total Vein Solutions, LLC.

3.     All documents and things concerning the TVS Products, including but not limited to the design, marketing, efficacy, or function of the TVS Products, as well as alternative designs and alternative products considered by TVS for possible use in Laser Vein Treatment.

4.     All correspondence concerning the TVS Products, both internal and external to TVS.

5.     All documents and things concerning the conception, design, development or reduction to practice of the TVS Products, including, without limitation, sketches, drafts, models, prototypes, drawings, memoranda and test results.

6.     A physical sample of each TVS Product, including all packaging materials, enclosures, and instructions.

7.     All papers, publications, writings, and presentations concerning the TVS Products and/or Laser Vein Treatment, whether or not prepared by TVS or any of its employees, agents or consultants.

8.     All documents and things describing or characterizing the design, features, performance characteristics, or other attributes of the TVS Products.

9.     All documents and things concerning the marketing or advertising of the TVS Products.

10.     All documents concerning spokespeople and/or consultants for TVS with respect to the TVS Products.

11.     All catalogs listing the TVS Products.

12.     All memoranda, reports, studies, prospectuses, correspondence, sales or profit projections, and presentations concerning any business, financial, or marketing planning or budgeting for the TVS Products.

13.    Documents sufficient to show the monthly unit and dollar gross sales of each TVS Product since your first sales thereof, as well as the net sales of each TVS Product, and corresponding costs.

14.    All documents concerning sales, revenues, costs and profits and/or profit projections for TVS since the company's date of incorporation, and all documents concerning sales, revenues, costs and profits and/or profit projections for the TVS Products.

15.    All documents identifying entities that compete with TVS in any market for Laser Vein Treatment.

16.    All documents concerning products or procedures that compete with any of the TVS Products.

17.    Income statements for TVS on an annual and quarterly basis, from 1997 to the present.

18.    Price lists for the TVS Products.

19.    All agreements, licenses, and other contracts to which TVS is or was a party concerning any patent.

20.    All agreements, licenses, and other contracts to which TVS is or was a party concerning any rights in any of the TVS Products.

21.    Documents sufficient to show the identities and locations of all manufacturers, wholesalers or other sources of the TVS Products.

22.    Documents sufficient to show the identities and locations of all persons or entities to whom you sell, have sold or have offered for sale, any TVS Products since June 4, 2002.

23.     Documents sufficient to show the organizational structure of TVS from 1998 to the present.

24.     All documents concerning the design, use and efficacy of products described in any patents and pending patent applications in which TVS has an interest, including without limitation an ownership interest or license.

25.     All documents and things concerning Diomed, its products, the '777 patent, or any aspect of Laser Vein Treatment.

26.     All documents and things concerning any opinions of counsel concerning Diomed, its products, the '777 patent, the TVS Products, or any aspect of Laser Vein Treatment. Without limitation of the foregoing, all drafts of such opinions, all documents referenced or prepared in connection with the development of such opinions, and all documents supporting, negating, or otherwise concerning a contention that any infringement of the '777 patent by TVS was not willful.

27.     All documents and things concerning any of your Affirmative Defenses or Counterclaims.

28.     All documents concerning any harm that TVS alleges it would suffer if it were enjoined from selling the TVS Products.

29.     All documents and things, including all Prior Art, concerning your contention that any claim of the '777 patent is invalid.

30.     All documents and things concerning any evaluation of the TVS Products, including, without limitation, any comparisons of the TVS Products with any of Diomed's products, the '777 patent, or any other products and patents, and any consideration, investigation,

test, or analysis concerning whether any TVS Product is within the scope of any claim of the '777 patent or any other patent.

31.    All documents and things concerning any reverse engineering of any product for Laser Vein Treatment.

32.    All documents and things concerning any attempt by TVS to design around or avoid the '777 patent.

33.    All data and projections, whether internal to TVS or from an outside source, concerning revenues, growth, market share, competition or trends concerning the treatment of veins (by laser or otherwise), from 1997 to the present.

34.    All witness statements obtained by TVS concerning this litigation.

35.    All communications (including drafts thereof) between TVS and any one or more of the following: Dr. Robert J. Min; Dr. Luis Navarro; any other person identified in the Initial Disclosures filed by any party to this action.

36.    All documents and things concerning any steps taken by TVS to design around, or otherwise attempt to avoid infringement of, the '777 patent, including any prior art searches.

37.    All documents and things concerning TVS' intra-company communications, or any communications between TVS and any other person or entity, concerning this action or the '777 patent.

38.    All documents concerning any contribution or participation by any insurance company, or any other non-party, to TVS' defense of this litigation.

39.    For each person TVS intends to call as an expert witness in this case:

   (a)    all publications, articles, books, and/or papers authored, co-authored, edited, co-edited, or otherwise generated by such person;

(b)    all transcripts, including all exhibits thereto, of any trial and/or deposition testimony of such person in any prior litigation;

(c)    all documents and things reviewed and/or consulted by or on behalf of such person as a part of his or her participation in this case;

(d)    all documents and things provided to such person in connection with this case; and

(e)    all documents (including resumes and curricula vitae) concerning the education, experience, and/or training of such person.

40.    All minutes and other records concerning TVS' Board of Directors, including without limitation any Board of Directors minutes concerning Diomed, Laser Vein Treatment, and/or the '777 patent.

41.    All financial statements, including without limitation balance sheets, income statements, and cash flow statements, all governmental filings (including but not limited to SEC filings), and all other documents reflecting TVS' financial condition.

42.    All documents and things concerning the manner in which you contend that your Laser Vein Treatment achieves the goal of alleviating varicosity of veins, including without limitation medical and scientific documents concerning this issue.

43.    All FDA 510(k) approvals or certification that TVS has obtained in connection with any of the products or procedures that it makes, uses, distributes, sells, or otherwise provides.  All submissions to the FDA or any other governmental agency, whether domestic or foreign, relating to the TVS Products.

44.    All of Diomed's products in your possession, custody or control.

45.    All documents or things concerning training programs you provide for use of the TVS Products.

46.    All business plans, marketing plans, analyses or studies concerning the TVS Products.

47.    All documents concerning purchases of TVS Products by persons or entities that might otherwise have purchased products from Diomed.

48.    All documents concerning royalty rates for licensing of intellectual property.

49.    All documents concerning TVS' market share for TVS Products.

50.    All customer lists for the TVS Products.

51.    Documents sufficient to show TVS' policies regarding document retention and/or destruction from 1997 to the present.

DIOMED, INC.,

By its attorneys,

Dated: <u>November 17, 2004</u>

Michael A. Albert (BBO #558566)
malbert@wolfgreenfield.com
Michael N. Rader (BBO #646990)
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
(617) 646-8000
(617) 720-2441