IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOTAL VEIN SOLUTIONS, LLC, <br><br> Defendant. | CIVIL ACTION NO. 04CV10686 NMG |

**DIOMED'S OPPOSITION TO TVS' MOTION TO STAY THIS CASE
PENDING RESOLUTION OF DIOMED'S LAWSUITS
AGAINST ANGIODYNAMICS AND NEW STAR LASERS**

Total Vein Solutions ("TVS"), which has stalled the progress of discovery in this case for almost a year, ought not be rewarded now with a stay. On the contrary, as explained in Diomed's motion to compel (D.I. 34, 35) the Court should order TVS to produce discovery that even TVS concedes is perfectly reasonable and appropriate for a patent infringement case.

In opposing Diomed's motion to compel and requesting a stay, TVS argues that staying this action will conserve judicial resources because an upcoming trial in a co-pending case against AngioDynamics and Vascular Solutions, Inc. ("VSI") – if decided adversely to Diomed – might preclude Diomed from pursuing its case against TVS. This simply is not true.

For the doctrine of issue preclusion to apply, the "identical" issue must have been litigated in the prior action. Faigin v. Kelly, 184 F.3d 67, 78 (1st Cir. 1999) (issue preclusion "must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding"). Even if the jury in the AngioDynamics/VSI case were to find no infringement, this result would not bind Diomed against TVS. It is undisputed that TVS sells endovenous laser products to a wide range of practitioners, including customers (or former customers) of numerous third parties such as Dornier, Biolitec, and – most importantly – Diomed itself.

Even a jury verdict that AngioDynamics and VSI do not induce their customers to commit direct infringement of Diomed's patent (e.g., via the AngioDynamics and VSI instructions-for-use and training materials) would say nothing about whether customers of TVS commit direct infringement when using products sold to them by TVS. In short, the issues presented in this case are different, and TVS errs in suggesting (D.I. 39 at 7) that issue preclusion has any application here. Jazz Photo Corp. v. United States., 439 F.3d 1344, 1355 (Fed. Cir. 2006) ("Because the issue considered by the Commission [products imported from 2001 to 2003] was not identical to the one considered by the trial court here [products imported in 2004], the Commission's determination has no preclusive effect on the trial court's decision in this case.").

Fairness also dictates that Diomed be permitted to proceed with this action. Following over a year of stalling by TVS, Diomed should not be further prejudiced by additional delay in resolution of this case.

Even TVS concedes that Diomed would be entitled to proceed here if it succeeds in the companion case. As explained in Diomed's motion to compel, the additional period of delay would severely prejudice Diomed due to TVS' price-cutting and unfair acquisition of market share. TVS' motion papers, which ambiguously request a stay "pending resolution of Diomed's claims" against the other defendants (D.I. 39 at 1) (emphasis added), beg the question of when the requested stay would be lifted. If Diomed prevails in the companion case, and the verdict is appealed, it appears that TVS hopes to gain that entire additional period of time – which could amount to many months – to continue infringing during such further proceedings. This would be grossly unfair, drawing out the pendency of this action for months or even years to come. This is about as far from "conservation of judicial resources" – the mantra trumpeted by TVS in its motion papers – as one can get.

## CONCLUSION

For the above reasons, TVS' motion to stay (D.I. 39) should be denied and Diomed's motion to compel (D.I. 34) should be granted.

Respectfully submitted,

DIOMED, INC.

By its attorneys,

Dated: February 27, 2007

/s/ Michael N. Rader
Michael A. Albert (BBO #558566)
malbert@wolfgreenfield.com
Michael N. Rader (BBO #646990)
mrader@wolfgreenfield.com
John L. Strand (BBO #654985)
jstrand@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000
Fax 617.646.8646

## CERTIFICATE OF SERVICE

I hereby certify that this document and its supporting papers filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Michael N. Rader

- 3 -