UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

DIOMED, INC.,

    Plaintiff,

v.

TOTAL VEIN SOLUTIONS, LLC,

    Defendant.

Civil Action No. 04-10686 NMG

**TOTAL VEIN SOLUTIONS' REPLY IN SUPPORT OF ITS MOTION TO STAY
PENDING RESOLUTION OF DIOMED'S LAWSUITS AGAINST
<u>ANGIODYNAMICS AND NEW STAR LASERS</u>**

Defendant Total Vein Solutions, LLC, ("TVS") hereby replies to the arguments in Diomed's Opposition to TVS' Motion to Stay This Case Pending Resolution of Diomed's Lawsuits Against Angiodynamics/Vascular Solutions and New Star Lasers, d/b/a, CoolTouch.

Diomed primarily argues against a stay of this case based upon its mistaken view that Diomed cannot be bound by an adverse jury finding in the upcoming trial of the co-pending case against Angiodynamics and Vascular Solutions. In particular, Diomed argues that there are no identical issues in the co-pending Angiodynamics/Vascular Solutions case and the present case against TVS. Diomed's view is demonstratively incorrect.

At issue in the co-pending Angiodynamics/Vascular Solutions case are the following underlying fact issues:

1. Whether physicians using Vascular Solutions' laser technology and techniques necessarily *directly* infringe the Diomed patent.

2. Whether physicians using Angiodynamics's laser technology and techniques necessarily *directly* infringe the Diomed patent.

Diomed charges TVS with contributory infringement for selling procedure packs. TVS procedure packs consist of virtually the same ordinary unpatented devices as those supplied by Angiodynamics, Vascular Solutions and others. TVS does not supply laser-generating devices or teach laser procedure techniques. Thus, certain physicians using TVS packs use Vascular Solutions' laser technology and techniques. Other physicians using TVS packs use Angiodynamics's laser technology and techniques.

For a product to be a contributory infringement, the product must be shown to have no substantial noninfringing use. *E.g., Dynacore Holding Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1278 (Fed. Cir. 2004). If physicians using Vascular Solutions' laser technology and techniques do not directly infringe the Diomed patent, or if physicians using Angiodynamics's laser technology and techniques do not directly infringe the Diomed patent, then the accused TVS procedure packs would have a substantial noninfringing use.

Accordingly, to show contributory infringement by TVS, Diomed must prove, among other things: (a) direct infringement by physicians using Vascular Solutions' laser technology and techniques; and (b) direct infringement by physicians using Angiodynamics's laser technology and techniques. Thus, contrary to Diomed's view, the underlying issues of direct infringement in the co-pending Angiodynamics/Vascular Solutions case are identical to those present in this case. Therefore, should the jury in the Angiodynamics/Vascular Solutions case find no direct infringement by physicians, that jury finding would bind Diomed in the present case.[1] *See Grella v. Salem Five Cent Savings Bank,* 42 F.3d 28, 30 (1st Cir. 1994) (reciting

---

[1] Diomed skillfully seeks to preclude such a finding in the Angiodynamics/Vascular Solutions case by proposing a general verdict form. TVS believes that the special verdict form proposed by Angiodynamics and Vascular Solutions is preferable, and it has addressed this issue in its letter to the Court dated March 6, 2007, a copy of which is attached.

551450-1                                             2

elements establishing issue preclusion). For this reason alone, the Court should stay the present case pending the final resolution of the Angiodynamics/Vascular Solutions case.

Diomed's opposition contains conclusory statements regarding unspecified economic prejudice allegedly caused by "minor participant" TVS. However, Diomed fails to address or even acknowledge TVS's two additional reasons that a stay of this case is now appropriate.

First, as previously noted in TVS's briefing, it would be wasteful and inefficient to presently litigate the direct infringement issues relating to the laser technology and techniques of New Star Lasers, d/b/a CoolTouch. Diomed's contributory infringement case against TVS requires Diomed to prove that physicians using CoolTouch's laser technology and techniques necessarily *directly* infringe the Diomed patent. As previously noted, the interests of judicial efficiency strongly counsel that the CoolTouch direct infringement issues should first be litigated by the most interested and best situated parties—CoolTouch and Diomed. For reasons similar to those stated above with respect to Angiodynamics and Vascular Solutions, any jury finding of no direct infringement by physicians in the CoolTouch case will be binding upon Diomed in present case.

