UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| DIOMED, INC.,<br><br>　　　Plaintiff,<br><br>v.<br><br>TOTAL VEIN SOLUTIONS, LLC,<br><br>　　　Defendant. | Civil Action No. 04-10686 NMG |

**TOTAL VEIN SOLUTIONS' REPLY – LEAVE TO FILE GRANTED ON 03/14/2007 – IN SUPPORT OF ITS MOTION TO STAY PENDING RESOLUTION OF DIOMED'S LAWSUITS AGAINST ANGIODYNAMICS AND NEW STAR LASERS**

Defendant Total Vein Solutions, LLC, ("TVS") hereby replies to the arguments in Diomed's Opposition to TVS' Motion to Stay This Case Pending Resolution of Diomed's Lawsuits Against Angiodynamics/Vascular Solutions and New Star Lasers, d/b/a, CoolTouch.

Diomed primarily argues against a stay of this case based upon its mistaken view that Diomed cannot be bound by an adverse jury finding in the upcoming trial of the co-pending case against Angiodynamics and Vascular Solutions. In particular, Diomed argues that there are no identical issues in the co-pending Angiodynamics/Vascular Solutions case and the present case against TVS. Diomed's view is demonstratively incorrect.

At issue in the co-pending Angiodynamics/Vascular Solutions case are the following underlying fact issues:

1. Whether physicians using Vascular Solutions' laser technology and techniques necessarily *directly* infringe the Diomed patent.

2. Whether physicians using Angiodynamics's laser technology and techniques necessarily *directly* infringe the Diomed patent.

Diomed charges TVS with contributory infringement for selling procedure packs. TVS procedure packs consist of virtually the same ordinary unpatented devices as those supplied by Angiodynamics, Vascular Solutions and others. TVS does not supply laser-generating devices or teach laser procedure techniques. Thus, certain physicians using TVS packs use Vascular Solutions' laser technology and techniques. Other physicians using TVS packs use Angiodynamics's laser technology and techniques.

For a product to be a contributory infringement, the product must be shown to have no substantial noninfringing use. *E.g., Dynacore Holding Corp. v. U.S. Philips Corp.,* 363 F.3d 1263, 1278 (Fed. Cir. 2004). If physicians using Vascular Solutions' laser technology and techniques do not directly infringe the Diomed patent, or if physicians using Angiodynamics's laser technology and techniques do not directly infringe the Diomed patent, then the accused TVS procedure packs would have a substantial noninfringing use.

Accordingly, to show contributory infringement by TVS, Diomed must prove, among other things: (a) direct infringement by physicians using Vascular Solutions' laser technology and techniques; <u>and</u> (b) direct infringement by physicians using Angiodynamics's laser technology and techniques. Thus, contrary to Diomed's view, the underlying issues of direct infringement in the co-pending Angiodynamics/Vascular Solutions case are identical to those present in this case. Therefore, should the jury in the Angiodynamics/Vascular Solutions case find no direct infringement by physicians, that jury finding would bind Diomed in the present case.[1] *See Grella v. Salem Five Cent Savings Bank,* 42 F.3d 28, 30 (1st Cir. 1994) (reciting

---

[1] Diomed skillfully seeks to preclude such a finding in the Angiodynamics/Vascular Solutions case by proposing a general verdict form. TVS believes that the special verdict form proposed by Angiodynamics and Vascular Solutions is preferable, and it has addressed this issue in its letter to the Court dated March 6, 2007, a copy of which is attached.

551450-1                                                2

elements establishing issue preclusion). For this reason alone, the Court should stay the present case pending the final resolution of the Angiodynamics/Vascular Solutions case.

Diomed's opposition contains conclusory statements regarding unspecified economic prejudice allegedly caused by "minor participant" TVS. However, Diomed fails to address or even acknowledge TVS's two additional reasons that a stay of this case is now appropriate.

First, as previously noted in TVS's briefing, it would be wasteful and inefficient to presently litigate the direct infringement issues relating to the laser technology and techniques of New Star Lasers, d/b/a CoolTouch. Diomed's contributory infringement case against TVS requires Diomed to prove that physicians using CoolTouch's laser technology and techniques necessarily *directly* infringe the Diomed patent. As previously noted, the interests of judicial efficiency strongly counsel that the CoolTouch direct infringement issues should first be litigated by the most interested and best situated parties—CoolTouch and Diomed. For reasons similar to those stated above with respect to Angiodynamics and Vascular Solutions, any jury finding of no direct infringement by physicians in the CoolTouch case will be binding upon Diomed in present case.

Second, also as previously noted, a stay of the present case will preserve judicial resources by allowing the Court to defer and potentially eliminate the need to address difficult issues of privilege and waiver with respect to non-party and "minor participant" Dornier. The information sought by Diomed concerning Dornier's proprietary and privileged information may be relevant to the present action. However, Dornier is understandably concerned about the possibility that TVS may likely be required to disclose this information to Diomed.

In sum, a stay is appropriate in this case to preserve judicial and party resources. In the event that any of Angiodynamics, Vascular Solutions or CoolTouch is successful in defending

against Diomed's claims of infringement, it is likely Diomed will be precluded from pursuing its present action against TVS.

## CONCLUSION

For these reasons and the reasons stated in TVS's previously submitted briefing, the Court should deny Diomed's motion to compel and order that this case be stayed pending the final resolution of the co-pending cases against Angiodynamics/Vascular Solutions and New Star Lasers, d/b/a CoolTouch.

Date: _March 14, 2007___          Respectfully Submitted,

                                  TOTAL VEIN SOLUTIONS, LLC,
                                  By its attorneys,

                                  /s/_ Merton E. Thompson____
                                  Merton E. Thompson
                                  BBO #637056
                                  BURNS & LEVINSON LLP
                                  125 Summer Street
                                  Boston, MA 02110
                                  Tel: (617) 345-3000
                                  Fax: (617) 345-3299

                                  Barden Todd Patterson
                                  (admitted *pro hac vice*)
                                  Henry M. Pogorzelski
                                  (admitted *pro hac vice*)
                                  PATTERSON & SHERIDAN, LLP
                                  3040 Post Oak Boulevard, Suite 1500
                                  Houston, Texas 77056
                                  Tel:  (713) 623-4844
                                  Fax:  (713) 623-4846

                                  Craig V. Depew
                                  (admitted *pro hac vice*)
                                  CLARK, DEPEW & TRACEY, LLP
                                  4400 Louisiana, 16th Floor
                                  Houston, Texas  77002
                                  Tel: (713) 757-1400

Fax: (713) 759-1217

ATTORNEYS FOR DEFENDANT
TOTAL VEIN SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that today I caused a true and correct copy of this *Total Vein Solutions' Reply in Support of Its Motion to Stay This Case Pending Resolution of Diomed's Lawsuits Against Angiodynamics and New Star Lasers* to be served through the ECF system and by electronic mail upon the following counsel of record:

Michael A. Albert
Michael N. Rader
John L. Strand
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts  02210
Tel:  (617) 646-8000
Fax:  (617) 646-8646

ATTORNEYS FOR PLAINTIFF DIOMED, INC.


   /s/  Merton E. Thompson