UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| DIOMED, INC.,<br><br>Plaintiff,<br><br>V.<br><br>TOTAL VEIN SOLUTIONS, LLC,<br><br>Defendant. | Civil Action No. 04-10686 RGS |

**TOTAL VEIN SOLUTIONS, LLC'S
RESPONSES TO DIOMED'S SECOND SET OF
INTERROGATORIES TO TOTAL VEIN SOLUTIONS, LLC**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of The United States District Court for the District of Massachusetts, Total Vein Solutions, LLC, ("TVS"), the Defendant, responds to Diomed's Second Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

The following general objections are incorporated by reference and apply to all of TVS' responses to the interrogatories.

1.  TVS objects to each and every interrogatory to the extent that such interrogatory seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules.

2.  TVS objects to each and every interrogatory to the extent it seeks the disclosure of information that is not relevant to any claim or defense in this action, or reasonably likely to lead to the discovery of admissible evidence that is relevant to any claim or defense, under Rule 26(b)(1) of the Federal Rules.

3. TVS objects to each and every interrogatory to the extent such interrogatory seeks information protected by the attorney-client privilege, the work product doctrine and/or any other applicable privileges, doctrines or immunities. TVS further objects to identifying such documents generated since the inception of this litigation as such identification is unduly burdensome, unlikely to lead to the discovery of admissible evidence, and likely to reveal work product and/or attorney-client privileged information. TVS further states that to the extent that any privileged information is inadvertently provided in these responses, such provision shall not constitute waiter of the privilege or immunity as to any such information.

4. TVS objects to each and every interrogatory to the extent such interrogatory seeks confidential information and/or proprietary business or technical information or trade secrets of TVS absent a protective order adequate to protect its rights in such confidential information.

5. TVS objects to each and every interrogatory to the extent such interrogatory calls for information that TVS is prohibited from disclosing by contract, order, statute, rule, regulation or law. In the case of information subject to a confidentiality obligation owed to a non-party, TVS objects to revealing such information until such time as the non-party agrees to production or an appropriate court order is entered.

6. Consistent with FED.R.CIV.P. 33(d), TVS objects to providing responses to interrogatories where the information can be derived from documents which are being or have been produced.

7. TVS objects to each and every interrogatory to the extent such interrogatory seeks information obtainable from another source that is more convenient, less burdensome, or less expensive. TVS further objects to the extent each interrogatory seeks the disclosure of

information that is as easily ascertainable by Diomed, Inc. as it is by TVS or is readily available from public sources.

8. TVS objects to each and every interrogatory to the extent that such interrogatory seeks to impose a burden on TVS to categorize information in a manner that is not readily available to TVS.

9. TVS answers to these interrogatories are made without in any way waiving (a) the right to object, on the grounds of competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in any subsequent proceeding in, or the hearing of, this action or any other action; and (b) the right to object on any grounds to other discovery requests involving or relating to the subject matter of these interrogatories.

10. TVS objects to the interrogatories to the extent that they refer to "Laser Vein Treatment," as that term is vague and indefinite as it is defined in Diomed's First Interrogatories to Total Vein Solutions.

11. TVS objects to these interrogatories generally as unduly burdensome and wasteful of party resources, in light of TVS' soon-to-be filed motion to stay this case pending the resolution of the earlier-filed consolidated litigations, *Diomed, Inc. v. Angiodynamics, Inc.,* C.A. No. 04-CV-10019 and *Diomed, Inc. v. Vascular Solutions, Inc.,* C.A. No. 04-CV-10444 ("the First Consolidated Litigation"). TVS reserves its right to supplement its responses in the event that the Court denies TVS' stay motion, and at other appropriate times.

