IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NEW STAR LASERS, INC. dba COOL TOUCH INC.,<br><br>    Defendant. | Civil Action No.: 04-CV-12157-RGS<br><br>RESPONSE OF DEFENDANT NEW STAR LASERS, INC. TO PLAINTIFF'S FIRST SET OF INTERROGATORIES |

RESPONDING PARTY:    Defendant New Star Lasers, Inc.

SET NUMBER:    One

PROPOUNDING PARTY:    Plaintiff Diomed, Inc.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant New Star Lasers, Inc. ("defendant") responds to the first set of interrogatories propounded by plaintiff Diomed, Inc. ("plaintiff") as follows:

### PRELIMINARY STATEMENT

Defendant's investigation and discovery in this action are just beginning. Accordingly, the responses to these interrogatories are made without prejudice to defendant's right, if appropriate or required, to supplement or amend these responses with subsequently discovered information.

### RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

State when and how you first became aware of the '777 patent, including the individual(s) who first gained such knowledge, and what steps you took, if any, to determine

whether you had infringed, were infringing, or would later infringe the '777 patent.

RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts. Defendant also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Defendant further objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence and is overbroad. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant first became aware of the '777 patent in about April 2003, through its CEO, David R. Hennings. At about that time or some time later, Mr. Hennings reviewed the '777 patent and concluded that defendant's products used for endovenous laser treatment did not infringe the '777 patent. Defendant is not at this time relying on any opinion of counsel as to issues of noninfringement or lack of willfulness; however, if and to the extent that defendant does rely on an opinion of counsel, defendant will produce the opinion at that time.

INTERROGATORY NO. 2:

Identify (See L.R. 26.5 for definition) by name and model number each CoolTouch Product (as defined hereinabove), state the date on which you first made, had made, used, imported, offered for sale, or sold in the United States each of the CoolTouch Products, describe in full the development and/or commercialization of each of the CoolTouch Products, and identify all documents concerning the CoolTouch Products, including, without limitation, all opinions of counsel related thereto.

RESPONSE TO INTERROGATORY NO. 2:

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts. Defendant also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Defendant

further objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence and is overbroad. Defendant also objects to this interrogatory on the grounds that it seeks information that is trade secret, proprietary, or confidential information of defendant. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant has manufactured and sold three laser machines that have been used by physicians in the United States at various times, either off-label or after FDA approval, for endovenous laser treatment: the NS130, the CTEV (NS160), and the CT3S.

The NS130 laser machine was first made in 1996. It was approved by the FDA for general dermatological surgery on March 13, 1997 and to treat wrinkles on March 1, 2001, and was first sold for those purposes thereafter. The NS130 was initially used to treat wrinkles and later used to treat acne and acne scars. Dr. Mitchel P. Goldman and Dr. Robert A. Weiss began using the NS130 off-label for endovenous laser treatment of patients in about December 2002 and spring 2003, respectively. After Drs. Goldman and Weiss publicized their successful results with the NS130 for endovenous laser treatment, other physicians also began using the NS130 for endovenous laser treatment. Defendant ceased marketing the NS130 in about 1999.

The CTEV (NS160) laser machine was based upon a modified NS130 and was first made in early 2003. It was approved by the FDA for general dermatological surgery on December 24, 2002. The NS160 was first sold for general dermatological surgery in about April 2004 and used for cutting and coagulating, and in the endoscopic treatment of breast cancer polyps. Dr. Mitchel P. Goldman and Dr. Robert A. Weiss began using the NS160 off-label for endovenous laser treatment of patients in about December 2002 and spring 2003, respectively. After Drs. Goldman and Weiss publicized their successful results with the NS160 for endovenous laser treatment, other physicians also began using the NS160 for endovenous

laser treatment. Defendant received FDA approval for the NS160 in endovenous laser treatment on September 28, 2004. Defendant first sold the NS160 for endovenous laser treatment in October 2004.

The CT3S laser machine was developed from a previous laser machine defendant made, the CT3, which was approved by the FDA for general dermatological surgery and to treat wrinkles on May 21, 2003. The CT3S was first sold for those purposes on October 5, 2004. Defendant received FDA approval for the CT3S in endovenous laser treatment on February 5, 2005. Defendant first sold the CT3S for endovenous laser treatment in February 2005.

INTERROGATORY NO. 3:

For each CoolTouch Product, for each month since the first sale of such CoolTouch Product, state the monthly unit and dollar gross sales, the cost of production (per unit and in gross), the profit margin per unit, the net income chargeable to sales, and the total profit chargeable to sales.

