IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIOMED, INC.,

       Plaintiff,

v.

TOTAL VEIN SOLUTIONS, LLC,

       Defendant.

CIVIL ACTION NO. 04-CV-10686 NMG

**DIOMED'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION
TO COMPEL AND IN OPPOSITION TO TVS's CROSS-MOTION TO STAY**

At the June 7, 2007 hearing on Diomed's Motion to Compel and TVS's cross-motion to stay this case, the Court requested that Diomed submit a supplemental statement regarding the law of inducement of patent infringement under 35 U.S.C. § 271(b).

Inducement is a central issue in the pending motions. Diomed alleges that TVS is liable for both types of "indirect infringement" – contributory infringement under § 271(c), and inducement of infringement under § 271(b).[1] TVS maintains that it cannot be liable at all if "Diomed fails to establish direct infringement with respect to the laser technologies and techniques of <u>all</u> of the other defendants." (D.I. 46 at 2) (emphasis added). Under the law of inducement, however, this simply is not true.

Contributory infringement specifically requires that the product accused of infringement have no "substantial noninfringing use." 35 U.S.C. § 271(c). By contrast, the category of inducement under § 271(b) is broader, applying to "[w]hoever actively induces infringement of a patent."

---

[1] Diomed relies on both inducement and contributory infringement in its motion for preliminary injunctive relief. (D.I. 47).

The Supreme Court recently addressed this issue, holding that distributors of "peer-to-peer" software for exchanging digital files can be liable for inducing copyright infringement **even though the software is also capable of "substantial noninfringing uses."** Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 932-37 (2005).  The Court drew on patent and copyright authority and made clear that the rule is the same in both contexts. Id.[2]

Notably, in Grokster the Ninth Circuit had concluded that Sony Corp. of America v. Universal City Studios, Inc., 464 U.S. 417 (1984) – the "Betamax" case cited by TVS's counsel during oral argument – precluded a finding of indirect infringement by software that was capable of substantial noninfringing uses (just as TVS's counsel argued to this Court).  The Supreme Court, however, expressly rejected that interpretation of Sony:

> This view of Sony, however, was error … where evidence goes beyond a product's characteristics or the knowledge that it may be put to infringing uses, and shows statements or actions directed to promoting infringement, Sony's staple-article rule will not preclude liability.

Id. at 934.  In the present case, there is ample evidence of TVS's "statements or actions directed to promoting infringement." (D.I. 47).  As a matter of law, Sony (the "Betamax" case) would not help TVS avoid a finding of inducement even if TVS could somehow establish that its products have substantial non-infringing uses.

Patent authority from the Federal Circuit confirms this.  In Dynacore Holdings Corp. v. U.S. Philips Corp., 363 F.3d 1263 (Fed. Cir. 2004), the Federal Circuit emphasized that "although a seller of a device that is capable of substantial noninfringing use will not be liable for contributory infringement, liability may still be established under § 271(b) if, in addition to the sale of that product, active steps are taken to encourage direct infringement." Id. at 1276 n.6.

---

[2] See also MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1379 (Fed. Cir. 2005) (citing Grokster for inducement principles in patent law).

See also <u>Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus.</u>, 145 F.3d 1303, 1312 (Fed. Cir. 1998) (affirming summary judgment of inducement where defendant advertised and caused non-infringing as well as infringing uses); <u>Allergan Sales, Inc. v. Pharmacia & Upjohn, Inc.</u>, 41 U.S.P.Q.2d 1283, 1287 (S.D. Cal. 1996) (granting preliminary injunction: "[A]lthough a seller of a device that is capable of substantial non-infringing use will not be liable for contributory infringement, liability may still be established under Section 271(b).").

In short, TVS's contention that non-infringing uses for its products (if any existed) would somehow entitle it to a judgment of no inducement is simply wrong, inviting adoption of a view that the Supreme Court has deemed legal error.

TVS's cross-motion is a legally erroneous distraction from the central issue properly before this Court on Diomed's Motion to Compel – simply put, whether Diomed may obtain basic patent infringement discovery to which even TVS has repeatedly conceded Diomed is entitled. (D.I. 39 at 7; D.I. 46 at 9).

        Respectfully submitted,
        DIOMED, INC.
        By its attorneys,

Dated: <u>June 7, 2007</u>        <u>/s/ Michael N. Rader</u>
        Michael A. Albert (BBO #558566)
        malbert@wolfgreenfield.com
        Michael N. Rader (BBO #646990)
        mrader@wolfgreenfield.com
        John L. Strand (BBO #654985)
        jstrand@wolfgreenfield.com
        WOLF, GREENFIELD & SACKS, P.C.
        600 Atlantic Avenue
        Boston, MA 02210
        (617) 646-8000