UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV10686-NMG

DIOMED, INC.,

Plaintiff

v.

TOTAL VEIN SOLUTIONS, LLC,
Defendant

CONSOLIDATED ORDER ON:

DIOMED'S MOTION TO COMPEL
*(Docket # 34)*

and

TOTAL VEIN SOLUTION'S CROSS-MOTION TO STAY
*(Docket # 39)*

ALEXANDER, M.J.

Plaintiff, Diomed, Inc. ("Diomed"), filed the instant motion to compel on January 30, 2007. Diomed seeks to compel Defendant, Total Vein Solutions, LLC ("TVS"), to produce certain answers to interrogatories, documents, and employees for deposition. TVS responds with a cross-motion to stay the proceedings until the resolution of certain separate cases pending in this District.

At the outset, TVS does not dispute that if this Court denies its motion to stay, it is obligated to answer the discovery requests propounded by Diomed.[1] Accordingly, this Court need only focus its attention on the merits of staying this action. For the reasons articulated below, this Court finds that a stay of these proceedings is not warranted.

Briefly, this action involves a patent dispute over technology and techniques related to certain "laser" surgical treatments for varicose veins. The patent at issue is the "'777 patent". TVS is a conceded "minor participant" in this matter, being principally a supplier of generic disposable laser fibers and certain "procedure packs" with other common sterile components. Other companies involved in the related lawsuits, considered more significant participants, are manufacturers of lasers and sell services for physician training.

There are currently three other related actions pending before Judge Gorton in this District.[2] TVS avers that the instant action is directly tied to these three actions because TVS is not accused of direct patent infringement, but only contributory or inducing infringement claims. TVS' principle argument is that staying the current

---

[1] Reserving, of course, the right to object and withhold privileged materials as its may deem necessary.

[2] 04cv12157 (referred to as "CoolTouch"); 07cv10612 (referred to as "Dornier"); and 04cv10019 (referred to by either name of the consolidated defendants as "Angiodynamics" or "VSI").

2

action pending the outcome of the related actions would conserve judicial and party resources without any substantial hardship to Diomed. TVS avers that allowing a stay would permit key issues of direct infringement of the '777 patent for the different laser technologies and techniques to be litigated by the parties best positioned to address them – the "direct" infringers. As such, according to TVS, if Diomed fails to establish direct infringement with respect to the subject technologies and techniques at issue in the related cases, Diomed's case against TVS must fail.

Diomed, on the other hand, contends that discovery should proceed in this case because the "identical" issues are not being litigated in the other actions. Faigin v. Kelly, 184 F.3d 67, 78 (1st Cir. 1999); Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 30-31 (1st Cir. 1994). Diomed avers that even a jury verdict that a defendant from a related case did not infringe on the '777 patent would not bind Diomed against TVS because the issue here is whether TVS customers committed infringement (as opposed to Angiodynamics, VSI, CoolTouch, or Dornier customers). Dynacore Holding Corp. v. U.S. Philips Corp., 363 F.3d 1263, 1278 (Fed. Cir. 2004) (explaining that liability for infringement may still be established if the good has substantial non-infringing uses if it can be shown that active steps were taken to encourage direct infringement). Diomed also cites TVS's "stalling" of discovery for

3

over a year and TVS's alleged price-cutting and unfair market-share acquisition tactics as reasons to deny the motion to stay.

It is axiomatic that granting a motion to stay is within the discretion of this Court. See, e.g., Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Nor is it a novel proposition that a stay will most likely be granted in situations likely to conserve judicial and party time, resources, and energy. See, e.g., Uniroyal, Inc. v. Sperberg, 63 F.R.D. 55, 60 (S.D.N.Y. 1973). After reviewing the papers and conducting a hearing, this Court sees no reason why discovery should not proceed in this case. Quite simply, TVS has not articulated a sufficient reason to delay the adjudication of this action any further.

