**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DIOMED, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 04-10686 RGS** |
| **TOTAL VEIN SOLUTIONS, LLC,** | |
| **Defendant.** | |

**DEFENDANT TOTAL VEIN SOLUTIONS'**
**RESPONSES TO PLAINTIFF DIOMED'S FIRST INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of The United States District Court for the District of Massachusetts, Total Vein Solutions, LLC ("TVS"), the defendant, responds to Diomed, Inc.'s ("Diomed"), the plaintiff, first set of interrogatories as follows:

**GENERAL OBJECTIONS**

The following general objections are incorporated by reference and apply to all of TVS' responses to the interrogatories.

1. TVS objects to each and every interrogatory to the extent that such interrogatory seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules.

2. TVS objects to each and every interrogatory to the extent it seeks the disclosure of information that is not relevant to any claim or defense in this action, or reasonably likely to lead to the discovery of admissible evidence that is relevant to any claim or defense, under Rule 26(b)(1) of the Federal Rules.

## INTERROGATORY NO. 6

Identify any and all products or methods that compete with, or constitute alternatives to, the products and methods claimed in the `777 patent.

### RESPONSE:

TVS specifically asserts all the general objections. Diomed, as the `777 patentee, is better positioned than TVS to possess this requested information. Because TVS has limited knowledge of the `777 patent it has insufficient knowledge at this time to provide an answer to this interrogatory.


## INTERROGATORY NO. 7

Identify all individuals who participate, or have participated, in the following activities with respect to the TVS Products:    research, design, development, engineering, testing, manufacture, quality control, regulatory approval, marketing, distribution, importation, purchase, sales, and sourcing.

### RESPONSE:

TVS specifically asserts all the general objections. TVS is a distributor of medical products. TVS did not research, design, develop, engineer, test, manufacture, test for quality, and/or seek regulatory approval of TVS products. TVS is not aware of the identity of such persons. Tyrell L. Schiek of TVS, participated in marketing, distribution, purchase, sales, and sourcing of the TVS Products. TVS has not imported any products.

Respectfully submitted,

TOTAL VEIN SOLUTIONS, LLC

By its attorneys,

Merton E. Thompson n/p Thomas O'Paul

Merton E. Thompson
BBO #637056
Burns & Levinson LLP
125 Summer Street
Boston, MA  02110
Tel:  (617) 345-3000
Fax:  (617) 345-3299

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Total Vein Solutions, LLC's Answer, Affirmative Defenses and Counterclaim has been served on the following by First Class U.S. Mail, postage prepaid, this December ___, 2004.

Michael A. Albert
James J. Foster
Michael N. Rader
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 720-3500


_____
Elizabeth Ducote