UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| DIOMED, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOTAL VEIN SOLUTIONS, LLC, <br><br> Defendant. | Civil Action No. 04-10686 NMG |

**TOTAL VEIN SOLUTIONS' OPPOSITION TO DIOMED'S
MOTION FOR LEAVE TO AMEND ITS COMPLAINT BY ADDING
DAVID S. CENTANNI AND TYRELL L. SCHIEK AS DEFENDANTS**

Defendant Total Vein Solutions, LLC, ("TVS") hereby files this opposition to Diomed's Motion for Leave to Amend Its Complaint by Adding David S. Centanni and Tyrell L. Schiek as Defendants. This is Diomed's second attempt to add Centanni and Schiek as defendants, its previous attempt being properly rejected by Judge Stearns. Because this court lacks personal jurisdiction over Centanni and Schiek, amendment would be futile and should be denied.

**DISCUSSION**

Diomed does not argue – nor could it show – that personal jurisdiction over Centanni and Schiek is appropriate because Diomed can "pierce the corporate veil."[1] Instead, Diomed relies solely on an argument that Centanni and Schiek had sufficient personal contact with Massachusetts to give this court personal jurisdiction over them as

---

[1] TVS's the briefing from its previous opposition (Document No. 10, filed February 7, 2005) to Diomed's previous motion for leave to amend, is attached as Exhibit A and incorporated herein by reference.

individuals. Centanni and Schiek did not have sufficient personal contact with Massachusetts to give the Court personal jurisdiction over them.

### I. Centanni and Schiek Have Had Limited Personal Contact with Massachusetts

The cases that Diomed relies upon to support personal jurisdiction over Centanni and Schiek involve repeated and persistent personal contact with Massachusetts by the corporate officers at issue. See Trans National Travel, Inc. v. Sun Pacific Int'l, Inc., 10 F. Supp. 2d 79, 83 (D. Mass. 1998) ("Fleming's contacts with Massachusetts include a number of telephone calls, letters, and facsimiles made and sent on behalf of Sun Pacific, the corporate defendant in this case."); Yankee Group, Inc. v. Yamashita, 678 F. Supp. 20, 23 (D. Mass. 1988) ([T]he defendant visited Massachusetts two or three times a year for several years to conduct business with Yankee. He also conducted business by phoning Yankee officials, sending letters and transmitting telexes . . . and through them, Yamshita established an on-going business relationship with Yankee . . . .").

In this case, any contacts that Centanni and Schiek had with Massachusetts individually were far more limited. See Declaration of David Centanni and Declaration of Tyrell Schiek (Exhibits B and C) (hereinafter "Centanni & Schiek Decls."). Both Centanni and Schiek are residents of Texas. Centanni & Schiek Decls. ¶ 1. Neither Centanni nor Schiek has traveled to Massachusetts to conduct business on behalf of TVS. Centanni & Schiek Decls. ¶ 2. Neither has any recollection of sending faxes or emails or making phone calls to Massachusetts on behalf of TVS. Id. Most contacts with customers in Massachusetts and elsewhere have been handled by other employees of TDS. Id. ¶ 3. Neither TVS generally nor Centanni and Schiek individually have specifically targeted their marketing operations at Massachusetts. Id. ¶¶ 4-5.

Any limited business contacts that Centanni and Schiek might have had with Massachusetts are not sufficient to establish personal jurisdiction over Centanni and Schiek.  See, e.g., Massachusetts School of Law at Andover, Inc. v. American Bar Association, 142 F.3d 26, 36 (1st Cir. 1998) (finding no personal jurisdiction over chairman of ABA committee that had rejected law school's application for accreditation, despite chairman's participation in two meetings in Massachusetts, phone call to school's dean in Massachusetts, and mailing of report on school to Massachusetts).

**II.  Finding Jurisdiction Over Centanni and Schiek Would Not Comport with Due Process**

Even if the Court finds that Centanni and Schiek's limited contacts with Massachusetts satisfy the Massachusetts long arm statute, the Court must also analyze whether personal jurisdiction over Centanni and Schiek comports with due process, *i.e.*, that they might "fairly be said to have participated in the economic life of Massachusetts."  LaForest v. Ameriquest Mortgage Co., 383 F.Supp.2d 278, 285 (D. Mass. 2005) (citing Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 144 (1st Cir. 1995)).  This inquiry has three components:  relatedness, purposeful availment (minimum contacts), and reasonableness. Id.

With respect to relatedness, Diomed's allegations regarding Centanni and Schiek's alleged infringement are detailed in paragraph 23 and 24 of Diomed's proposed amended complaint, in which Diomed alleges as follows:

> 23.    Defendants sell components and kits for laser treatment of blood vessels, including laser fibers (collectively, the "Defendants' Products").  Defendants advertise that the Defendants' Products are 'compatible with' and 'for use with' Diomed lasers (the "Defendants' Advertising").
>
> 24.    Defendants instruct physicians in using the Defendants' Products, at least through a professional training video entitled "The Diagnosis and Treatment of

Saphenous Vein Incompetence Using Duplex Ultrasound" (the "Defendants' Instructions").

