# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

DIOMED, INC.

      Plaintiffs,

v.                                   Civil Action No. 04-10686 RGS

TOTAL VEIN SOLUTIONS, LLC

      Defendant

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.    SUMMARY OF ARGUMENTS ................................................................................. 1

II.   DEFENDANT'S STATEMENT OF FACTS ........................................................... 1

III.  ARGUMENT ........................................................................................................... 3

       1.   Plaintiff has failed to sufficiently plead personal jurisdiction of this Court over Centanni and Schiek ........................................................... 4

       2.   Even if Plaintiff had properly pleaded personal jurisdiction of this Court over Centanni and Schiek, such pleadings could not be factually supported ........................................................................................ 9

            a.   This Court lacks personal jurisdiction over Centanni and Schiek individually because they lack minimum contacts with Massachusetts outside of their activities for TVS ................. 9

            b.   This Court lacks personal jurisdiction over Centanni and Schiek on an alter ego theory because the corporate veil should not be pierced ............................................................... 10

IV.   CONCLUSION ...................................................................................................... 13

       1.   Plaintiff's motion for leave to amend its complaint should be denied ................................................................................................... 13

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Akro Corp. v. Luker*
    45 F.3d 1541 (Fed. Cir. 1995)..................................................................................5

*Amhil Enterprises Ltd. v. Wawa, Inc.,*
    34 U.S.P.Q.2d 1640 (D. Md. 1994), *aff'd on other grounds*................5, 6, 7, 8, 11, 12

*Beverly Hills Fan Co. v. Royal Sovereign Corp.,*
    21 F.3d 1558 ......................................................................................................5

*Cobb v. Supreme Judicial Court of Massachusetts,*
    334 F.Supp.2d 60 ............................................................................................13

*Dalmau Rodriquez v. Hughes Aircraft Corp.,*
    781 F.2d 9 ..........................................................................................................5

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,*
    290 F.3d 42 ........................................................................................................4

*Donatelli v. National Hockey League,*
    893 F.2d 459 ......................................................................................................5

*Foman v. Davis,*
    371 U.S. 178, 9 L.Ed.2d 224...........................................................................3, 13

*Foster-Miller, Inc. v. Babcock & Wilcox Canada,*
    46 F.3d 138 ......................................................................................................5, 7

*Freedom Wireless, Inc. v. Boston Comm. Group, Inc.,*
    218 F.Supp.2d 19 .........................................................................................4, 5, 13

*International Shoe Co. v. State of Washington,*
    326 U.S. 310, 66 S.Ct. 154 [90 L.Ed. 95].............................................................4

*Laborers Pension Fund v. Litgen Concrete Cutting & Coring,*
    709 F.Supp. 140 .......................................................................................6, 8, 10, 11

*Manville Sales Corp. v. Paramount Systems, Inc.,*
    917 F.2d, 544 ...................................................................................................10

*McNutt v. General Motors Acceptance Corp.,*
    298 U.S. 178, 56 S.Ct. 780 [80 L.Ed. 113].............................................................5

**TABLE OF CONTENTS**
(continued)

Page

*Minnesota Min. & Manufacturing Co. v. Eco Chemical, Inc.,*
   757 F.2d 1256 ................................................................................................8

*Mobil Oil Corp. v. Linear Films, Inc.,*
   718 F.Supp. 260 ...............................................................6, 10 11, 13

*Orthokinetics, Inc. v. Safety Travel Chairs, Inc.,*
   805 F.2d 1565 .................................................................................................11

*Sawtelle v. Farrell,*
   70 F.3d 1381 ....................................................................................................4

*Ticketmaster-New York, Inc v. Aliota*
   26 F.3d 201 .......................................................................................................4

*United Electrical, Radio and Machine Workers of America*
   *v. 163 Pleasant Street Corp.,* 960 F.2d 1080 .......................................5, 9 10

*U. S. v. Nicolet, Inc.,* 712 F.Supp. 1193 ................................................................10

*U.S. v. Swiss America Bank, Ltd.,*191 F.3d 30........................................................4

