# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | |
|---|---|---|
| DIOMED, INC. | § § § | |
| Plaintiff, | § | Civil Action No. 04-10686 NMG |
| vs. | § § | Judge Nathaniel M. Gorton |
| TOTAL VEIN SOLUTIONS, LLC, | § § | |
| Defendant. | § | |

## DECLARATION OF TYRELL L. SCHIEK

I, Tyrell L. Schiek, hereby declare under penalties of perjury that the following facts are within my knowledge and are true and correct:

1. My name is Tyrell L. Schiek. I am over the age of twenty-one (21) years. I am an officer and owner of Total Vein Solutions, LLC ("TVS"), the Defendant in this lawsuit, and a resident of Texas.

2. Except for one instance in 2007 to discuss potential settlement with a Diomed officer, I have not traveled to Massachusetts to conduct business on behalf of TVS, either to call on customers or to attend trade shows. I do not recall personally making any phone calls, sending faxes, or sending emails to Massachusetts on behalf of TVS.

3. I typically do not personally handle telephone calls, take orders, or follow through with customers in Massachusetts regarding their orders, and have no recollection of doing so for any customers in Massachusetts. Randolph Puddu, Kala Osenbaugh, Diane Doyle, and Barbara Schultz are in our customer service department and handle most of the direct communication with our customers by phone. With very few exceptions (primarily in Houston) I do not travel or make personal visits to our customers. In the past, former customer service employees included

583446v1

Tina Clemmons, Linda Kirschbaum, Jeff Boortz, Kerri Vaughan, and Becky Walsh. Their duties included taking phone orders and talking to customers.

4. Much of the initial interest from our customers is generated from trade shows or medical meetings (outside of Massachusetts), word of mouth, or general marketing materials, rather than as a result of direct contact from me or other TVS employees to those customers at their place of business.

5. We have never purposely targeted our marketing activities at Massachusetts, or provided instruction in Massachusetts (or anywhere else) regarding the use of the products we sell. For instance, the video described was only sent to 10 doctors, none of whom live or work in Massachusetts. The video described did not contain or demonstrate any TVS products, and was not produced by TVS. The 10 doctors have since returned or disposed of the tapes.

6. Less than 1 % (.787%) of the sales of our company's sales of fibers and packs has occurred in Massachusetts.

7. Since the company was formed five years ago in June of 2003, I have taken a total distribution of $870,037.00. Approximately one-third of this money was to pay income taxes for the company, due to our status as a LLC.

8. During the time since I co-founded TVS, I have had no reason to anticipate that I would or could be called into a Massachusetts court personally for any actions I have taken on behalf of TVS.

9. Given the size of our company and the importance of my work to its success, it would be extremely burdensome for me to individually defend Plaintiffs' infringement allegations in federal court in Massachusetts in addition to defending the allegations against TVS in bankruptcy court in Texas.

Executed on March 4, 2008, at Houston, Texas.

_____
Tyrell L. Schiek