United States District Court
District of Massachusetts

```
_____
                             )
                             )
DIOMED, INC.,                )
        Plaintiff,           )
                             )   Civil Action No.
        v.                   )   04-10686-NMG
                             )
TOTAL VEIN SOLUTIONS,        )
        Defendant.           )
                             )
                             )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

This action arises out of a patent infringement dispute. Plaintiff Diomed, Inc. ("Diomed") alleges that defendant Total Vein Solutions, LLC ("TVS") has infringed Diomed's rights under U.S. Patent No. 6,398,777 ("the '777 patent"). Because TVS has now filed a petition for protection under the bankruptcy laws, Diomed seeks to amend the complaint to add the individual principals of TVS as defendants.

I.  Background

   A.  Factual Background

   Diomed's '777 patent is for minimally invasive laser treatment of varicose veins, known as intraluminal (also called endovenous) laser treatment ("the ILA procedure"). Diomed is the

-1-

owner of all right, title and interest in the '777 patent and sells a related product under the mark EVLT. TVS sells medical supplies used in vein treatment. The supplies include "procedure packs", laser fibers, vein access devices and miscellaneous other surgical supplies including drapes, surgical gowns, syringes and hypodermic needles. Diomed alleges that the sale of those products infringes its '777 patent.

### B. Procedural History

The complaint was filed in this case in April, 2004. In January, 2005, Diomed filed a motion for leave to file amended complaint by adding David S. Centanni ("Centanni") and Tyrell L. Schiek ("Schiek") as defendants which was opposed. Shortly thereafter, Judge Stearns held a scheduling conference in this case at which time the Court delayed discovery, hearings and decisions on claim construction until such construction had been resolved in a related patent case prosecuted by Diomed ("the AngioDynamics/VSI case"). Judge Stearns denied the motion for leave to file amended complaint in June, 2005, citing a case which involved the piercing of the corporate veil. One year later, Judge Stearns recused himself from the case.

On June 21, 2007, after the conclusion of the AngioDynamics/VSI case, Diomed filed a motion for a preliminary injunction in this case which TVS opposed. A hearing on the motion was scheduled for January 18, 2008. An hour before the

hearing, TVS filed a suggestion of bankruptcy to alert the Court that the day before the hearing it had filed a Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Texas. This Court stayed this case as a result of the filing. Diomed now seeks to amend the complaint in order to add Centanni and Schiek ("the proposed defendants").

## II.  Motion to Amend Complaint

### A.  Legal Standard for Amending a Complaint

Under Fed. R. Civ. P. 15(a), the court should "freely give leave [to amend] when justice so requires". Reasons to deny a request to amend include

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party..., futility of amendment, etc.

Foman v. Davis, 371 U.S. 178, 182 (1962). This case presents a question of futility because TVS contends in its opposition, that this Court lacks personal jurisdiction over the proposed defendants and that therefore amending the complaint would be futile.

### B.  Legal Standard for Personal Jurisdiction

In order for a court to exercise personal jurisdiction over a defendant, the long-arm statute of the forum state must permit service of process and asserting jurisdiction must comport with federal due process. Elecs. For Imaging, Inc. v. Coyle, 340 F.3d

1344, 1349 (Fed. Cir. 2003). In a patent case, district courts must abide by the interpretation of the subject long-arm statute set forth by that state's highest court but must adhere to Federal Circuit law when analyzing compliance with federal due process. 3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1377 (Fed. Cir. 1998). The Massachusetts long-arm statute grants jurisdiction "over a person...as to a cause of action in law or equity arising from the person's...transacting any business in this commonwealth". M.G.L. c. 223A, § 3(a). That provision extends jurisdiction to the limits allowed by the United States Constitution. Tatro v. Manor Care, Inc., 416 Mass. 763, 771 (1994). Consequently, the long-arm analysis folds into the federal due process analysis. Coyle, 340 F.3d at 1349-50. One important caveat, however, is that Massachusetts courts, in analyzing personal jurisdiction, consider "activities undertaken in a corporate capacity without regard to whether the individual defendant is an alter ego for the corporation". Yankee Group, Inc. v. Yamashita, 678 F. Supp. 20, 22 (D. Mass. 1998).

The Federal Circuit employs a three-pronged analysis to determine whether exercising specific jurisdiction (the only kind of jurisdiction Diomed asserts) over a nonresident defendant comports with due process. The court must determine whether 1) the defendant purposefully directed its activities at residents of the forum, 2) the claim arises out of or relates to those

activities and 3) assertion of personal jurisdiction is reasonable and fair.  <u>3D Systems, Inc.</u>, 160 F.3d at 1378.

   C.  **Analysis**

   Diomed argues that this Court has jurisdiction because Centanni and Schiek have "repeatedly reached into Massachusetts to commit patent infringement".  It claims that TVS began selling infringing products in Massachusetts at a time when Centanni and Schiek were solely responsible for marketing and sales.  For example, in January 2005 TVS sold to a clinic in Massachusetts ten laser fibers and ten procedure packs.  Currently, nine centers in Massachusetts are customers of TVS.  Diomed also claims that Centanni and Schiek generally authorize phone contacts with customers and that they created TVS's business model.

   Diomed also asserts that, because TVS has filed for bankruptcy, it is an appropriate and necessary time to add Centanni and Schiek as defendants.  <u>See</u> <u>Fromson</u> v. <u>Citiplate, Inc.</u>, 886 F.2d 1300 (Fed. Cir. 1989) (upholding district court's decision to allow renewed motion to amend by adding individual defendants after plaintiff prevailed at trial on patent infringement claim against a company that subsequently filed for bankruptcy).  TVS contends that Centanni and Schiek have each been paid about $850,000 in salary and benefits by the company over the course of the past five years.  If that is so, their

withdrawals from the company have dramatically increased of late because the bankruptcy schedules filed on behalf of TVS show that Centanni and Schiek withdrew a combined total of $1,000,000 last year.

TVS responds that 1) the proposed defendants have not purposefully directed their activities at Massachusetts, 2) their limited contacts with Massachusetts are not related to Diomed's claims against them and 3) it is unreasonable to permit Diomed to pursue claims against Centanni and Schiek in a Massachusetts court. TVS's arguments are unpersuasive.

First, Centanni and Schiek need not have specifically targeted Massachusetts. It is enough for purposes of establishing specific jurisdiction that the proposed defendants purposefully shipped the accused product into the forum state through an established distribution channel and that the patent infringement is alleged to arise out of those activities. See Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1565 (Fed. Cir. 1994). Second, Centanni and Schiek, as the owners and operators of TVS, sell the accused products in Massachusetts and therefore their contacts with Massachusetts are related to the alleged claims against them. Finally, because the proposed defendants are in charge of the day-to-day operations of TVS and have sold accused products to customers in Massachusetts, they should have reasonably anticipated the possibility of being

brought into court here. See id. at 1566. Consequently, Diomed's motion to amend will be allowed.

## ORDER

In accordance with the foregoing, Plaintiff's Motion to Amend Complaint (Docket No. 74) is **ALLOWED**.

**So ordered.**

Dated June 9, 2008

_____
Nathaniel M. Gorton
United States District Judge