UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| DIOMED, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TOTAL VEIN SOLUTIONS, LLC,<br><br>    Defendant. | Civil Action No. 04-10686 NMG |

**DEFENDANTS DAVID S. CENTANNI AND TYRELL L. SCHIEK'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
OR  FOR IMPROPER VENUE**

Defendants David S. Centanni ("Centanni") and Tyrell L. Schiek ("Schiek") file

this motion to dismiss for lack of personal jurisdiction and improper venue pursuant to

Federal Rule of Civil Procedure 12(b)(2) and (3).

Centanni & Schiek move to dismiss for lack of personal jurisdiction for the

reasons stated in Total Vein Solutions' Opposition to Diomed's Leave to Amend its

Complaint By Adding David S. Centanni and Tyrell L. Schiek as Defendants and the

attachments thereto (Dkt. No. 79), which are incorporated herein by reference.

Even if this Court has personal jurisdiction over Centanni and Schiek, this case

should be dismissed for improper venue since Centanni and Schiek neither reside in this

district nor have a regular and established place of business here.

**PROCEDURAL HISTORY**

Diomed filed this suit against Total Vein Solution, LLC on April 5, 2004.  On

January 24, 2005, Diomed filed a Motion for Leave to Amend Complaint by Adding

David S. Centanni and Tyrell L. Schiek as Defendants.  By electronic order of June 28, 2005, Judge Stearns denied Diomed's motion, citing Birbara v. Locke, 99 F.3d 1233 (1st Cir. 1996), a case in which the First Circuit held that the plaintiffs had not produced sufficient evidence to pierce the corporate veil.  *Id.* at 1241.

On February 19, 2008, Diomed again moved for leave to add Centanni & Schiek as individual defendants.  In their motion, Diomed argued that "adding Mr. Centanni and Ms. Schiek as co-defendants is not a matter of piercing the corporate veil, but rather a necessary step to hold them responsible for their own actions. . . ."  Dkt. No. 75 at 2 (emphasis in original). Diomed did not allege in its motion for leave that Centanni & Schiek were the alter ego of TVS or that the corporate veil should be pierced. *See, e.g. id.* at 2 n. 2 ("[V]eil piercing is not before the Court today.")  "Diomed simply seeks to hold them liable for their own individual infringing acts." *Id.* at 2 (emphasis in original). The Court granted Diomed's motion for leave to amend by order of June 9, 2008.

## DISCUSSION

Diomed has not pled – nor could it show – that personal jurisdiction over Centanni and Schiek is appropriate under an alter ego theory based on an argument that Diomed could "pierce the corporate veil."  Instead, in its Motion for Leave to Amend, Diomed relied solely on an argument that Centanni and Schiek had sufficient personal contact with Massachusetts to give this court personal jurisdiction over them as individuals.  Even if these contacts are sufficient to give the Court personal jurisdiction over Centanni and Schiek, they are not sufficient to make Venue in this District proper. Because Centanni and Schiek do not reside in this district and do not have a regular and

2

established place of business in this district, this case should be dismissed for improper

venue.

Plaintiffs have the burden of establishing proper venue for their patent claims.

Cordis Corp. v. Cardiac Pacemakers, 599 F.2d 1085, 1086 (1st Cir. 1979).    "Venue is

based on the facts alleged in the well-pleaded complaint." Hoover Group, Inc. v. Custom

Metalcraft, Inc. 84 F.3d 1408, 1409 (Fed. Cir. 1996).   "Any civil action for patent

infringement may be brought in the judicial district where the defendant resides or where

the defendant has committed acts of infringement and has a regular and established place

of business." 28 U.S.C. § 1400 (b).

For corporate defendants, venue is generally proper in any court that has personal

jurisdiction over the company.   Pursuant to 28 U.S.C. § 1391(c), "a defendant that is a

corporation shall be deemed to reside in any judicial district in which it is subject to

personal jurisdiction at the time the action  is commenced."  "[V]enue in a patent

infringement case includes any district where there would be personal jurisdiction over

the corporate defendant at the time the action is commenced."  VE Holding Corp. v.

Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed. Cir. 1990).   Thus, because this

court has personal jurisdiction over TVS, TVS is deemed to "reside" within

Massachusetts for the purpose of section 1400(b), making venue proper with respect to

Diomed's (currently stayed) claims against TVS

The propriety of this Venue with respect to the claims against Centanni and

Schiek must be considered separately.  "[V]enue as to corporate employees charged with

personal liability for acts taken as individuals, not as the alter ego of the corporation, does

not flow automatically to forums in which venue is proper as to the corporation."

Hoover, 84 F.3d at 1410 (Fed. Cir. 1996).  "When the cause of action is personal to the individual defendant, the venue requirement must be met as to that defendant."  *Id.* Here, Diomed is attempting to "hold Centanni and Schiek liable for their own individual infringing acts," Dkt. No. 75 at 2 (emphasis in original).  Nowhere in its complaint does Diomed allege that Centanni and Schiek are the alter egos of TVS or that the corporate veil should be pierced.   Thus, it is necessary to determine whether Centanni and Schiek individually meet the requirements of section 1400(b).

It is undisputed that Centanni and Schiek reside in Houston, Texas, and not in this district.  See Amended Complaint ¶¶ 3 and 4.   Thus, venue could only lie if TVS could show that Centanni and Schiek have "committed acts of infringement and [have] a regular and established place of business" in this district.  38 U.S.C. § 1400(b).  Though not specifically plead in its Amended Complaint, Diomed has alleged in briefing that Centanni and Schiek committed acts of infringement in this district.  See, e.g. Dkt. No. 75 at 6 ("It is beyond dispute that TVS's owners have personally carried out acts of infringement in the Commonwealth.").  But Diomed has not alleged, nor could it show, that Centanni or Shiek have a "regular and established place of business" in this district.

