IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>TOTAL VEIN SOLUTIONS, LLC,<br>DAVID S. CENTANNI and<br>TYRELL L. SCHIEK,<br><br>     Defendants. | Civil Action No. 04-CV-10686 NMG |

**DIOMED'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION OR FOR IMPROPER VENUE**

Defendants offer two grounds for dismissing Diomed's action against TVS's principals (Mr. Centanni and Ms. Schiek): lack of personal jurisdiction and improper venue. Yet Defendants already raised the personal jurisdiction defense in their opposition to Diomed's motion to amend its complaint, and this Court already rejected that defense in granting Diomed's motion. (D.I. 84). Defendants nevertheless return to Court seeking yet another round of briefing as to whether this is the appropriate forum for Diomed's case.

Defendants waived the venue defense when they failed to raise it in opposing Diomed's motion to amend – their first response to Diomed's addition of the TVS principals to the case. See Fed. R. Civ. P. 12(h)(1). In any event, venue is unquestionably proper here. TVS's principals have at all times exercised complete control over the company. Indeed, during a portion of the relevant time period, they were the only two employees of the company, and therefore every company action was an action of one of the principals. In short, Diomed's infringement case against TVS and its principals is essentially identical. Venue for TVS's principals is therefore proper wherever venue lies for TVS itself. Indeed, it would make no sense – and would defy the policies underlying the entire concept of venue – for Diomed to be forced to proceed in one jurisdiction against TVS and in a separate jurisdiction against the principals who control TVS.

I.  FACTUAL BACKGROUND

On January 17, 2008, on the eve of the hearing that this Court had scheduled on Diomed's motion for a preliminary injunction (D.I. 47), TVS, through its principals Mr. Centanni and Ms. Schiek, filed for bankruptcy. TVS indisputably did so to divest this Court of jurisdiction to hear the preliminary injunction motion. In a recent filing, TVS bluntly conceded that it filed for bankruptcy to "better manage the [Diomed] lawsuit." (Ex. A at 8).

At the January 18, 2008 hearing, the Court stayed Diomed's case against TVS in light of the bankruptcy filing, but also granted Diomed permission to file a motion to add TVS's principals to the litigation as individuals. Diomed did so, emphasizing that the principals personally direct all of TVS's daily operations, exercising complete control over the company while reaping millions. (D.I. 75 at 5-6). Indeed, TVS's recent bankruptcy Reorganization Plan lists <u>only</u> Mr. Centanni and Ms. Schiek under the header "Debtor's Management." (Ex. A at 26).

Defendants opposed Diomed's motion to amend as "futile" on the ground that the Court lacked authority to hear the case against Mr. Centanni and Ms. Schiek. (D.I. 79 at 1). Defendants' opposition focused on personal jurisdiction and said nothing about allegedly improper venue.

The Court heard oral argument on May 22, 2008 and later allowed Diomed's motion, rejecting TVS's principals' personal jurisdictional defense. (D.I. 84). Diomed filed its amended complaint on June 10, 2008. (D.I. 85). Defendants requested, and Diomed granted, an extension of time to answer the amended complaint. However, rather than filing an answer on the deadline, Defendants filed a motion to dismiss – presenting a personal jurisdiction defense that this Court had already rejected, and a baseless venue defense that they had earlier waived.

## II.   ARGUMENT

### A.   **This Court Already Rejected the Personal Jurisdiction Defense.**

The first argument in Defendants' motion to dismiss is "lack of personal jurisdiction for the reasons stated in Total Vein Solutions' Opposition to Diomed's [Motion for] Leave to Amend Its Complaint." (Br. at 1). The Court already considered those arguments in ruling on Diomed's motion for leave to amend, and found them lacking. (D.I. 84). The Court should deny Defendants' current motion for the same reasons.

B.  **Defendants Waived the Venue Defense.**

As a matter of law, the defense of improper venue is waived if it is not raised in the defendant's first responsive pleading or motion. Fed. R. Civ. P. 12(h)(1); Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002). In other words, any objection to venue must be included in the defendant's "first defensive move." Glater v. Eli Lilly & Co., 712 F.2d 735, 738 (1st Cir. 1983).

Defendants opposed Diomed's motion for leave to add TVS's principals to this case on the ground that a lack of personal jurisdiction made the amendment "futile." (D.I. 79 at 1). This opposition on grounds of futility – the "first defensive move" by Defendants with respect to Diomed's attempt to add the TVS principals to the case – was the functional equivalent of a Rule 12(b)(6) motion to dismiss.[1] Defendants' failure to raise any objection to venue in connection with Diomed's motion for leave to amend constituted a waiver of the venue defense.

C.  **In Any Event, Venue Is Proper in this Court.**

If the Court were to reach the merits of Defendants' venue argument, the motion should be denied because TVS's principals are clearly and undisputedly the persons responsible for the "ownership, control and active management" of the company, which is the relevant test for venue here. Hoover Group, Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1411 (Fed. Cir. 1996).[2] In Hoover (cited in the Defendants' brief), the Federal Circuit affirmed denial of a corporate officer's motion to dismiss for improper venue. The corporate officer had advanced precisely the argument that TVS's principals advance here – the officer did not reside in the forum and lacked a regular place of business there. See 28 U.S.C. 1400(b). Nevertheless, venue

---

[1] Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) ("In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6).").

