**THIS IS NOT A SOLICITATION OF ACCEPTANCE OR REJECTION OF THE PLAN.
ACCEPTANCES OR REJECTIONS MAY NOT BE SOLICITED UNTIL
A DISCLOSURE STATEMENT HAS BEEN APPROVED BY THE
BANKRUPTCY COURT**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| TOTAL VEIN SOLUTIONS, LLC. | § § | CASE NO. 08-30203-H4-11 |
| DEBTOR | § § | CHAPTER 11 |

**DEBTOR'S DISCLOSURE STATEMENT
FOR DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**

TOTAL VEIN SOLUTIONS, LLC, Debtor herein ("Debtor") files this Disclosure Statement pursuant to the provisions of 11 U.S.C. § 1125.

**I. INTRODUCTION**

Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), on January 17, 2008 ("Petition Date"). The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No committee of unsecured creditors, trustee or examiner has been appointed in the Debtor's Bankruptcy Case.

On August 29, 2008, the Debtor filed its Disclosure Statement in connection with the solicitation of acceptances of the Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan"). By order dated _____, 2008, the Bankruptcy Court approved this Disclosure Statement as containing adequate information to enable holders of Claims against or Interests in the Debtor whose votes are being solicited to make an informed judgment whether to accept or reject the Plan. Unless otherwise defined herein, capitalized terms used herein will have the same meanings as in the Plan.

TVS has incurred what it considers to be large legal fees during the past four years. TVS was looking forward to the larger task of trying and paying for a trial in Massachusetts to defend itself against Diomed's infringements claims. TVS filed for Chaper 11 relief in Houston to better manage the lawsuit and its business more economically locally.

Diomed has since filed Chaper 11.

TVS and the Diomed estates have conducted mediation. An agreement has not been reached.

TVS currently has two owners, David S. Centanni and Tyrell L. Schiek, 10 employees, and 2 part time employees.

TVS hopes to emerge from Bankruptcy with a plan to continue selling into this market. TVS continues to be a financially viable company, providing local work for Houston citizens, excellent customer service and products to its clients at a reasonable price.

The *Diomed* lawsuit

The Debtor believes strongly that the Diomed Claim for Patent Infringement Will Likely Be Valued at Zero.

Background:

On or about July 3, 2008, Diomed, Inc. ("Diomed") filed a proof of claim for an estimated $7,800,000 ("the Diomed claim"). Debtor Total Vein Solutions, LLC ("Debtor") believes that the Diomed claim will be valued at zero.

The Diomed claim is based upon alleged infringement by Debtor of U.S. Patent No. 6,398,777 ("the '777 patent"). Diomed takes the position that the '777 patent covers all commercial aspects of a medical procedure known generically as an "endovenous laser procedure." [1]

---

[1] In a nutshell, an "endovenous laser procedure" involves the steps of (a) inserting one end of a thin fiber optic line called a laser fiber inside the length of a patient's vein to be treated; (b) connecting the other end of the laser fiber to a laser energy-generating device, often referred to as a laser console; (c) activating the laser console so that laser energy passes through the end of the laser fiber and into the patient's vein; and (d) moving the tip of the laser fiber along the length of the vein to be treated. The introduction of laser energy damages the already diseased vein in such a way that the vein closes and no longer carries blood. The

hereto as Exhibit "C". It is the Debtor's belief that VNUS intends to sue the Debtor for post-petition sales of various of medical supplies to various of the Debtor's customers. The Debtor disputes any liability to VNUS.

G. The Debtor believes it holds all necessary permits to operate its business and that the permits are current.

H. Debtor's Management

TVS is managed by David Centanni and Tyrell Schiek. TVS does business in Texas and was registered in June, 2003 and also possesses a dba under the name of Total Vein Systems. The Debtor's management post-confirmation and its' compensation, duties and relationship to the Debtor is disclosed on Exhibit "D".

I. Attached hereto as Exhibit "E" are the Monthly Operating Reports filed by the Debtor during this case. They reflect gross sales of $4,092,842.35, expenses of $897,253.93, and a net profit from operations of $275,483.13.

J. The assets of the Debtor are depicted on Schedule B of the Debtor's Schedules of Assets. Likewise, Schedules D and F reflect the Debtor's secured liabilities of $100,000.00 and unsecured liabilities of $128,414.16 on the date of filing of the instant Chapter 11.

K. Claims Process and Bar Date

1. Schedules of Assets and Liabilities and Statement of Financial Affairs

On January 17, 2008, the Debtor filed its schedules of assets and liabilities and executory contracts and its statements of financial affairs with the Court.

2. Bar Date

The meeting of creditors under Section 341 of the Bankruptcy Code was set for February 28, 2008, and the date by which all creditors other than governmental units must file proofs of claim or be barred from asserting any Claim against the Debtor was fixed at May 28, 2008.

L. The Plan of Reorganization

1. Negotiations Concerning the Plan of Reorganization

On August 29, 2008, the Debtor filed its Plan. The Plan provides for payment in full for all holders of Allowed Claims.