Westlaw.

Not Reported in F.Supp.2d, 2006 WL 2038255 (W.D.Wash.)

Timeline, Inc. v. Proclarity Corp.
W.D.Wash.,2006.
Only the Westlaw citation is currently available.
United States District Court, W.D. Washington,
at Seattle.
TIMELINE, INC., Plaintiff,
v.
PROCLARITY CORPORATION, et al., Defendants.
**No. C05-1013JLR.**

July 20, 2006.

Christopher C. Lee, Robert E. Rohde, Rohde & Van
Kampen, Seattle, WA, for Plaintiff.
Douglas F. Stewart, Paul T. Meiklejohn, Dorsey &
Whitney LLP, Richard Carl Siefert, Merchant &
Gould (WA), Seattle, WA, Heather J. Kliebenstein,
Jon R. Trembath, Merchant & Gould (MN),
Minneapolis, MN, for Defendants.

ORDER ON DIRECTOR DEFENDANTS'
MOTIONS TO DISMISS

JAMES L. ROBART, District Judge.

**\*1** This matter comes before the court on three
related motions to dismiss filed by defendants who
are current or former directors of Defendant
ProClarity Corporation. (Dkt. # 117, 128, and 135).
The director defendants ("Directors") seek dismissal
of all claims asserted against them in Plaintiff's first
amended complaint, based on (1) failure to state a
claim for relief; (2) lack of venue; and (3) lack of
personal jurisdiction.

Having reviewed the materials submitted by the
parties, the court GRANTS the Directors' motions to
dismiss. To the extent that Plaintiff seeks to maintain
claims against the Directors for direct infringement
under 35 U.S.C. § 271(a), the court dismisses such
claims without prejudice under Rule 12(b)(6) because
Plaintiff's first amended complaint does not plead
facts to justify piercing the corporate veil. The court
further finds that Plaintiff has not alleged facts
demonstrating that venue in this district is proper for
claims against any of the individual Directors. The
court does not reach the Directors' arguments
regarding lack of personal jurisdiction because the

claims against them are subject to dismissal on other
grounds.

Because it is not certain that the defects in Plaintiff's
claims against the Directors could not be cured by the
allegation of additional facts, the court grants
Plaintiff leave to file an amended complaint. An
amended complaint must be filed no later than *10
days* from the date of this Order.

The reasons for the court's order are set forth below.

**Background**

Plaintiff Timeline Corporation filed its initial
complaint in this matter in June 2005, raising claims
for patent infringement solely against Defendant
ProClarity Corporation. On January 13, 2006, the
court granted a motion by Timeline to amend its
complaint to raise claims for patent infringement
against eleven current or former directors of
ProClarity. The Directors named in Timeline's first
amended complaint (FAC) are Robert Lokken, Philip
Bradley, David Hallmen, Terry Cunningham, Greg
Goldfarb, Mark Tapling, Marc Friend, Clay Young,
Russ Whitney, Tom Curto, and Claudia Imhoff. The
FAC alleges that ProClarity and the Directors
infringed five Timeline software patents.

It appears from the pleadings that the dispute
between Timeline and ProClarity has its roots in a
previous state court lawsuit involving Timeline and
Microsoft Corporation. *See Microsoft Corp. v.
Timeline, Inc., 2002 WL 339338 (Wn.App. Mar. 4,
2002).* In 1999, Microsoft purchased a license to use
Timeline's patented techniques in its products. *Id.* at *
1. However, the parties disputed the extent to which
the license covered Microsoft customers and
independent software vendors who added code to
Microsoft products, such as Microsoft's SQL Server.
The Washington Court of Appeals described the
dispute as follows:

Sometime after the parties signed the agreement,
Timeline contacted several Microsoft customers in an
attempt to negotiate separate licensing agreements.
Microsoft then initiated this action for declaratory

Not Reported in F.Supp.2d, 2006 WL 2038255 (W.D.Wash.)

judgment. Microsoft argued that [the licensing agreement] allows Microsoft customers to add code and software to Microsoft products, even if the resulting combination infringes Timeline's patent, as long as the code or software added does not independently infringe Timeline's patent. Timeline claimed that the agreement also prohibited Microsoft customers from combining their own code or software with Microsoft products if the added code performed a step in the patented process and the resulting combination infringed Timeline's patent.