Second, also as previously noted, a stay of the present case will preserve judicial resources by allowing the Court to defer and potentially eliminate the need to address difficult issues of privilege and waiver with respect to non-party and "minor participant" Dornier. The information sought by Diomed concerning Dornier's proprietary and privileged information may be relevant to the present action. However, Dornier is understandably concerned about the possibility that TVS may likely be required to disclose this information to Diomed.

In sum, a stay is appropriate in this case to preserve judicial and party resources. In the event that any of Angiodynamics, Vascular Solutions or CoolTouch is successful in defending

against Diomed's claims of infringement, it is likely Diomed will be precluded from pursuing its present action against TVS.

## CONCLUSION

For these reasons and the reasons stated in TVS's previously submitted briefing, the Court should deny Diomed's motion to compel and order that this case be stayed pending the final resolution of the co-pending cases against Angiodynamics/Vascular Solutions and New Star Lasers, d/b/a CoolTouch.

Date:   March 6, 2007

Respectfully Submitted,

TOTAL VEIN SOLUTIONS, LLC,
By its attorneys,

　　/s/ Merton E. Thompson
Merton E. Thompson
BBO #637056
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000
Fax: (617) 345-3299

Barden Todd Patterson
(admitted *pro hac vice*)
Henry M. Pogorzelski
(admitted *pro hac vice*)
PATTERSON & SHERIDAN, LLP
3040 Post Oak Boulevard, Suite 1500
Houston, Texas 77056
Tel: (713) 623-4844
Fax: (713) 623-4846

Craig V. Depew
(admitted *pro hac vice*)
CLARK, DEPEW & TRACEY, LLP
4400 Louisiana, 16th Floor
Houston, Texas 77002
Tel: (713) 757-1400

551450-1                                            4

Fax: (713) 759-1217

ATTORNEYS FOR DEFENDANT
TOTAL VEIN SOLUTIONS, INC.

### CERTIFICATE OF SERVICE

I hereby certify that today I caused a true and correct copy of this *Total Vein Solutions' Reply in Support of Its Motion to Stay This Case Pending Resolution of Diomed's Lawsuits Against Angiodynamics and New Star Lasers* to be served through the ECF system and by electronic mail upon the following counsel of record:

        Michael A. Albert
        Michael N. Rader
        John L. Strand
        WOLF, GREENFIELD & SACKS, P.C.
        600 Atlantic Avenue
        Boston, Massachusetts  02210
        Tel:  (617) 646-8000
        Fax:  (617) 646-8646

        ATTORNEYS FOR PLAINTIFF DIOMED, INC.

        /s/  Merton E. Thompson

01110322

# ATTACHMENT

# BURNS & LEVINSON LLP

125 SUMMER STREET BOSTON, MA 02110
T 617.345.3000  F 617.345.3299
WWW.BURNSLEV.COM

March 6, 2007

*Via Hand Delivery*

The Honorable Judge Nathaniel M. Gorton
United Stated Federal District Court Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way - Suite 2300
Boston, MA 02210

RE:   *Diomed, Inc. v. Angiodynamics, Inc.*, CA No. 04-10019; *Diomed, Inc. vs. Vascular Solutions, Inc.*, CA No. 04-10444 (consolidated under 04-10019).

Dear Honorable Judge Gorton:

I write on behalf of interested party Total Vein Solutions, LLC ("TVS") with regard to the competing proposed jury verdict forms submitted by plaintiff Diomed and defendants Angiodynamics and Vascular Solutions in the above consolidated cases set for trial next week. TVS is a party to a similar patent infringement case pending before this Court, *Diomed, Inc. v. Total Vein Solutions, LLC*, CA No. 04-10686.