TVS provides these responses without prejudice to its right to amend or supplement its responses. Subject to and including the foregoing objections, all of which are incorporated by reference below in each separate response, TVS responds to Diomed's interrogatories as follows:

## RESPONSES TO INTERROGATORIES

23. Identify the TVS Products that each TVS customer ordered from TVS and the date on which the TVS Products were ordered. A format in which this answer may be provided is shown below. (Counsel for TVS is invited to contact counsel for Diomed to confer about the format in which this information may be generated from TVS's computer system.)

| Customer | TVS Product(s) | Date |
|---|---|---|
| Dr. Jim Smith | 3 TVS P0063; 4 TVS #4003 | 3/4/2005 |
| | 5 TVS#4010 | 4/10/2005 |
| | 7 TVS#4015 | 2/1/2005 |
| Dr. Jane Doe | 3 TVS#4001 | 04/04/2006 |
| | 2 TVS P0063 | 7/5/2005 |
| Dr. Sara Smith | 4 TVS#4010; 4 TVS#4015 | 06/07/2006 |
| ... | ... | ... |

**RESPONSE:**

TVS objects to the definition proffered for "TVS Products" as vague, indefinite and confusing. TVS objects to this interrogatory as overly broad and unduly burdensome to the extent that it requests information regarding each of TVS' customers and each TVS product ordered, and to the extent that it requests information in a format that would require undue effort by TVS to derive.

TVS further objects to this interrogatory as unduly burdensome and wasteful of party resources, in light of TVS' soon-to-be filed motion to stay this case pending the resolution of the earlier-filed consolidated litigations, *Diomed, Inc. v. Angiodynamics, Inc.*, C.A. No. 04-CV-10019 and *Diomed, Inc. v. Vascular Solutions, Inc.*, C.A. No. 04-CV-10444 ("the First Consolidated Litigation").

Subject to the General Objections and to the above specific objections, TVS reserves its right to supplement its response to this interrogatory in the event that the Court denies TVS' stay motion, and at other appropriate times.

24.  Identify each past and present worker, staff member, consultant, or employee of TVS, and the dates during which they worked (or consulted) for TVS.

**RESPONSE:**

TVS objects to this interrogatory to the extent it requests information protected from discovery by the attorney work product doctrine and/or the attorney-client privilege. Such information, including the identity of any non-testifying witnesses that may have been retained in association with this action, will not be provided. TVS further objects to this interrogatory as overly broad and unduly burdensome, to the extent that it requests information, not within the possession, custody or control of TVS, concerning the full identity (i.e., address and other contact information) for certain individuals who are no longer associated with TVS. TVS further objects to this interrogatory to the extent that it requests information concerning individuals whose identity and job function is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TVS further objects to this interrogatory as unduly burdensome and wasteful of party resources, in light of TVS' soon-to-be filed motion to stay this case pending the resolution of the earlier-filed consolidated litigations, Diomed, Inc. v. Angiodynamics, Inc., C.A. No. 04-CV-10019 and Diomed, Inc. v. Vascular Solutions, Inc., C.A. No. 04-CV-10444 ("the First Consolidated Litigation").

Subject to the General Objections and to the above specific objections, TVS reserves its right to supplement its response to this interrogatory in the event that the Court denies TVS' stay motion, and at other appropriate times.

Date: May 18, 2006

Respectfully Submitted,

TOTAL VEIN SOLUTIONS, LLC,
By its attorneys,

/s/ Merton E. Thompson
Merton E. Thompson
BBO #637056
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000
Fax: (617) 345-3299

Barden Todd Patterson
(admitted *pro hac vice*)
Henry M. Pogorzelski
(admitted *pro hac vice*
PATTERSON & SHERIDAN, LLP
3040 Post Oak Boulevard, Suite 1500
Houston, Texas 77056
Tel: (713) 623-4844
Fax: (713) 623-4846

Craig V. Depew
(admitted *pro hac vice*)
CLARK, DEPEW & TRACEY, LLP
4400 Louisiana, 16th Floor
Houston, Texas 77002
Tel: (713) 757-1400
Fax: (713) 759-1217

ATTORNEYS FOR DEFENDANT
TOTAL VEIN SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing DEFENDANT TOTAL VEIN SOLUTIONS' RESPONSES TO DIOMED'S SECOND SET OF INTERROGATORIES TO TOTAL VEIN SOLUTIONS, LLC was served on the parties as listed below on this 18th day of May, 2006.

> VIA FACSIMILE AND U.S. MAIL
> Michael A. Albert
> Michael N. Rader
> John L. Strand
> WOLF, GREENFIELD & SACKS, P.C.
> 600 Atlantic Avenue
> Boston, Massachusetts 02210
> Tel: (617) 646-8000
> Fax: (617) 646-8646
>
> ATTORNEYS FOR PLAINTIFF DIOMED, INC.

_____
[signature]

467078-1                                    7