RESPONSE TO INTERROGATORY NO. 3:

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts. Defendant further objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence and is overbroad. Defendant also objects to this interrogatory on the grounds that it seeks information that is trade secret, proprietary, or confidential information of defendant. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant will provide responsive information after a mutually acceptable protective order is entered.

INTERROGATORY NO. 4:

Identify all manufacturer(s) or other source(s) from whom you have purchased the CoolTouch Products since your first sales thereof, and identify all documents concerning such

entities.

RESPONSE TO INTERROGATORY NO. 4:

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts. Defendant further objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence and is overbroad in that it calls for "all documents concerning" the entity. Defendant also objects to this interrogatory on the grounds that it seeks information that is trade secret, proprietary, or confidential information of defendant. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant manufactures the laser machines it sells for endovenous laser treatment.

INTERROGATORY NO. 5:

Identify all persons and entities to whom you sell, have sold or have offered for sale, any CoolTouch Products since you first sales thereof (collectively, your "customers"), and identify all documents concerning those customers.

RESPONSE TO INTERROGATORY NO. 5:

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts. Defendant further objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence and is overbroad in that it calls for "all documents concerning" the customers. Defendant also objects to this interrogatory on the grounds that is seeks information that is trade secret, proprietary, or confidential information of defendant or third parties. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant will provide responsive information after a mutually acceptable protective order is entered.

INTERROGATORY NO. 6:

Identify any and all products or methods that compete with, or constitute alternatives to, the products and methods claimed in the '777 patent.

### RESPONSE TO INTERROGATORY NO. 6:

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts. Defendant further objects to this interrogatory on the grounds that it is vague and ambiguous, seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and is overbroad. Defendant also objects to this interrogatory on the grounds that it seeks information that is trade secret, proprietary, or confidential information of defendant. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant believes that its CTEV (NS160) and CT3S laser machines, the laser machines made by others, and other methods of treating varicose veins (e.g. vein stripping, sclerotherapy, and radiofrequency) may compete with, or constitute alternatives to, the products and methods claimed in the '777 patent.

### INTERROGATORY NO. 7:

Identify all individuals who participate, or have participated, in the following activities with respect to the CoolTouch Products: research, design, development, engineering, testing, manufacture, quality control, regulatory approval, marketing, distribution, importation, purchase, sales, and sourcing.

### RESPONSE TO INTERROGATORY NO. 7:

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts. Defendant further objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence and is overbroad. Defendant also objects to this interrogatory on the grounds that it seeks information that is trade secret, proprietary, or confidential information of defendant or third parties. Notwithstanding these

objections and without waiving these objections, defendant responds as follows: Almost all of defendant's employees, as well as defendant's independent contractors, have participated in one or more of the listed activities. Defendant will provide additional responsive information after a mutually acceptable protective order is entered.

INTERROGATORY NO. 8:

Identify all persons, including physicians, who act or have acted as spokespeople for, or who consult or have consulted with, CoolTouch concerning the CoolTouch Products and/or Laser Vein Treatment.

RESPONSE TO INTERROGATORY NO. 8:

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts. Defendant also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Defendant further objects to this interrogatory on the grounds that it is vague and ambiguous, seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and is overbroad. Defendant also objects to this interrogatory on the grounds that it seeks information that is trade secret, proprietary, or confidential information of defendant or third parties. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Mitchel P. Goldman, M.D.; Robert A. Weiss, M.D.; and Lowell Kabnick, M.D. have acted as spokespersons and/or consultants to defendant for endovenous laser treatment.

INTERROGATORY NO. 9:

Identify all documents and correspondence concerning Diomed, its products, the '777 patent, and any aspect of Laser Vein Treatment.

RESPONSE TO INTERROGATORY NO. 9:

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts. Defendant also objects to this interrogatory on the grounds that it seeks information

protected by the attorney-client privilege and the attorney work product doctrine. Defendant further objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence and is overbroad. Defendant also objects to this interrogatory on the grounds that it seeks information that is trade secret, proprietary, or confidential information of defendant. Notwithstanding these objections and without waiving these objections, defendant responds as follows: the prosecution file history for the '777 patent, documents pertaining to Diomed and other competitions, and documents pertaining to endovenous laser treatment. Defendant will provide additional responsive information after a mutually acceptable protective order is entered.