TVS's primary contention relies on the doctrine of issue preclusion. Simply, TVS argues that the resolution of the related matters before Judge Gorton (or on appeal to the Federal Circuit) will definitively resolve the issues before this Court. This argument is not persuasive, however, under the direction of the First Circuit in Faigin v. Kelly, 184 F.3d 67 (1st Cir. 1999). In Faigin, the First Circuit explains that the doctrine of issue preclusion applies only in "situations where the matter raised in the second suit is identical in all respects with that decided in the first proceedings." Id. at 78. Here, the issues presented in this action are not "identical in all respects" to the issues being litigated in the other related matters. While the same '777 patent

may be at issue universally, the contested acts of infringement necessarily differ. This is so, simply because the other defendants are different companies, wholly independent of TVS, who produce different products, engage in different interactions with customers, and rely on different marketing and management strategies. The actions and intentions of these companies cannot be imputed to TVS or vice versa. Thus, even if no infringement were found in these related matters, it is altogether possible that the actions and intentions of TVS may nonetheless be found to infringe.

Further, Diomed's supplemental briefing, as requested by this Court, on the law of inducement of patent infringement under 35 U.S.C. § 271(b) supplies further support for this conclusion. The United States Supreme Court has opined on the issue and explained that liability may be had for infringement even when a product is capable of "substantial non-infringing use," as TVS describes its product. Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 932-37 (2005). This Court agrees with this view as well as the Federal Circuit's explanation that "although a seller of a device that is capable of substantial noninfringing use will not be liable for contributory infringement, liability may still be established under § 271(b) if, in addition to the sale of that product, active steps are taken to encourage direct infringement." Dynacore, 363 F.3d at 1276 n.6. TVS's argument, therefore, that its products' capability for non-infringing use somehow automatically insulates it from

liability is incorrect. Diomed may very well be able to show that "active steps" were undertaken that would rise to the level of infringement.

Likewise, the possibility of finding liability in simply the encouragement of infringement demonstrates the inherent differences between defendants in these related actions. No one defendant's actions of encouragement, if they exist, will be the same. As such, proceeding with discovery in this case is the appropriate way to flesh out TVS's role, if any, in any alleged infringing conduct.

This Court makes swift work of TVS's alternative arguments. First, that a stay would likely allow time for the Federal Circuit to provide guidance on key issues of claim construction, infringement, and patent validity. In support of this notion, TVS relies heavily on an anticipated appeal before the Federal Circuit in the Angiodynamics/VSI litigation, where Diomed recently received a jury verdict in its favor. Thus, TVS insists, issues reviewed by the Federal Circuit in that appeal will almost certainly have a direct impact on the instant case.

The Federal Circuit may indeed issue a relevant and significant decision on a related appeal. However, Landis instructs that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." 299 U.S. at 255. Further, this Court does not find that the issues in this case rise to the level espoused by the First Circuit

6

as ones of "public moment" that would make some profound impact in the law or society generally. See, e.g., Taunton Gardens Co. v. Hills, 557 F.2d 877 at 879 (1st Cir. 1977) (affirming the issuance of a stay pending the outcome of a publicly momentous class action determining the distribution of government funds). The instant patent litigations do not rise to this level.

Second, that a stay would relieve the Court from an obligation to address certain difficult issues of privilege and waiver with respect to Dornier. This issue stems from the fact that TVS's principal, David Centanni, is a former Dornier employee with intimate knowledge of Dornier proprietary information. Should discovery proceed in this case, argues TVS, complex issues of privilege and waiver with regard to Mr. Centanni's testimony would have to be addressed - issues that may never need be resolved after the resolution of the other related litigations.

This Court has a "virtually unflagging obligation . . . to exercise the jurisdiction given [to it]." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976); Currie v. Group Ins. Comm'n, 290 F.3d 1, 10 (1st Cir. 2002). As such, this Court is not in the habit of shirking its responsibility to adjudicate matters properly before it because they may be difficult or novel. See, e.g., Privitera v. Cal. Bd. of Med. Quality Assurance, 926 F.2d 890, 896 (9th Cir. 1991) (vacating the stay entered by the District Court, because a stay based simply on a District Court's desire

to avoid adjudicating the underlying case and not on a bases such as allowing a state to interpret its own laws or to avoid duplicative litigation is inappropriate). Today will be no different.

Accordingly, in that this Court finds that there is no reason to delay this litigation, Total Vein Solutions, LLC's motion to stay is DENIED. It is further ORDERED that Diomed's motion to compel is ALLOWED and the parties are directed to proceed with discovery immediately.

SO ORDERED

7/13/07  /s/ Joyce London Alexander
Date  United States Magistrate Judge