The asserted claims in Diomed's patent require a physician to use a laser energy emitting device in a very specific and deliberate manner. TVS personnel are not physicians who perform medical procedures. Thus, the only actions that could arguably constitute inducement of patent infringement would be the sales, advertising and purported instructing described in paragraph 23 and 24. Diomed has not and could not show that any of these activities were targeted at individuals in Massachusetts.[2] For instance, the video described was only sent to 10 doctors (who have since returned or disposed of them), none of whom are located in Massachusetts. Centanni & Schiek Decls ¶ 5. None of TVS's advertising is targeted at individuals in Massachusetts. Id.. Thus, Centanni and Schiek's limited contacts with Massachusetts are not related to Diomed's alleged acts of infringement. Similarly, Centanni and Schiek's failure to specifically target Massachusetts indicates that they did not purposefully avail themselves of the benefits of doing business in Massachusetts and had no reason to anticipate that they could personally be hauled into court in Massachusetts. Id. ¶¶ 5, 8.

In analyzing "reasonableness," courts consider five factors: (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies. LaForest, 383 F.Supp.2d at 287 (citing Foster-Miller, 46 F.3d at 150). Given Centanni and Schiek's

---

[2] Indeed, Diomed's inducement claims against TVS and Centanni and Schiek (if they were added as defendants) will ultimately fail because Diomed will be unable to show that TVS or any of its employees ever knowingly induced any doctor to use TVS generic medical supplies in the specific and deliberate manner required by every asserted claim of Diomed's patent.

importance to their company in Houston, adjudicating Diomed's patent infringement suit in Boston would be highly burdensome. Centanni & Schiek Decls ¶ 9. This is especially so in light of the fact that nearly identical claims against TVS will likely be decided by the bankruptcy court in Houston. As discussed above, Massachusetts has no particular interest in deciding this matter, given Centanni and Schiek's limited contacts with the state and the fact that less than 1% of TVS's sales are made in Massachusetts. Id. ¶ 6.[3] There would be nothing convenient and effective about allowing Diomed to litigate its patent infringement case both here and in Houston. Deciding all of the patent infringement issues in Houston would satisfy both the judicial system's interest in obtaining the most effective resolution of the controversy and preserving judicial resources. All of the due process factors favor a finding of no personal jurisdiction over Centanni and Schiek.

In an apparent attempt to prejudice the court against Centanni and Schiek, Diomed highlights Centanni and Schiek's withdrawal of money from TVS during 2007. In reality, Centanni and Schiek's withdrawals from TVS during the history of the company, their only compensation for their work with the company, have been quite modest. Centanni and Schiek have respectively withdrawn approximately $845,361 and $870,037 from TVS over the nearly five year history of the company, approximately one-third of which has gone to the payment of income taxes. Id. ¶ 7. Centanni and Schiek's compensation for five years of work with TVS does not justify finding personal jurisdiction over them where personal contacts with Massachusetts are lacking.

---

[3] Moreover, Diomed continues to acknowledge that TVS is a "minor participant" in the market in which Diomed participates. See Diomed Corporate Overview dated November 9, 2007, p. 23, downloaded on March 4, 2008 from Diomed's website, at <http://ir.diomedinc.com/phoenix.zhtml?c=130934&p=irol-irhome> (Ex. D).

## **CONCLUSION**

For the above reasons, the Court should deny Diomed's motion for leave to amend its complaint to add Centanni and Schiek as defendants.

Date:  March 4, 2008            Respectfully Submitted,

                                                  TOTAL VEIN SOLUTIONS, LLC,
                                                By its attorneys,

                                                /s/  Merton E. Thompson
                                                Merton E. Thompson
                                                BBO #637056
                                                BURNS & LEVINSON LLP
                                                125 Summer Street
                                                Boston, MA 02110
                                                Tel: (617) 345-3000
                                                Fax: (617) 345-3299

                                                Barden Todd Patterson
                                                (admitted *pro hac vice*)
                                                Henry M. Pogorzelski
                                                (admitted *pro hac vice*)
                                                PATTERSON & SHERIDAN, LLP
                                                3040 Post Oak Boulevard, Suite 1500
                                                Houston, Texas 77056
                                                Tel:  (713) 623-4844
                                                Fax:  (713) 623-4846

                                                Craig V. Depew
                                                (admitted *pro hac vice*)
                                                CLARK, DEPEW & TRACEY, LLP
                                                4400 Louisiana, 16th Floor
                                                Houston, Texas  77002
                                                Tel: (713) 757-1400
                                                Fax: (713) 759-1217

                                                ATTORNEYS FOR DEFENDANT
                                                TOTAL VEIN SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

     I hereby certify that today I caused a true and correct copy of this *Total Vein Solutions' Opposition to Diomed's Motion For Leave to Amend Its Complaint by Adding David S. Centanni and Tyrell L. Schiek as Defendants* to be served through the ECF system and by electronic mail upon the following counsel of record:

          Michael A. Albert
          Michael N. Rader
          John L. Strand
          WOLF, GREENFIELD & SACKS, P.C.
          600 Atlantic Avenue
          Boston, Massachusetts  02210
          Tel:  (617) 646-8000
          Fax:  (617) 646-8646

          ATTORNEYS FOR PLAINTIFF DIOMED, INC.

            /s/  Merton E. Thompson