*Watsco, Inc. v. International Controls and Measurements Corp.,*
   853 F.Supp. 585 .............................................................................................10

*Zubik v. Zubik,*
   384 F.2d 267 (3rd Cir. 1967), *cert. denied,*
   390 U.S. 988, 88 S.Ct. 1183, 19 L.Ed.2d 1291..........................................11

**STATE CASES**

*Automatic Sprinkler Corp. of America v. Seneca Foods Corp.,*
   361 Mass. 441, 280 N.E.2d 423 ......................................................................4

**FEDERAL STATUTES**

35 U.S.C. § 271 ...............................................................................................10, 11

Federal Rule of Civil Procedure 15 ........................................................................3

**STATE STATUTES**

Mass. Gen. Laws ch. 223A, § 3 ............................................................................4

## I.    SUMMARY OF ARGUMENTS

Defendant Total Vein Solutions, LLC ("TVS") opposes Plaintiff Diomed, Inc.'s ("Plaintiff") motion for leave to file an amended complaint to add David S. Centanni ("Centanni") and Tyrell L. Schiek ("Schiek") as Defendants [Docket No. 9] because this Court lacks personal jurisdiction over Centanni and Schiek. The amendment sought by Plaintiff would therefore be futile and is proposed primarily to harass the individual owners of the corporate defendant, TVS.

Centanni and Schiek are officers, directors, and shareholders of the corporate defendant, TVS. Neither live or work in Massachusetts. The two have visited the state a combined total of three times for personal reasons unrelated to this case.

Plaintiff has not pled, and cannot establish, facts to support general or specific personal jurisdiction. Plaintiff cannot bootstrap personal jurisdiction over corporate officers based on the activities of the company. Plaintiff must establish minimum contacts of the officers in their individual capacities, or, alternatively, pierce the corporate veil. Plaintiff fails to plead either, and could not support such allegations if made.

Plaintiff seeks to add the individual defendants solely to harass, and cannot establish personal jurisdiction over them. Without jurisdiction, the amendment is futile and should be denied.

DEFENDANT'S STATEMENT OF FACTS

1.      Plaintiff sued TVS on April 5, 2004 for patent infringement of a method and apparatus to treat varicose veins.

2.      Written discovery is in progress. No depositions have been taken.

3.      Plaintiff moved on January 13, 2005 to amend the Original Complaint to add Centanni and Schiek.

4.      Centanni and Schiek do not have sufficient contacts with Massachusetts as detailed below and as supported by the attached Declarations of Centanni (Exhibit A) and Schiek (Exhibit B):

> (a)      Centanni has never conducted business activities in Massachusetts in his individual capacity.
>
> (b)      Centanni has never attended a trade show for TVS in Massachusetts or visited Massachusetts on TVS business.
>
> (c)      Centanni has only been physically present in Massachusetts on two occasions, both of which were before his involvement with TVS; once on vacation, and once to visit his former employer.
>
> (d)      Centanni has not represented TVS at trade shows.
>
> (e)      Schiek has never conducted business activities in Massachusetts in her individual capacity.
>
> (f)      Schiek has never attended a trade show in Massachusetts or visited Massachusetts on TVS business.
>
> (g)      Schiek has only been physically present in Massachusetts on one occasion; for a vacation which occurred before her involvement with TVS.
>
> (h)      TVS was formed in June of 2003, and began operations in October, 2003.

(i)     TVS is a limited liability company, organized under the laws of Texas and is now, and has been since its inception, a going concern in good standing with the state of Texas

(j)     TVS was capitalized at its inception in the amount of $6,000.00, and has been capitalized since that time with an additional $60,000.

(k)     TVS has insurance commensurate with companies of its size and business, including general liability insurance and workers compensation insurance.

(l)     The entity TVS is now and has been since its inception, separate and distinct from Centanni and Schiek.

(m)     Neither Centanni nor Schiek has ever commingled funds with TVS.

(n)     TVS maintains and has maintained, since its inception, corporate records. The Board of Directors consists of David S. Centanni and Tyrell L. Schiek.

(o)     The Board of Directors of TVS meets regularly and has met regularly since the inception of TVS and keeps of the meetings.