Sales in a district that are sufficient to establish personal jurisdiction over an individual are not alone enough to establish proper venue.  In PKWare, Inc. v. Meade, 79 F.Supp.2d 1007 (E.D. Wis. 2000), the plaintiff brought patent infringement claims against a corporation and Meade, its majority shareholder, president and CEO.  Although the court found that it had personal jurisdiction over Meade, *id.* at 1015, because Mead did not have an established place of business in the district – neither renting property nor

employing sales agents in the district – venue was not proper under section 1400(b).  Id.

at 1018.

Likewise in Mickowski v. Visi-Trak Corp., 36 F.Supp.2d 171 (S.D.N.Y. 1999),

aff'd, 230 F.3d 1279 (Fed. Cir. 2000), the Court found that there was personal

jurisdiction over several officers of a corporation where the individual officers "directed

the infringing activities" of the company that occurred in the district and profited from

those sales.  Id. at 176.  "These contacts, however, are insufficient to establish venue as to

any of the individual defendants."  *Id.*  Because none of the officers maintained a place of

business in the district, the court dismissed the claims against the individual defendants

for improper venue.  Id. at 176-77.  See also Insituform Technologies, Inc. v. Amerik

Supplies, Inc., No:07CV687-HEH, 2008 WL 276404, *1-2 (Jan. 30, 2008) (Venue for

patent claim against individual who was CEO, CFO and Secretary of corporation was

improper when plaintiff had not alleged that CEO, who resided outside the district, had a

"regular and established place of business" in district and parties agreed that no more

than eight percent of corporate defendant's sales were made in the district) (Exhibit A).

Here, notwithstanding the Court's conclusion that it has personal jurisdiction over

Centanni and Scheik, Diomed cannot show that Centanni or Scheik have a "regular and

established place of business" in Massachusetts.   See Declaration of David Centanni and

Declaration of Tyrell Schiek (Exhibits B and C) (hereinafter "Centanni & Schiek

Decls.").[1]  Neither Centanni nor Schiek has traveled to Massachusetts to conduct business

on behalf of TVS.  Centanni & Schiek Decls. ¶ 2.  Centanni and Schiek have never

---

[1] These declarations were originally attached to TVS' Opposition to Diaomed's Motion for Leave to Amend Its Complaint by Adding David Centanni and Tyrell L. Schiek as Defendants.  Should Diomed attempt to argue that the corporate veil should be pierced or that Centanni and Schiek are the alter ego of TVS, Centanni and Schiek reserve the right to respond to those arguments with further declarations.

targeted any marketing operations at Massachusetts or provided any instruction to anyone in Massachusetts regarding the products they sell. Id. ¶¶ 4-5. Less than 1% of TVS's sales are made in Massachusetts. Id. ¶ 6. Diomed cannot show that Centanni or Schiek has a regular and established place of business in Massachusetts. Accordingly, this District is the improper venue for Diomed's claims against Centanni and Schiek.

<u>**CONCLUSION**</u>

For the above reasons, the Court should dismiss Diomed's claims against Centanni and Schiek for lack of personal jurisdiction or lack of proper venue.


Date: <u>August 22, 2008</u>                Respectfully Submitted,

                                            TOTAL VEIN SOLUTIONS, LLC,
                                            By its attorneys,


                                            ___/s/___
                                            Merton E. Thompson
                                            BBO #637056
                                            BURNS & LEVINSON LLP
                                            125 Summer Street
                                            Boston, MA 02110
                                            Tel: (617) 345-3000
                                            Fax: (617) 345-3299

                                            Barden Todd Patterson
                                            (admitted *pro hac vice*)
                                            Henry M. Pogorzelski
                                            (admitted *pro hac vice*)
                                            Keith Jaasma
                                            (admitted *pro* hac vice).
                                            PATTERSON & SHERIDAN, LLP
                                            3040 Post Oak Boulevard, Suite 1500
                                            Houston, Texas 77056
                                            Tel:  (713) 623-4844
                                            Fax:  (713) 623-4846

                                            Craig V. Depew
                                            (admitted *pro hac vice*)
                                            CLARK, DEPEW & TRACEY, LLP

6

4400 Louisiana, 16th Floor
Houston, Texas  77002
Tel: (713) 757-1400
Fax: (713) 759-1217

ATTORNEYS FOR DEFENDANT
TOTAL VEIN SOLUTIONS, INC.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

The undersigned counsel for Total Vein Solutions, David S. Centanni and Tyrell

L. Schiek, hereby certifies that counsel for Total Vein Solutions, David S. Centanni and

Tyrell L. Schiek  has conferred with plaintiff's counsel in a good faith effort to resolve or

narrow any issues related to this Motion.

___/s/_____

Merton E. Thompson

## CERTIFICATE OF SERVICE

I hereby certify that today I caused a true and correct copy of this *Defendants*

*David S. Centanni and Tyrell L. Schiek's Motion to Dismiss for Lack of Personal*

*Jurisdiction or Improper Venue* to be served through the ECF system and by electronic

mail upon the following counsel of record:

Michael A. Albert
Michael N. Rader
John L. Strand
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts  02210
Tel:  (617) 646-8000
Fax:  (617) 646-8646

ATTORNEYS FOR PLAINTIFF DIOMED, INC.
_____/s/_____