[2] While courts sometimes use language like "alter ego," the Federal Circuit's Hoover decision makes clear that this is not a question of piercing the corporate veil. Id. at 1410-11.

- 3 -

was still proper with respect to the officer because (as here) his "ownership, control and active management of the corporation" made him the corporation's "alter ego." Id. at 1410-11.[3] See also HomeBingo Network, Inc. v. Chayevsky, 428 F. Supp. 2d 1232, 1252 (S.D. Ala. 2006) (holding that individual defendant who "owned or controlled" the corporation and "made all of its major decisions" constituted the "alter ego of [the corporation] for venue purposes"). In this situation, the law is clear that venue for TVS's principals is proper wherever venue lies for TVS itself. Id. ("Because venue is clearly proper as to [the corporation] in this judicial district, venue is also proper as to [the corporate officer].").

Some courts have reached the same result through the closely-related doctrine of "pendent venue," i.e., exercise of venue with respect to a corporate officer who shares a convergence of interests with the corporation. Cal. Serv. Employees Health & Welfare Trust Fund v. Advance Building Maintenance, No. 06-3078, 2007 U.S. Dist. LEXIS 95517, *9 (N.D. Cal. Dec. 26, 2007) (exercising "pendent venue" in light of a "convergence of interests between the Defendants because Defendant Nolin is the sole shareholder and CEO of [the corporation]."). This makes eminent sense because venue is "primarily a question of convenience for litigants and witnesses." Hsin Ten Enterprise USA., Inc. v. Clark Enterprises, 138 F. Supp. 2d 449, 459 (S.D.N.Y. 2000). Accordingly, the exercise of pendent venue is appropriate where it will "result in judicial efficiency, convenience to the parties, and would avoid piecemeal litigation." Id. at 464. These factors all weigh heavily in favor of pendent venue here, to enable all claims against TVS and its officers to be resolved before a single Court that is already familiar with the issues.

---

[3] Defendants argue (Br. at 4) that the detail of an alter ego relationship must be spelled out in the text of the complaint as they were in Hoover. That is not so. The allegations must simply be in the record before the Court. E.g., HomeBingo, 428 F. Supp. 2d at 1251 ("With regard to Macke …plaintiff's brief and the Third Frank Affidavit emphatically assert that Macke is Cadillac Jack's alter ego.") (emphasis added). The relevant allegations in this case were amply described in Diomed's motion for leave to amend (and its earlier motion for a preliminary injunction).

- 4 -

Defendants are accordingly wrong to suggest that this Court lacks discretion in evaluating venue as to TVS's principals in this case. In fact, the exercise of pendent venue is a matter within the sound discretion of the district court. E.g., Beattie v. United States, 756 F.2d 91, 103 (D.C. Cir. 1984) ("Whether to apply the principle of pendent venue in any given case is a discretionary decision based on … judicial economy, convenience, avoidance of piecemeal litigation, and fairness to the litigants."), abrogated on other grounds by Smith v. United States, 932 F.2d 791 (9th Cir. 1991); Hsin, 138 F. Supp. 2d at 462 ("Under the doctrine of pendent venue, a federal court may in its discretion hear pendent claims which arise out of the same nucleus of operative fact as a properly venued federal claim, even if venue of the pendent claim otherwise would not lie.") (citation omitted). See also Hoover, 84 F.3d at 1411 ("We have given weight to the convenience of the parties and courts … We have also given deference to the ruling of the district court that, on the pleadings, venue as to Mr. Holden was proper in Nebraska.").[4] The three district court cases that Defendants cite in support of their motion either contradict or misinterpret Hoover, and certainly are not binding on this Court.

---

[4] The leading treatise on patent law recognizes Hoover an example in which "the Federal Circuit embraced a form of 'pendent party' venue for a suit naming a corporate officer." 8 Donald S. Chisum, Chisum on Patents §22.02[2][f].

### III. CONCLUSION

For the above reasons, Defendants' motion to dismiss should be denied.

                                            Respectfully submitted,

                                            DIOMED, INC.

                                            By its attorneys,

Dated: September 5, 2008                 /s/ Michael A. Albert
                                                           Michael A. Albert (BBO #558566)
                                                           malbert@wolfgreenfield.com
                                                           Michael N. Rader (BBO #646990)
                                                           mrader@wolfgreenfield.com
                                                           Charles T. Steenburg (BBO #663314)
                                                           csteenburg@wolfgreenfield.com
                                                           WOLF, GREENFIELD & SACKS, P.C.
                                                           600 Atlantic Ave.
                                                           Boston, MA 02210
                                                           (617) 646-8000

### CERTIFICATE OF SERVICE

     I certify that this document and its accompanying papers, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

                                                           /s/ Charles T. Steenburg