**\*2** *Id.* at \*4.

The Court of Appeals ruled in Timeline's favor regarding the scope of the licensing agreement. The court held that if a Microsoft licensee adds code to SQL Server that "is a material part of Timeline's patent, and the resulting combination infringes the patent, the sublicensee has exceeded the scope of Microsoft's sublicensing rights under the agreement."*Id.* at \*8. However, the court also stated that its "construction of the agreement does not deny sublicensing protection to all Microsoft customers who add code or combine software with SQL Server," noting that "[i]f a Microsoft licensee adds code to SQL Server that is not a 'material part' of Timeline's patent, no infringement has occurred, even if the resulting combination would otherwise infringe Timeline's patent ."*Id.* The court also noted that federal patent law would control the determination of whether added code or software is a "material part" of Timeline's patent. *Id.* at n. 3.

Timeline's claims against ProClarity and the Directors are based in part on the 2002 ruling in *Microsoft v. Timeline.*The FAC alleges:

Defendant ProClarity Corp.'s products work in conjunction with Microsoft's DTS and Analysis Services. In 1999, Microsoft felt a need to take a license under Timeline's patents. In 2002, the Washington Court of Appeals determined that Microsoft's license did not cover products, such as Defendant ProClarity Corp.'s, that infringed in combination with Microsoft's DTS and Analysis Services. *See Microsoft Corp. v. Timeline, Inc.,* 110 Wn.App. 1046 ( [2]002). Nevertheless, Defendant ProClarity Corp. has ignored any attempts to negotiate any resolution of the patent infringement. Instead, Defendant ProClarity Corp. and its officers

and directors have made additional investments in Defendant ProClarity Corp. to permit it to expand its infringing activity. Defendant ProClarity Corp. and its officers and directors have continued to release promotional material, instructional material and offer courses that induce users to infringe, and they have released a directly infringing version of "ProClarity." These actions constitute willful infringement....

FAC ¶ 16.

In addition to claiming infringement of its patents by ProClarity, Timeline's FAC seeks to hold ProClarity's Directors personally liable for infringement. The FAC includes the following allegations regarding the conduct of the Directors:

\* The Directors were "either informed directly by Timeline" of ProClarity's "potential infringement" of Timeline's patents or "were informed or should have known of Defendant ProClarity Corp.'s infringement of Timeline's patents through those directors and agents and/or employees" of ProClarity who were directly informed. FAC ¶ 20.

\* Over the span of six years, Timeline's President Charles Osenbaugh "sent several communications to various directors and agents and/or employers [sic]" of ProClarity that informed ProClarity of Timeline's patents. "In at least one communication, Mr. Osenbaugh set forth descriptions of various claims contained in Timeline's patents and identified possibly infringing elements" of ProClarity's products. Mr. Osenbaugh "encouraged" ProClarity and its directors, agents, and/or employees "to examine Timeline's patents" and informed ProClarity, its directors, agents, and/or employees of "the Washington State Court of Appeals' decision that held that Microsoft's license did not extend to customers of Microsoft who added code or software that was a material step of the Timeline patents."*Id.* ¶ 21.

**\*3** \* Timeline "is informed and believes that Director Defendants chose to ignore Mr. Osenbaugh's notices and defendants infringed Timeline's patents."In addition, Timeline "is informed and believes Director Defendants actively aided and abetted" ProClarity's infringement. The Directors "authorized and financed the manufacture, sale and marketing" of ProClarity's products "in a manner that infringed Timeline's

Not Reported in F.Supp.2d, 2006 WL 2038255 (W.D.Wash.)

patents though they had been made aware of Timeline's patents."The Directors also "authorized and financed the promotion and provision of instruction in the use of ProClarity's products in [a] way that infringed the Timeline patents ."*Id.* ¶ 22.

* The Directors "aided, participated in, approved, ratified and induced infringement by the corporation despite the directors and officers' knowledge of Timeline's patents."*Id.* ¶ 23.

* The Directors' actions "occurred with knowledge of one or more of Timeline's patents and were thus committed intentionally and willfully."*Id.* ¶ 24.

The Directors now seek dismissal of all claims asserted against them in the FAC.