TVS respectfully suggests that the special verdict form submitted by the defendants better serves the Court because it is likely to greatly conserve judicial time and resources by potentially eliminating the need to re-litigate common fact issues in the Total Vein Solutions case.

The defendants' special verdict form appropriately requires the jury to make specific findings concerning a number of key fact issues, including:

1. Whether physicians using Vascular Solutions' products and following its instructions necessarily perform the requisite acts to *directly* infringe the Diomed patent.

2. Whether physicians using Angiodynamics's products and following its instructions necessarily perform the requisite acts to *directly* infringe the Diomed patent.

*See* Proposed Special Verdict Form of Defs.' Angiodynamics, Inc. and Vascular Solutions, Inc., Dkt. No. 193, Ex. A, at ¶¶ 1-3 (Vascular Solutions) & 9-11 (Angiodynamics).

MASSACHUSETTS :::  RHODE ISLAND :::  DISTRICT OF COLUMBIA

March 6, 2007
Page 2

## BURNS & LEVINSON LLP

These two underlying factual disputes must also be decided in the Total Vein Solutions case.

Diomed charges TVS with contributory infringement for selling procedure packs. Procedure packs include a number of common sterile components, including, for example, drapes, towels, sponges, ancillary products, needles and syringes, access devices, etc. To demonstrate contributory infringement, Diomed must prove that the TVS procedure packs have no substantial noninfringing uses. *E.g., Dynacore Holding Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1278 (Fed. Cir. 2004) (holding that accused infringer cannot be liable for indirect infringement for products capable of substantial noninfringing uses). TVS contends that physicians who use the laser devices and follow the instructions provided by Angiodynamics and Vascular Solutions—but substitute the procedure packs of TVS—do not *directly* infringe the Diomed patent.

Thus, if the jury answers "no" to any of the defendants' special interrogatories relating to direct infringement, there would be shown to exist substantial noninfringing uses for the accused TVS procedure packs. Such a jury finding in the Angiodynamics/Vascular Solutions case would bind Diomed, so there would be no need for TVS and Diomed to re-litigate these underlying fact issues in the TVS case. *See Grella v. Salem Five Cent Savings Bank*, 42 F.3d 28, 30 (1st Cir. 1994) (reciting elements relevant to defense of issue preclusion or collateral estoppel).

Special verdict forms in patent cases are also favored for other reasons. *E.g., Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, n.8 (1997) ("[A] special verdict and/or interrogatories on each claim element could be very useful in facilitating review, uniformity, and possibly post verdict judgments as a matter of law."); *Richard-Vicks Inc. v. Upjohn Co.*, 122 F.3d 1476, 1485 (Fed. Cir. 1997) ("The special verdict compels detailed consideration. But above all it enables the public, the parties and the court to see what the jury has really done.").

For these reasons, interested party TVS respectfully requests that the Court adopt the special verdict form proposed by the defendants and reject the more general verdict form proposed by plaintiff. In the event that the Court deems it helpful, TVS would welcome an opportunity to provide additional written or oral argument.

Very truly yours,

MERTON E. THOMPSON
COUNSEL FOR INTERESTED PARTY
TOTAL VEIN SOLUTIONS, LLC

MET/dd
Enclosure

551214-1

MASSACHUSETTS ⋮ RHODE ISLAND ⋮ DISTRICT OF COLUMBIA

March 6, 2007
Page 3

BURNS & LEVINSON LLP

cc: *Each via facsimile*

    Michael A. Albert
    Michael N. Rader
    John L. Strand
    WOLF, GREENFIELD & SACKS, P.C.
    600 Atlantic Avenue
    Boston, MA 02210
    (617) 720-2441 (fax)
    COUNSEL FOR DIOMED, INC.

    William H. Bright, Jr.
    Mark D. Giarratana
    MCCARTHER & ENGLISH, LLP
    City Place I
    185 Asylum Street
    Hartford, CT 06103
    (860) 724-3397 (fax)
    COUNSEL FOR ANGIODYNAMICS, INC.