### INTERROGATORY NO. 10:

Identify all studies, analyses or other evaluations of the '777 patent, and any other patent(s) concerning Laser Vein Treatment, and set forth in detail whether, and if so how, any such documents support or otherwise relate to your defense against the charges of infringement, and/or willful infringement, of the '777 patent.

### RESPONSE TO INTERROGATORY NO. 10:

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts. Defendant also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Defendant further objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence and is overbroad to the extent it seeks information about patents other than the '777 patent. Defendant also objects to this interrogatory on the grounds that is seeks information that is trade secret, proprietary, or confidential information of defendant. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant is not at this time relying on any opinion of counsel as to

issues of noninfringement or lack of willfulness; however, if and to the extent that defendant does rely on an opinion of counsel, defendant will produce the opinion at that time.

INTERROGATORY NO. 11:

State the basis (See L.R. 26.5 for definition) for CoolTouch's Second Affirmative Defense of patent invalidity and the contention(s) of paragraph 12 of CoolTouch's Counterclaims, in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon, including an identification of the Prior Art that you believe invalidates patent.

RESPONSE TO INTERROGATORY NO. 11:

Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion with respect to the legal standard for evidence on summary judgment. Defendant also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant's discovery as to this affirmative defense is ongoing. Defendant will supplement this response when responsive information is obtained.

INTERROGATORY NO. 12:

State the basis for CoolTouch's Third Affirmative Defense of patent invalidity (obviousness) and the contention(s) of paragraph 12 of CoolTouch's Counterclaims, in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon, including an identification of the Prior Art that you believe invalidates patent.

RESPONSE TO INTERROGATORY NO. 12:

Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion with respect to the legal standard for evidence on summary judgment. Defendant also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Notwithstanding these objections and

without waiving these objections, defendant responds as follows: Defendant's discovery as to this affirmative defense is ongoing. Defendant will supplement this response when responsive information is obtained.

### INTERROGATORY NO. 13:

State the basis for CoolTouch's Fourth Affirmative Defense in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon.

### RESPONSE TO INTERROGATORY NO. 13:

Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion with respect to the legal standard for evidence on summary judgment. Defendant also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant's discovery as to this affirmative defense is ongoing. Defendant will supplement this response when responsive information is obtained.

### INTERROGATORY NO. 14:

State the basis for CoolTouch's Fifth Affirmative Defense in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon.

### RESPONSE TO INTERROGATORY NO. 14:

Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion with respect to the legal standard for evidence on summary judgment. Defendant also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant's discovery as to this affirmative defense is ongoing. Defendant will supplement this response when responsive information is obtained.

### INTERROGATORY NO. 15:

State the basis for CoolTouch's Sixth Affirmative Defense in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion with respect to the legal standard for evidence on summary judgment. Defendant also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant's discovery as to this affirmative defense is ongoing. Defendant will supplement this response when responsive information is obtained.

**INTERROGATORY NO. 16:**

State the basis for CoolTouch's Seventh Affirmative Defense in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion with respect to the legal standard for evidence on summary judgment. Defendant also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant believes that plaintiff knows that defendant does not infringe the '777 patent, but has alleged infringement of the '777 patent despite this knowledge, for anticompetitive purposes. In addition, plaintiff's sales representatives have made false statements to defendant's potential customers concerning patent infringement and the legal effect of the '777 patent. Defendant's discovery as to this affirmative defense is ongoing. Defendant will supplement this response with additional responsive information when it is obtained.

**INTERROGATORY NO. 17:**

State the basis for CoolTouch's Eighth Affirmative Defense in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon.

RESPONSE TO INTERROGATORY NO. 17:

Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion with respect to the legal standard for evidence on summary judgment. Defendant also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Defendant further objects to this interrogatory on the grounds that it violates the court's Scheduling Conference Order of February 23, 2005 in that it is premature as defendant cannot state the basis for its contentions regarding noninfringement without the court having first construed the claims.

INTERROGATORY NO. 18:

State the basis for CoolTouch's Tenth Affirmative Defense in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon.

RESPONSE TO INTERROGATORY NO. 18:

Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion with respect to the legal standard for evidence on summary judgment. Defendant also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant's discovery as to this affirmative defense is ongoing. Defendant will supplement this response when responsive information is obtained.

INTERROGATORY NO. 19:

State the basis for CoolTouch's Eleventh Affirmative Defense in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon.

RESPONSE TO INTERROGATORY NO. 19:

Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion

with respect to the legal standard for evidence on summary judgment. Defendant also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant's discovery as to this affirmative defense is ongoing. Defendant will supplement this response when responsive information is obtained.