(p)     Neither TVS, Centanni, nor Schiek were aware of U.S. Patent 6,398,777 ("the '777 patent"), which is the basis of this suit, until April 6, 2004, when TVS was served with this lawsuit.


## II.    ARGUMENT

Plaintiff's Motion to Amend Complaint should be denied due to futility of the proposed amendment because this Court lacks personal jurisdiction over the parties to be added. Federal Rule of Civil Procedure 15(a) permits a party to amend the pleadings with leave of the court, which should be "freely given" unless there is undue prejudice to the opposing party. The Supreme Court has held that leave to amend should be freely given "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment, futility of amendment, etc." *Foman*

*v. Davis*, 371 U.S. 178, 182, 9 L.Ed.2d 224, 226 (1962).  This Court has held that lack of personal jurisdiction is a basis for futility under Rule 15(a).  *Freedom Wireless, Inc. v. Boston Comm. Group, Inc.*, 218 F.Supp.2d 19, 26 (D.Mass. 2002).

**1.    Plaintiff has failed to sufficiently plead personal jurisdiction of this Court over Centanni and Schiek.**

To hear a case, a court must have personal jurisdiction over the parties.  *U.S. v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 35 (1st Cir. 1999).  In order for the Court to have personal jurisdiction over Centanni and Schiek, the requirements of Due Process Clause of the U.S. Constitution and the Long Arm Statute of Massachusetts[1] must be met.  *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 52 (1st Cir. 2002).  The Supreme Judicial Court of Massachusetts has interpreted the state's long-arm statute "as an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States."  *Automatic Sprinkler Corp. of Am. v. Seneca Foods Corp.*, 361 Mass. 441, 443, 280 N.E.2d 423, 424 (1994).  When a state's long-arm statute is coextensive with the outer limits of due process, the court's attention properly turns to the issue of whether the exercise of personal jurisdiction comports with federal constitutional standards.  *Sawtelle v. Farrell*, 70 F.3d 1381, 1388 (1st Cir. 1995).

The requirements of the Due Process Clause are achieved if certain "minimum contacts" exist between the defendant and the forum state.  *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Ticketmaster-New York, Inc v. Aliota*, 26 F.3d 201, 206 (1st Cir. 1994).  Personal jurisdiction takes two forms: specific jurisdiction and general jurisdiction. *Daynard*, 290 F.3d at 51.  General personal jurisdiction requires continuous and systematic contacts with the forum.  *United Electrical, Radio and Machine Workers of*

---

[1] Mass. Gen. Laws ch. 223A, § 3.

-4-

*America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992). Specific personal jurisdiction requires the cause of action to arise out of contacts with the forum state. *Donatelli v. National Hockey League*, 893 F.2d 459, 462 (1st Cir. 1990).

The plaintiff bears the burden of proving the court's personal jurisdiction over the defendant where the issue is contested. *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 113 (1936); *Dalmau Rodriquez v. Hughes Aircraft Corp.*, 781 F.2d 9, 10 (1st Cir. 1986). In the absence of an evidentiary hearing, the Court considers only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction. *Foster-Miller*, 46 F.3d at 145. However the plaintiff is obliged to adduce evidence of specific facts, *Id.*, and not rely on conclusory allegations. This Court has held that Federal Circuit law governs specific personal jurisdiction in patent cases. *Freedom Wireless*, 24 F.Supp.2d at 24 (citing *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994). This three-part test depends on (1) whether the defendant purposefully directed activities at the residence of the forum; (2) whether the claim arises out of or is related to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair. *Freedom Wireless*, 218 F.Supp.2d at 24 (citing *Akro Corp. v. Luker*, 45 F.3d 1541 1545-46 (Fed. Cir. 1995).