**Analysis**

The Directors raise three arguments in support of their motions to dismiss: (1) failure to state a claim for relief under Fed.R.Civ.P. 12(b)(6); (2) lack of venue under Fed.R.Civ.P. 12(b)(3); and (3) lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2).

1. *Failure to State a Claim*

The court first considers the Directors' argument that the FAC fails to state a claim for relief against them. In evaluating this argument, the court accepts the factual allegations in the FAC as true and does not consider materials that would convert the Directors' request for dismissal under Rule 12(b)(6) into a summary judgment motion under Rule 56.

The FAC indicates that Timeline's claims for patent infringement are brought under 35 U.S.C. § 271. However, the FAC does not specify whether Timeline is bringing claims against the Directors for: (1) direct infringement under § 271(a); (2) inducing infringement under § 271(b); or (3) both. This distinction is significant because a claim for direct infringement under § 271(a) against a corporation's officers or directors generally requires the plaintiff to provide sufficient evidence to justify piercing the corporate veil, while such evidence is not required to maintain claims for inducing infringement under § 271(b). Therefore, the court considers these potential claims separately.

A. *Direct Infringement Under Section 271(a)*

The Federal Circuit has stated that to hold corporate officers personally liable for a corporation's infringement under 35 U.S.C. § 271(a), "there must be evidence to justify piercing the corporate veil."*Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 552 (Fed.Cir.1990).* The Federal Circuit has emphasized that "[t]he corporate entity deserves respect and legal recognition unless specific, unusual circumstances justify disregarding the corporate structure."*Al-Site Corp. v. VSI Int'l, Inc., 174 F.3d 1308, 1331 (Fed.Cir.1999).* In addition, "unless there is at least 'specific intent to escape liability for a specific tort ... the cause of justice does not require disregarding the corporate entity.' " *Manville,* 917 F.2d at 552.

**\*4** In this case, Timeline's FAC does not include any allegations suggesting that the corporate veil should be pierced to impose personal liability on the Directors for direct infringement under § 271(a). The FAC does not allege that ProClarity is a sham corporation or that the corporation is the alter ego of the Directors, nor does the FAC allege that any of the Directors acted with specific intent to escape liability for a specific tort. Even accepting the allegations in the FAC as true, nothing in the amended complaint suggests that the Directors abused or disregarded the corporate form or acted outside the strictures of the corporate structure. Therefore, to the extent that Timeline's FAC may be construed as bringing claims against the Directors for direct infringement under 35 U.S.C. § 271(a), such claims are subject to dismissal under Rule 12(b)(6) for failure to state a claim on which relief may be granted.[FN1]

> FN1. In cases where a patent infringement plaintiff has brought claims for patent infringement against corporate officers without alleging that the corporate veil should be pierced, other courts have simply assumed that the plaintiff did not intend to maintain claims under § 271(a).*See, e.g., P.N.A. Constr. Techs., Inc. v. McTech Group, Inc.,* 2006 WL 738721 at \*2 n. 2 (N.D.Ga. Mar. 20, 2006); *St. Paul Furniture Mfg. Co. v. Bergman,* 935 F.Supp. 1180, 1186 n. 6 (D.Kan.1996).

Under Ninth Circuit law, it is ordinarily inappropriate to dismiss claims under Rule 12(b)(6) without leave to amend unless the court determines that the pleading could not possibly be cured by the allegation of other facts.[FN2] *See, e.g., Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.2000).* In an abundance of caution, the court will grant Timeline leave to amend its complaint because it is not entirely clear that Timeline would be unable to allege additional facts to support a claim under § 271(a) against one or more of the Directors. However, if Timeline intends to maintain a claim against one or more of the Directors under § 271(a), Timeline must plead the type of specific, unusual facts that would justify piercing the corporate veil as to each Director. An amended complaint must be filed no later than *10 days* from the date of this Order.