    Thomas Vitt
    Heather Redmond
    DORSEY & WHITNEY LLP
    Suite 1500
    50 South Sixth Street
    Minneapolis, MN 55402-1498
    (612) 340-8856 (fax)
    COUNSEL FOR VASCULAR SOLUTIONS, INC.

    Audrey A. Millemann
    Dale C. Campbell
    David Himelfarb
    WEINTRAUB, GENSHLEA, CHEDIAK & SPROUL
    400 Capitol Mall
    11th Floor
    Sacramento, CA 95814
    (916) 446-1611 (fax)
    COUNSEL FOR NEW STAR LASERS, INC., DBA COOLTOUCH, INC.

March 6, 2007
Page 4

**BURNS & LEVINSON** LLP

bcc:   Todd Patterson, Esq.
       Henry Pogorzelski, Esq.
       Chantal Rappi, Esq.

       David Centanni
       Total Vein Solutions, L.L.C.
       901 Yale Street
       Houston, Texas 77008

551214-1

MASSACHUSETTS ::: RHODE ISLAND ::: DISTRICT OF COLUMBIA

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC., <br><br> Plaintiff, <br><br> v. <br><br> VASCULAR SOLUTIONS, INC., <br><br> Defendant. | Civil Action No.: 04-10444-NMG |
| DIOMED, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANGIODYNAMICS, INC., <br><br> Defendant. | Civil Action No.: 04-10019-NMG |

### PROPOSED SPECIAL VERDICT FORM OF DEFENDANTS ANGIODYNAMICS, INC. AND VASCULAR SOLUTIONS, INC.

Pursuant to Fed.R.Civ.P. 49(a) and the Court's order of December 8, 2006, Defendants hereby submit their proposed special verdict form.

Respectfully submitted,

**VASCULAR SOLUTIONS, INC.**

By its counsel,

/s/ Steven L. Feldman
Steven L. Feldman (BBO #162290)
Ruberto, Israel & Weiner, P.C.
100 North Washington Street
Boston, Massachusetts 02114-2128
Telephone: (617) 742-4200

~and~

J. Thomas Vitt MN #183817
Heather D. Redmond MN #313233
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
Telephone: (612) 340-2600

**ANGIODYNAMICS, INC.**

By its counsel,

/s/ William H. Bright, Jr.
William H. Bright, Jr.
Mark D. Giarratana
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103
Telephone (860) 275-6700

˜and˜

Rodney S. Dowell (BBO #629016)
Berman & Dowell
210 Commercial Street
Boston, Massachusetts 02109
Telephone (617) 723-99911

Dated: February 26, 2007

2

I. QUESTIONS CONCERNING DEFENDANT VASCULAR SOLUTIONS, INC.

   A. **Questions concerning Diomed's allegations of direct infringement by VSI customers of the '777 Patent.**

   1. Has Diomed proven by a preponderance of the evidence that physicians using VSI's Vari-Lase products and following VSI's instructions necessarily and deliberately put the uncoated tip of the laser fiber into physical contact with the wall of the blood vessel?

   Yes _____   No _____

   2. Has Diomed proven by a preponderance of the evidence that physicians using VSI's Vari-Lase products and following VSI's instructions necessarily maintain the deliberately placed uncoated tip of the laser fiber in physical contact with the wall of the blood vessel while laser energy is being emitted?

   Yes _____   No _____

   3. Has Diomed proven by a preponderance of the evidence that physicians using VSI's Vari-Lase products and following VSI's instructions necessarily cause a decrease in the diameter of the blood vessel solely by means of deliberate, maintained contact between the uncoated tip of the laser fiber and the wall of the blood vessel?

   Yes _____   No _____

   If you answered "Yes" to all three questions, please proceed to questions 4-6 concerning VSI. If you answered "No" to any one of the three questions, please skip the remaining questions concerning VSI and proceed to the questions concerning AngioDynamics beginning at question 9.

   B. **Question concerning Diomed's allegations of inducement of infringement by VSI.**

   4. Has Diomed proven by a preponderance of the evidence that VSI specifically intended to encourage physicians using its Vari-Lase products to infringe the '777 patent, and thereby induced infringement?