## INTERROGATORY NO. 20:

State the basis for CoolTouch's Twelfth Affirmative Defense in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon.

## RESPONSE TO INTERROGATORY NO. 20:

Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion with respect to the legal standard for evidence on summary judgment. Defendant also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant believes that plaintiff knows that defendant does not infringe the '777 patent, but has alleged infringement of the '777 patent despite this knowledge, for anticompetitive purposes. In addition, plaintiff's sales representatives have made false statements to defendant's potential customers concerning infringement and the legal effect of the '777 patent. Defendant's discovery as to this affirmative defense is ongoing. Defendant will supplement this response when responsive information is obtained.

## INTERROGATORY NO. 21:

State the basis for CoolTouch's counsel's statement to the Court on February 17, 2005 (during the scheduling conference) that there are non-infringement defenses available to CoolTouch that are not available to either AngioDynamics, Inc. or Vascular Solutions, Inc in response to Diomed's infringement claims based on the '777 patent.

RESPONSE TO INTERROGATORY NO. 21:

Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion. Defendant also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Defendant further objects to this interrogatory on the grounds that it violates the court's Scheduling Conference Order of February 23, 2005 in that it is premature as defendant cannot state the basis for its contentions regarding noninfringement without the court having first construed the claims.

INTERROGATORY NO. 22:

Explain in detail the manner in which you contend that your Laser Vein Treatment achieves the goal of treating superficial vein reflux, and provide the medical and scientific basis for your explanation.

RESPONSE TO INTERROGATORY NO. 22:

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts. Defendant further objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence and is overbroad. Defendant also objects to this interrogatory on the grounds that it seeks information that is trade secret, proprietary, or confidential information of defendant or third parties. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant's marketing materials provided to prospective customers, including scientific publications, contain this information. Copies of these documents are produced with these responses.

INTERROGATORY NO. 23:

Explain in detail the manner in which you contend that your Laser Vein Treatment achieves the goal of treating superficial vein reflux, and provide the medical and scientific basis for your explanation.

RESPONSE TO INTERROGATORY NO. 23:

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts. Defendant further objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence and is overbroad. Defendant also objects to this interrogatory on the grounds that it seeks information that is trade secret, proprietary, or confidential information of defendant or third parties. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant's marketing materials provided to prospective customers, including scientific publications, contain this information. Copies of these documents are produced with these responses.

INTERROGATORY NO. 24:

State whether the tip of the laser fiber is in contact with the vein wall when used in your recommended treatment procedure, and state the basis, including all medical and/or scientific support, for your position on this issue.

RESPONSE TO INTERROGATORY NO. 24:

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts. Notwithstanding these objections and without waiving these objections, defendant responds as follows: In instructing physicians on how to use the CTEV (NS160) and CT3S laser machines for endovenous laser treatment, defendant does not direct the physician to place the laser fiber's tip in contact with the vein wall. In normal use, the laser fiber's tip does not contact the vein wall. The laser energy is emitted through the core of the fiber optic at a shallow angle and a forward direction into the hollow lumen of the vein. The laser energy is transmitted through the fluid in the vein as it spreads out, eventually impinging upon and interacting with the vein wall several mm in front of the fiber optic tip. If, during use, the laser fiber's tip does come into contact with the vein wall, that contact is unintended and inadvertent and has no effect on the treatment of the vein. See defendant's marketing materials, including

scientific publications, provided to prospective customers, copies of which are produced with these responses.

**INTERROGATORY NO. 25:**

Identify all documents and things, including all Prior Art, that support your argument that one or more claims of the '777 patent is invalid.

**RESPONSE TO INTERROGATORY NO. 25:**

Defendant objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant's discovery as to this affirmative defense is ongoing. Defendant will supplement this response when responsive information is obtained.

**INTERROGATORY NO. 26:**

Identify all Diomed products ever in your possession, custody, or control, state the date on which each such Diomed product was acquired, and identify all persons having knowledge of CoolTouch's decision to acquire each such Diomed product.

**RESPONSE TO INTERROGATORY NO. 26:**

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant does not have, and has not at any time had, any such products in its possession, custody, or control.

**INTERROGATORY NO. 27:**

Identify all advertising and marketing materials you use or have used in connection with the CoolTouch Products.

**RESPONSE TO INTERROGATORY NO. 27:**

Defendant objects to this interrogatory on the grounds that it seeks information that is trade secret, proprietary, or confidential information of defendant. Defendant further objects to

this interrogatory on the grounds that it seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence and is overbroad. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant will produce copies of certain marketing materials, including scientific publications, provided to prospective customers. Defendant will provide additional responsive information after a mutually acceptable protective order is entered.