Plaintiff must establish personal jurisdiction over a corporate officer in his individual capacity. Regardless of the potential bases for personal liability of a corporate officer for patent infringement (i.e., direct infringement or indirect infringement), a Court must still have personal jurisdiction over that officer in his individual capacity. *Amhil Enterprises Ltd. v. Wawa, Inc.*, 34 USPQ2d 1640, 1643 (D. Md. 1994), *aff'd on other grounds*, 81 F.3d 1554, (Fed. Cir. 1996)

(emphasis added). ("Furthermore...personal jurisdiction may still be inappropriate because the corporate officer himself may lack minimum contacts with the forum state") (emphasis added). Absent a showing of personal jurisdiction over corporate officers based upon their individual activities outside of the corporation, the Plaintiff must show that the corporate veil should be pierced. *Id.*, at 1644-45.

The underlying cause of action alleged by Plaintiff (infringement of the '777 patent by TVS), however, is insufficient, without more, to justify disregarding the corporate existence of TVS to find personal jurisdiction over its officers. *See Mobil Oil Corp. v. Linear Films, Inc.*, 718 F.Supp. 260 (D. Del. 1989). As the *Mobil Oil* court noted in the context of the liability of a subsidiary for a parent company's infringement, "[t]o hold otherwise would render the fraud or injustice element (for piercing the corporate veil) meaningless, and would sanction bootstrapping." *Id.,* at 268. If this were permitted in the case at bar, Plaintiff would be excused from its burden of demonstrating that the corporate entity should be disregarded. *See Laborers Pension Fund v. Litgen Concrete Cutting & Coring*, 709 F.Supp. 140, 143 (N.D. Ill. 1989) (stating that under the federal common law, disregarding the corporate form is the exception rather than the rule and the party wishing to disregard that form 'bears the burden of proving that there are substantial reasons for doing so.') (citations omitted). Plaintiff cannot support personal jurisdiction of Centanni and Schiek based solely on their positions as officers of TVS. The case at bar is on all fours with *Amhil, supra.* In *Amhil*, a charge of inducement of infringement was alleged against a corporate officer. The claim of inducement was premised upon the officer's position in the corporation accused of direct infringement. The patentee plaintiff attempted to sue the defendant corporation for infringement and its President for inducement of infringement. The *Amhil* court, noted that where grounds exist for piercing the corporate veil, jurisdiction over

-6-

the corporate officers follows per se from jurisdiction over the corporation. However, it also held that:

> Where such grounds are lacking, however, 'there is no such basis whatsoever for holding that merely because a corporation transacts business in the state, contracts to supply goods or services in the state or has other substantial contacts with the state, an individual who is its principal should be deemed to have engaged in those activities personally.'

*Id.* at 1644. The *Amhil* court held that it lacked personal jurisdiction over the corporate officer and dismissed the claims against him. *Id.* at 1645.

Plaintiff's motion for leave to amend fails on its face to plead any facts sufficient to meet its burden. Plaintiff has failed to allege facts supporting either general or specific personal jurisdiction of this Court over Centanni and Schiek based on activities not related to TVS. Plaintiff alleges that Centanni and Schiek "represented TVS at trade shows at which they infringed, and/or induced infringement of, and/or contributorily infringed, the patent-in-suit" (see Plaintiff's Proposed Amended Complaint at paragraph 2). Even if true, this pleading fails to allege that any such trade show occurred in this District. Plaintiff also alleges that "[t]his Court has personal jurisdiction over Total Vein, Centanni, and Schiek which on information and belief do business in this District, including the infringing activities recited below." (see Plaintiff's Proposed Amended Complaint at paragraph 19).[2] Therefore, the allegation at paragraph 19 of the Proposed Amended Complaint is conclusory and fails to adduce specific facts. *Foster-Miller*, 46 F.3d at 145. Even assuming that these statements are true, which they are not, they fail to show that Centanni and Schiek acted in their personal capacity rather than as corporate representatives of TVS. *Amhil Enterprises Ltd. v. Wawa, Inc.*, 34 USPQ2d at 1643-44. Plaintiff

---

[2] None of the alleged activities which follow paragraph 19 are alleged to have occurred in Massachusetts.

also alleges that Centanni and Schiek are principals of Total Vein. (see Plaintiff's Motion for Leave to Amend at paragraph 1). Again, without more, this pleading is insufficient. *Id.*, at 1644.