> FN2. The law of this court's regional circuit, rather than the Federal Circuit, governs procedural questions that are not unique to patent law. *See, e.g., C & F Packing Co. v. IBP, Inc., 224 F.3d 1296, 1306 (Fed.Cir.2000).*

B. *Inducing Infringement Under Section 271(b)*

35 U.S.C. § 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer."Under Federal Circuit law, "it is well settled that corporate officers who actively aid and abet their corporations' infringement may be personally liable for inducing infringement under § 271(b) regardless of whether the corporation is the alter ego of the corporate officer."*Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1579-80 (Fed.Cir.1986).* As a result, it is not necessary to pierce the corporate veil to hold corporate officers or directors liable for inducing infringement under § 271(b).*See, e.g., Manville, 917 F.2d at 553* (noting that under § 271(b), "corporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement *regardless* of whether the circumstances are such that a court should disregard the corporate entity and pierce the corporate veil.") (emphasis in original).

To be held personally liable for inducing infringement under § 271(b), a corporate officer "must act culpably in that the officer must actively and knowingly assist with the corporations'

infringement."*Hoover Group, Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1412 (Fed.Cir.1996).*"[U]nless the corporate structure is a sham ... personal liability for inducement to infringe is not automatic but must be supported by personal culpability."*Id.* Personal culpability under § 271(b) requires more than knowledge of the acts alleged to constitute infringement; instead, "[i]t must be established that the defendant possessed specific intent to encourage another's infringement...."*Manville, 917 F.2d at 553.*

*5 The Directors argue that the FAC fails to state a claim for inducing infringement because it does not allege that the Directors acted with "specific intent" to encourage the corporation's alleged infringement. However, the FAC alleges that the Directors "actively aided and abetted" the alleged infringement and "induced infringement by the corporation despite the directors and officers' knowledge of Timeline's patents."FAC ¶¶ 22-23. The court regards such allegations as sufficient to state a claim against the Directors for inducing infringement under § 271(b).

2. *Venue*

Venue in patent cases is governed by 28 U.S.C. § 1400(b), which provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

The Federal Circuit has cautioned that "[t]he provisions of § 1400(b) are not to be liberally construed."*In re Cordis Corp., 769 F.2d 733, 736 (Fed.Cir.1985).* However, for patent infringement claims against a corporation, § 1400(b) must be read in conjunction with 28 U.S.C. § 1391(c), which provides that for venue purposes a corporation shall be deemed to "reside" in any judicial district in which it is subject to personal jurisdiction. *See Hoover, 84 F.3d at 1410.*

ProClarity has admitted that venue is proper this district for Timeline's claims against the corporation. (Dkt. # 111 at ¶ 3). However, the Directors dispute that venue lies in this district for Timeline's claims against them, arguing that none of them reside or

Not Reported in F.Supp.2d, 2006 WL 2038255 (W.D.Wash.)

have a regular and established place of business in this district. Timeline does not dispute that none of the Directors live or work in this district. Instead, Timeline contends that under the circumstances of this case, the court "is justified in looking beyond the corporate form and may reasonably apply the basis for venue over the corporation to the individual Director Defendants."Opp. at 11.

Both sides support their venue arguments by citing the Federal Circuit's decision in *Hoover Group, Inc. v. Custom Metalcraft, Inc.,* 84 F.3d 1408 (Fed.Cir.1996). In *Hoover,* the plaintiff sued a corporate officer for personal liability following a trial in which the officer's corporation was held liable for patent infringement. The district court rejected the defendant's motion to dismiss for improper venue and held that the officer was personally liable for infringement.

On appeal, the Federal Circuit reversed the personal liability ruling but affirmed the district court's decision regarding venue. The *Hoover* court began its venue analysis with the premise that "[v]enue is based on the facts alleged in the well-pleaded complaint."*Id.* at 1410.The court then stated:

[V]enue as to corporate employees charged with personal liability for acts taken as individuals, does not flow automatically to forums in which venue is proper as to the corporation. Venue requirements exist for the benefit of defendants. When the cause of action is personal to the individual defendant, the venue requirement must be met as to that defendant. In comparison, venue for personal liability of a corporate officer/owner for acts of infringement by the corporation, whether or not the facts support piercing the corporate veil, may reasonably be based on the venue provisions of the corporation.

**\*6** *Id.* at 1410 (internal citations omitted).

Applying these principles, the court noted: (1) the complaint alleged that the officer had "made all major decisions concerning the business involved" in the lawsuit; and (2) the officer was the president, chief executive officer, and principal shareholder of the company. Therefore, the court concluded that "the allegations of the complaint with respect to [officer's] ownership, control, and active management

of the corporation provide sufficient basis for finding that venue was proper" under §§ 1400(b) and 1391(c).[FN3]*Id.* at 1411.