   Yes _____   No _____

### C. Questions concerning Diomed's allegations of contributory infringement by VSI.

5. Has Diomed proven by a preponderance of the evidence that VSI knew that following its instructions for use of its Vari-Lase products would necessarily result in infringement of the '777 patent?

Yes _____    No _____

6. Has Diomed proven by a preponderance of the evidence that VSI's Vari-Lase products have no substantial non-infringing use?

Yes _____    No _____

If you answered "Yes" to question 4, or if you answered "Yes" to both questions 5 AND 6, please answer questions 7-8. If you answered "No" to question 4 AND answered "No" to either question 5 or 6, please skip questions 7-8 and proceed to the questions concerning AngioDynamics beginning at question 9.

### D. Questions concerning Diomed's allegations of damages and willful infringement.

7. What amount of compensatory damages has Diomed proven by a preponderance of the evidence resulted from VSI's infringement?

_____

8. Has Diomed proven by clear and convincing evidence that VSI's infringement was willful?

Yes _____    No _____

## II. QUESTIONS CONCERNING DEFENDANT ANGIODYNAMICS, INC.

### A. Questions concerning Diomed's allegations of direct infringement by AngioDynamics' customers of the '777 Patent.

9. Has Diomed proven by a preponderance of the evidence that physicians using AngioDynamics' VenaCure products and following AngioDynamics' instructions necessarily and deliberately put the uncoated tip of the laser fiber into physical contact with the wall of the blood vessel?

Yes _____    No _____

4

10. Has Diomed proven by a preponderance of the evidence that physicians using AngioDynamics' VenaCure products and following AngioDynamics' instructions necessarily maintain the deliberately placed uncoated tip of the laser fiber in physical contact with the wall of the blood vessel while laser energy is being emitted?

Yes _____   No _____

11. Has Diomed proven by a preponderance of the evidence that physicians using AngioDynamics' VenaCure products and following AngioDynamics' instructions necessarily cause a decrease in the diameter of the blood vessel solely by means of deliberate, maintained contact between the uncoated tip of the laser fiber and the wall of the blood vessel?

Yes _____   No _____

If you answered "Yes" to all three of questions 9-11, please proceed to questions 12-14 concerning AngioDynamics. If you answered "No" to any one of questions 9-11, please skip the remaining questions concerning AngioDynamics.

**B.   Question concerning Diomed's allegations of inducement of infringement by AngioDynamics.**

12. Has Diomed proven by a preponderance of the evidence that AngioDynamics specifically intended to encourage physicians using its VenaCure products to infringe the '777 patent, and thereby induced infringement?

Yes _____   No _____

**C.   Questions concerning Diomed's allegations of contributory infringement by AngioDynamics.**

13. Has Diomed proven by a preponderance of the evidence that AngioDynamics knew that following its instructions for use of its VenaCure products would necessarily result in infringement of the '777 patent?

Yes _____   No _____

14. Has Diomed proven by a preponderance of the evidence that AngioDynamics' VenaCure products have no substantial non-infringing use?

Yes _____   No _____

If you answered "Yes" to question 12, or if you answered "Yes" to both questions 13 AND 14, please answer questions 15-16. If you answered "No" to question 12 AND answered "No" to either question 13 or 14, please skip questions 15-16.

5

**D.    Questions concerning Diomed's allegations of damages and willful infringement.**

15.    What amount of compensatory damages has Diomed proven by a preponderance of the evidence resulted from AngioDynamics' infringement?

_____

16.    Has Diomed proven by clear and convincing evidence that AngioDynamics' infringement was willful?

Yes _____    No _____

_____          Date: _____
Foreperson

### CERTIFICATE OF SERVICE

I hereby certify that this document is being filed on this 26th day of February, 2007, through the Court's electronic filing system, which serves electronically counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail, postage prepaid, on this same date.

/s/ Steven L. Feldman, Esq.

U:\CPR\Steven Feldman\Vascular Solutions\Diomed Patent\Trial\VSI - Special Verdict Form.doc