INTERROGATORY NO. 28:

Identify, by date and location, all training programs you have provided or will provide with respect to Laser Vein Treatment, identify all individuals involved in and/or attending such programs, and identify all documents concerning such programs.

RESPONSE TO INTERROGATORY NO. 28:

Defendant objects to this interrogatory on the grounds that it seeks information that is trade secret, proprietary, or confidential information of defendant. Defendant further objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence and is overbroad. Notwithstanding these objections and without waiving these objections, defendant responds as follows: Defendant will produce copies of certain marketing materials, including scientific publications, provided to prospective customers. Defendant will provide additional responsive information after a mutually acceptable protective order is entered.

INTERROGATORY NO. 29:

Identify each person whom you may use as an expert witness at trial, and state in detail the opinion(s) to be provided by such person(s).

RESPONSE TO INTERROGATORY NO. 29:

Defendant objects to this interrogatory on the grounds that it is compound and contains

subparts, seeks information protected by the attorney-client privilege and the attorney work product doctrine, and is premature under Federal Rules of Civil Procedure, Rule 26(a)(2)(C) in that it requires the disclosure of expert witnesses and testimony before such disclosure is required pursuant to the court's Scheduling Conference Order of February 23, 2005.

INTERROGATORY NO. 30:

Identify each person consulted in connection with the preparation of responses to the foregoing interrogatories, and/or consulted in connection with this lawsuit in any way, and identify the subject matter discussed with each such person.

RESPONSE TO INTERROGATORY NO. 30:

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts, seeks information protected by the attorney-client privilege and the attorney work product doctrine, and is premature under Federal Rules of Civil Procedure, Rule 26(a)(2)(C) in that it requires the disclosure of expert witnesses and testimony before such disclosure is required pursuant to the court's Scheduling Conference Order of February 23, 2005. Notwithstanding these objections and without waiving these objections, defendant responds as follows: The following persons were consulted in the preparation of these interrogatory responses: David R. Hennings.

INTERROGATORY NO. 31:

For each Request for Admission set forth in the accompanying Diomed's First Requests for Admission to CoolTouch, if you do not respond with a complete admission, then state the basis for your denial or other failure to respond with a complete admission.

RESPONSE TO INTERROGATORY NO. 31:

Defendant objects to this interrogatory on the grounds that it is compound and contains subparts and seeks information protected by the attorney-client privilege and the attorney work product doctrine. Notwithstanding these objections and without waiving these objections, defendant responds as follows:

### Request No. 4

An optical fiber is not, by itself, capable of emitting anything, and therefore, has no "laser emitting section." It must be connected to a source or generator of laser energy.

### Request No. 5

Because the optical fiber has no "laser emitting section," it cannot have a laser emitting section located at its tip.

### Request No. 6

In the normal use of the laser machines in endovenous laser treatment, the optical fiber does not touch the inner wall of the vein.

### Request No. 7

See response to the request for admission.

Dated: March 25, 2005

Weintraub Genshlea Chediak Sproul
A Law Corporation

*/s/ Audrey A. Millemann*
Audrey A. Millemann (Cal. Bar No. 124954)
400 Capitol Mall, 11th floor
Sacramento, Ca 95814
(916) 558-6000

Attorneys for Defendant New Star Lasers, Inc.

Diomed, Inc. v. New Star Lasers, Inc. dba Cool Touch Inc.
United States District Court, District of Massachusetts
Case No.: 04-CV-12157-RGS

## PROOF OF SERVICE

I am a citizen of the United States, employed in the City and County of Sacramento, California. My business address is 400 Capitol Mall, 11th Floor, Sacramento, California 95814. I am over the age of 18 and not a party to, nor interested in, the within action. On this date, I caused to be served the following document:

### RESPONSE OF DEFENDANT NEW STAR LASERS, INC. TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

__X__   United States mail by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing mail in accordance with this office's practice whereby the mail is deposited in a United States mailbox at the close of the day's business.

_____   By personally delivering, or causing to be delivered, a true copy thereof to the persons and the addresses set forth below.

_____   Via overnight delivery.

_____   Via facsimile.

Michael A. Albert
Michael N. Rader
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206

William A. Zucker
Gadsby Hannah LLP
225 Franklin Street
Boston, Massachusetts 02110

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 25, 2005 at Sacramento, California.

_____
Teri Maldonado