In order to support its motion to add Centanni and Schiek, Plaintiff must either demonstrate that this Court has personal jurisdiction over Centanni and Schiek outside of their activities related to TVS, or it must demonstrate that the corporate veil should be pierced in this case such that personal jurisdiction of the corporate officers follows from personal jurisdiction over the corporation.[3] (*Amhil Enterprises*, 34 USPQ2d at 1644; *Minnesota Min. & Mfg. Co. v. Eco Chem., Inc.*, 757 F.2d 1256, 1265 (Fed. Cir. 1985). It has done neither. The burden to set aside the corporate entity rests upon Plaintiff. *Laborers Pension Fund*, 709 F.Supp. at 143. Plaintiff has failed to expressly plead that the corporate veil should be pierced in its Proposed Amended Complaint, let alone make an adequate factual showing that such is proper in this case. Plaintiff's failure to support its motion with the necessary legal and factual bases indicates that it filed its motion frivolously, likely an attempt to intimidate and harass the officers of TVS by raising the specter of personal liability. It should be rejected by this Court accordingly.

The Plaintiff has pleaded no facts to support personal jurisdiction over Centanni and Schiek based an alter ego theory. Instead, Plaintiff appears to be asserting that Centanni and Schiek, through their efforts on behalf of TVS have infringed the patent-in suit. This is insufficient under the law to establish personal jurisdiction over Centanni and Schiek. Nowhere in its Proposed Amended Complaint does Plaintiff provide evidence that Centanni or Schiek or both Centanni and Schiek together are alter egos of TVS or that the corporate veil of TVS should

---

[3] Plaintiff's proposed motion fails to plead that the corporate veil should be pierced or to plead facts which would support such a result, which absent a basis for personal jurisdiction over Centanni and Schiek independent from the underlying suit against TVS, is necessary to support personal jurisdiction of this Court over them.

be pierced. Accordingly, Centanni and Schiek activities' for TVS, even if Plaintiff had shown them to reach into Massachusetts, are not enough to warrant personal jurisdiction for them individually.

> **2.    Even if Plaintiff had properly pleaded personal jurisdiction of this Court over Centanni and Schiek, such pleadings could not be factually supported.**
>
> > **a.    This Court lacks personal jurisdiction over Centanni and Schiek individually because they lack minimum contacts with Massachusetts outside of their activities for TVS.**

Centanni and Schiek live in Texas. As demonstrated by the Declarations of Centanni and Schiek provided herewith, and the relevant authorities cited herein, Defendants assert that this Court lacks personal jurisdiction over them individually. As shown in the attached Declaration of Centanni, he has never conducted business activities in Massachusetts in his individual capacity and has never attended a trade show in Massachusetts. See Exhibit A (Declaration of David S. Centanni). Centanni has only been physically present in Massachusetts on two occasions; once on vacation, and once to visit a former employer who was based in Massachusetts. See Exhibit A (Declaration of David S. Centanni). Because these two instances of physical presence in Massachusetts by Centanni are completely unrelated to the case at bar, they do not rise to the level supporting specific jurisdiction. *United Electrical,* 960 F.2d at 1088-89. And clearly they are not what the Court holds as "continuous and systematic" contacts, *Id.,* at 1088, and thus do not rise to the level that would justify general jurisdiction over Centanni.

As shown in the attached Declaration of Schiek, she has never conducted business activities in Massachusetts in her individual capacity and has never attended a trade show in Massachusetts. See Exhibit B (Declaration of Tyrell L. Schiek). Schiek has only been physically present in Massachusetts on one occasion-while on vacation. See Exhibit B

(Declaration of Tyrell L. Schiek).    Because this only instance of physical presence in
Massachusetts by Schiek is completely unrelated to the case at bar, it does not rise to the level
supporting specific jurisdiction.  *Id.*, 1088-89.  And clearly it is not what the Court holds as
"continuous and systematic" contacts, *Id.*, at 1088, and thus does not rise to the level that would
justify general jurisdiction over Schiek.