> FN3. The court also gave "weight to the convenience of parties and courts in this subsidiary action, wherein the issues of infringement were tried to the same court now considering [the officer's] personal liability for infringement."*Id.*

Timeline maintains that the *Hoover* court found "that venue flowed to the individual employee based on the venue provisions for the corporation because the allegations in the complaint with respect to ownership, control and active management of the corporation provided sufficient basis for finding venue proper under §§ 1400(b) and 1391(c)." Opp. at 10. However, *Hoover's* venue analysis was based on allegations of ownership, control, and active management that were significantly more compelling than those alleged by Timeline in this case. In *Hoover,* a single individual allegedly made "all major decisions" regarding the business involved in the lawsuit and served as the company's president, chief executive officer, and principal shareholder. In light of those allegations, the court essentially held that the residence of the corporation could be imputed to the officer for venue purposes.

By contrast, Timeline is bringing claims against eleven individuals who currently or formerly served on ProClarity's board of directors, not against a single individual who allegedly dominated and made all major decisions for the company. Furthermore, the FAC provides no allegations regarding the individual Directors' ownership or control of the corporation, nor does it make allegations suggesting that the corporation may be regarded as the alter ego of any of the individual Directors. As a result, the court finds that the FAC does not contain sufficient allegations regarding each Directors' ownership, control, and management of the company to warrant a finding that venue is proper in this district as to each Director.

Plaintiff maintains that it may cure any pleading defects regarding venue by amending its complaint to allege that the Directors "controlled" the company. Opp. at 9. Plaintiff asserts that "[a]ccording to the by-laws, the directors manage the corporation" and notes

Not Reported in F.Supp.2d, 2006 WL 2038255 (W.D.Wash.)

that the corporation's president is "subject to the
control of the Board."*Id.* However, these assertions
of "control" simply appear to be the duties
collectively performed by a typical corporate board
of directors. This is not comparable to the situation in
*Hoover,* where a single person effectively controlled
and made all major decisions for the corporation. As
the Directors suggest, *Hoover* cannot be read to stand
for the proposition that an entire board of directors
can be collectively subject to venue wherever the
company can be sued, without regard to each
director's individual level of ownership, control, or
management of the company.

**\*7** Therefore, Plaintiff's claims against the Directors
are dismissed without prejudice under Fed.R.Civ.P.
12(b)(3) for improper venue. As before, the court will
grant Plaintiff leave to file an amended complaint
within *10 days* of the date of this order because it is
not entirely certain that Plaintiff would be unable to
allege additional facts to demonstrate that venue is
proper in this district for claims against one or more
of the individual Directors. However, as discussed
above, simply alleging that the Directors as a group
"controlled" the company would not be sufficient to
demonstrate that venue is proper in this district for
Plaintiff's claims against the Directors.

3. *Personal Jurisdiction*

Because the court finds that Plaintiff's claims against
the Directors are subject to dismissal on other
grounds, it is not necessary to reach the Directors'
arguments regarding personal jurisdiction.

**Conclusion**

For the reasons discussed above, the Directors'
motions to dismiss are GRANTED. To the extent
Plaintiff brings claims against the Directors for direct
infringement under 35 U.S.C. § 271(a), the court
dismisses such claims without prejudice under Rule
12(b)(6) because Plaintiff's first amended complaint
does not plead facts to justify piercing the corporate
veil. The court also dismisses Plaintiff's claims
against the Directors without prejudice under Rule
12(b)(3) because Plaintiff has not alleged facts
demonstrating that venue is proper in this district for
claims against any of the individual Directors. The
court does not reach the Directors' arguments
regarding lack of personal jurisdiction because the

claims against them are subject to dismissal on other
grounds.

Because it is not clear that the defects in Plaintiff's
claims against the Directors could not be cured
through the allegation of additional facts, the Court
grants Plaintiff leave to file an amended complaint.
Any amended complaint must be filed no later than
*10 days* from the date of this Order.

W.D.Wash.,2006.
Timeline, Inc. v. Proclarity Corp.
Not Reported in F.Supp.2d, 2006 WL 2038255
(W.D.Wash.)

END OF DOCUMENT