          **b.**       **This Court lacks personal jurisdiction over Centanni and Schiek on
an alter ego theory because the corporate veil should not be pierced.**

     At the outset, it should be understood that federal common law regarding piercing the
corporate veil applies to cases arising under federal question jurisdiction.  *United States v.
Nicolet, Inc.*, 712 F.Supp 1193, 1201 (E.D. Pa. 1989).    This includes cases for patent
infringement. *Watsco, Inc. v. International Controls and Measurements Corp.* 853 F.Supp. 585,
590 (N.D. N.Y. 1994); *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F.Supp. 260, 267 (D. Del.
1989).  Under the federal common law, disregarding the corporate form is the exception rather
than the rule and the party wishing to disregard that form bears the burden of proving that there
are substantial reasons for doing so.  *Laborers Pension Fund*, 709 F.Supp. at 143.  Nowhere in
its Proposed Amended Complaint does Plaintiff demonstrate that Centanni or Schiek or both
Centanni and Schiek together are alter egos of TVS and that the corporate entity of TVS should
be disregarded.  Plaintiff has clearly failed to meet its burden of proof and thus this Court should
not pierce the corporate veil in this case.

     It is well established that to hold corporate officers liable for direct patent infringement
under 35 U.S.C. § 271(a) for acts of the corporation, it is necessary for the party asserting
infringement to demonstrate that the officers are the alter egos of the corporation (i.e., pierce the
corporate veil). *Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F.2d, 544, 553 (Fed. Cir.

1990); *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 805 F.2d 1565, 1578 (Fed. Cir. 1986);

*Amhil Enterprises*, 34 USPQ2d at 1643.  In the case of inducement of infringement under 35

U.S.C. § 271(b), it is also well established that liability does not depend upon a piercing of the

corporate veil.  *Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F.2d at 553; *Orthokinetics,

Inc. v. Safety Travel Chairs, Inc.*, 805 F.2d at 1578-1579; *Amhil Enterprises*, 34 USPQ2d at

1643.  Thus, a lower standard exists for corporate officer liability for infringement under

§ 271(b) than for § 271(a).  Although there appear to be no cases describing the standard for

contributory infringement under 35 U.S.C. § 271(c), because contributory infringement, like

inducement under § 271(b), is a form of indirect infringement, we will assume for the sake of

argument that the standard is the same as that for inducement.[4]

     The district court for the Northern District of Illinois, in *Laborers Pension Fund*, 709

F.Supp. at 143, outlined the analysis for piercing the corporate veil under federal law.  The

*Laborers Pension Fund* court held that the question of whether a court should disregard a

corporation's limited liability is one of fact.  *Id.*  The facts considered by the *Laborers Pension

Fund* court included whether the corporation was in good standing; whether it maintains its

corporate records, has adequate capital, whether it is a going concern, and whether the identities

of the corporate entity and those of the officer/director have merged.  The *Laborers Pension

Fund* court also noted that the fact that incorporation was desired in order to obtain limited

liability does not defeat that purpose.  *Id.*  This was further supported by the Delaware District

Court, in *Mobil Oil*, 718 F.Supp. at 269, citing *Zubik v. Zubik*, 384 F.2d 267 (3rd Cir. 1967), *cert.

denied*, 390 U.S. 988, 88 S.Ct. 1183, 19 L.Ed.2d 1291 (1968), which set out that the fraud or

---

[4]  The assumption of this lesser standard is favorable to Plaintiff, but as we explain, Plaintiff's Motion for Leave to
Amend should fail nonetheless.

injustice element necessary for piercing the corporate veil does not follow generally merely because the corporation was formed for the purpose of limiting liability, but rather is met when formation of the corporate form was done deliberately, with specific intent to escape liability for a specific tort or class of torts. In *Amhil Enterprises*, 34 USPQ2d at 1643, the district court for the District of Maryland, in the context of a patent infringement suit, considered gross under-capitalization and the commingling of funds as factors which weigh in the direction of piercing the corporate veil. The *Amhil* court also noted that "[o]wnership of almost all of the corporate stock by one individual, by itself, provides insufficient grounds for disregarding the corporate form." *Id.* at 1644 (citations omitted).

On this authority and on the facts of this case, Defendant asserts that the Court should not pierce the corporate veil. All of the relevant factors discussed above, support Defendant's position. As stated in the attached Declarations of Centanni and Schiek, TVS is now, and has been since its inception, a going concern in good standing with the state of Texas; TVS was capitalized at its inception in the amount of $6,000.00, and has been capitalized since that time with an additional $60,000; TVS has appropriate insurance for a company of its size and business; TVS is now and has been since its inception, separate and distinct from Centanni and Schiek; neither Centanni nor Schiek has ever commingled funds with TVS; TVS maintains and has maintained, since its inception, corporate records; the Board of Directors of TVS consists of Centanni and Schiek; the Board of Directors of TVS meets regularly and has met regularly since the inception of TVS and keeps minutes of its meetings.

TVS was formed in June of 2003, and began operations in October, 2003. Neither TVS nor either of its officers were aware of the '777 patent (the alleged infringement of which is the is the basis of the underlying action), until April 6, 2004, when TVS was served with this

-12-

lawsuit. Because neither of the principals of TVS were aware of the patent-in-suit when TVS was formed, it necessarily follows that TVS was not deliberately formed as a shield to liability for potential infringement of the patent. *See Mobil Oil*, 718 F.Supp. at 269.


### III.    CONCLUSION

1.    **Plaintiff's motion for leave to amend its complaint should be denied.**

Because the court should find that that it lacks personal jurisdiction over Centanni and Schiek individually, it should deny its motion to amend its complaint based on the futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 9 L.Ed.2d 224 (1962). Futility of amendment has been recognized previously by this Court as a basis for denial of leave to amend. *Cobb v. Supreme Judicial Court of Massachusetts*, 334 F.Supp.2d, 60, 62 (D. Mass. 2004). This is true where the futility is due to lack of personal jurisdiction. *Freedom Wireless*, 218 F.Supp.2d at 26. The Declarations of Centanni and Schiek demonstrate that the Court lacks personal jurisdiction over them as neither has the requisite minimum contacts in their individual capacities necessary to support jurisdiction. Additionally, this Court should find that personal jurisdiction of this Court over TVS is not a basis for personal jurisdiction over Centanni and Schiek. Such a basis would require the Court to pierce the corporate veil and find that Centanni and Schiek are alter egos of TVS. Because the burden of piercing the corporate veil rests upon Plaintiff and because it has not made a showing that the corporate veil should be pierced (Plaintiff has failed to plead at all that the corporate veil should be pierced), the corporate entity of TVS should not be aside in this case. Furthermore, the Declarations of Centanni and Schiek

and the relevant authorities cited herein also demonstrate that piercing of the corporate veil of

TVS is improper here.  For these reasons, Plaintiff's motion should be denied.

Respectfully submitted,

TOTAL VEIN SOLUTIONS, LLC

By its attorneys,


/s/ Merton E. Thompson
Merton E. Thompson
BBO #637056
Burns & Levinson LLP
125 Summer Street
Boston, MA  02110
Tel:  (617) 345-3000
Fax:  (617) 345-3299

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Total Vein Solutions, LLC's Opposition to

Plaintiff's Motion for Leave to File an Amended Complaint has been served on the following by

First Class U.S. Mail, postage prepaid, this February 7, 2004.

> Michael A. Albert
> James J. Foster
> Michael N. Rader
> WOLF, GREENFIELD & SACKS, P.C.
> 600 Atlantic Avenue
> Boston, MA  02210
> Telephone:  (617) 720-3500

/s/
_____
Elizabeth Ducote

00904623

-15-

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION**

DIOMED, INC.

      Plaintiffs,

v.                                     **Civil Action No. 04-10686 RGS**

TOTAL VEIN SOLUTIONS, LLC

      Defendant

### DECLARATION OF DAVID S. CENTANNI

I, David S. Centanni, being at least eighteen years of age and having personal knowledge of the following, hereby state as follows:

1. I am a principal in Total Vein Solutions, LLC ("TVS"), the Defendant in this lawsuit. I submit this Declaration in support of Defendant's Opposition to Plaintiff's Motion for Leave to File an Amended Complaint.

2. TVS was formed in June of 2003, and began operations in October, 2003.

3. TVS is now, and has been since its inception, a going concern in good standing with the state of Texas.

4. I have never conducted any business activities in Massachusetts in my individual capacity and have never attended a trade show in Massachusetts.

5. I have never represented TVS at a trade show.

6. I have only been physically present in Massachusetts on two occasions and both of those occasions occurred before my involvement with TVS. The first visit to Massachusetts was a vacation. The second visit was to visit the corporate headquarters of my employer at that time. Although the main office was based in Massachusetts, I did not live or work in Massachusetts. I was employed and living in Los Angeles, California and my sales territory did not include Massachusetts.

25498884.1

- 1 -

7.  TVS was capitalized at its inception in the amount of $6,000.00. An additional capital contribution of $60,000 has been made since its inception.

8.  TVS has insurance commensurate with companies of its size and business, including general liability insurance and workers compensation insurance.

9.  The finances of TVS are now and have been since the inception of TVS, separate and distinct from my personal finances. I have never commingled personal funds with those of TVS, nor have I commingled TVS funds with my personal funds.

10.  TVS maintains and has maintained, since its inception, corporate records. The Board of Directors consists of David S. Centanni and Tyrell L. Schiek.

11.  The Board of Directors of TVS meets regularly and has met regularly since the inception of TVS and keeps minutes of the meetings.

12  I was unaware of the existence of U.S. Patent 6,398,777, which is the basis of this suit, until April 6, 2004, when TVS was served with this lawsuit.

Date: _____, 2005    By: _____
                                      David S. Centanni


THE STATE OF _____    §
                                §
COUNTY OF _____        §

Sworn to and subscribed before me on the _____ day of _____, 2005, by _____

_____
Notary Public in and for
The State of _____

[NOTARY SEAL]



ALICE J. WILKINSON
Notary Public, State of Texas
My Commission Expires
February 25, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION**

DIOMED, INC.

      Plaintiffs,

v.                                 **Civil Action No. 04-10686 RGS**

TOTAL VEIN SOLUTIONS, LLC

      Defendant

## DECLARATION OF TYRELL L. SCHIEK

I, Tyrell L Schiek, being at least eighteen years of age and having personal knowledge of the following, hereby state as follows:

1. I am a principal in Total Vein Solutions, LLC ("TVS"), the Defendant in this lawsuit. I submit this Declaration in support of Defendant's Opposition to Plaintiff's Motion for Leave to File an Amended Complaint.

2. TVS was formed in June of 2003, and began operations in October, 2003.

3. TVS is now, and has been since its inception, a going concern in good standing with the state of Texas.

4. I have never conducted any business activities in Massachusetts in my individual capacity and have never attended a trade show in Massachusetts.

5. I have only been physically present in Massachusetts on one occasion; for a vacation which occurred before my involvement with TVS.

6. TVS was capitalized at its inception in the amount of $6,000.00. An additional capital contribution of $60,000 has been made since its inception.

7. TVS has insurance commensurate with companies of its size and business, including general liability insurance and workers compensation insurance.

8. The finances of TVS are now and have been since the inception of TVS, separate and distinct from my personal finances. I have never commingled personal funds with those of TVS, nor have I commingled TVS funds with my personal funds.

9. TVS maintains and has maintained, since its inception, corporate records. The Board of Directors consists of David S. Centanni and Tyrell L. Schiek.

10. The Board of Directors of TVS meets regularly and has met regularly since the inception of TVS and keeps minutes of the meetings.

11. I was unaware of the existence of U.S. Patent 6,398,777, which is the basis of this suit, until April 6, 2004, when TVS was served with this lawsuit.

I believe that the facts stated in this Declaration are true.

Date: _____ 2/3_____ , 2005        By: _____
                                        Tyrell L Schiek


THE STATE OF _Illinois_           §
                                  §
COUNTY OF _McDonough_             §


        Sworn to and subscribed before me on the _3rd_ day of _February_ 2005,
by _Tyrell L Schiek_ _____
                                  _____
                                  Notary Public in and for
                                  The State of _Illinois_ _____

[NOTARY SEAL]

OFFICIAL SEAL
JANICE MALONE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-14-2005