UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| DIOMED, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>TOTAL VEIN SOLUTIONS, LLC,<br><br>        Defendant. | Civil Action No. 04-10686 NMG |

### DEFENDANTS DAVID S. CENTANNI'S AND TYRELL L. SCHIEK'S REPLY TO DIOMED'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR FOR IMPROPER VENUE

Defendants David S. Centanni ("Centanni") and Tyrell L. Schiek ("Schiek") reply to Diomed's opposition to their motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3).

As Centanni and Schiek's motion was their "first defensive move" in response to the filing of Diomed's amended complaint, their motion was timely and their defense of improper venue was not waived. Diomed has wholly failed to meet its burden of showing that venue for its claims against Centanni and Schiek is proper in this District, either by including sufficient allegations in its well-pleaded complaint or by otherwise showing that TVS is the mere alter ego of Centanni and Schiek. Moreover, the seldom-used doctrine of pendent venue cannot be used to establish venue when the requirements of 28 U.S.C. § 1400(b) are not present. For all of these reasons, Centanni and Schiek's motion to dismiss for improper venue should be granted.

I.    **Centanni and Schiek's Improper Venue Defense Has Not Been Waived**

In February of this year Diomed moved for leave to add Centanni and Schiek as individual defendants in this matter. TVS filed an opposition in March, alleging that such an amendment would be futile because the Court lacked personal jurisdiction over Centanni and Schiek. Centanni and Schiek were not parties to the case at that time. The Court granted Diomed's motion for leave to amend by order of June 9, 2008. Subsequently, the undersigned counsel for TVS agreed to accept service on behalf of Centanni and Schiek, and they were given until August 22, 2008 to respond to the complaint pursuant to Fed. R. Civ. P. 12(a)(1)(A)(ii). On August 22, 2008, they timely filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (3), reasserting their arguments regarding improper jurisdiction and arguing that venue was improper for Diomed's claims against them as individuals.

Pursuant to Fed R. Civ. P. 12(b), a motion asserting any of the enumerated defenses laid out in subsection (b) "[m]ust be made before pleading if a responsive pleading is allowed." Under subsections (g) and (h) of Rule 12, any motions for lack of personal jurisdiction, improper venue, insufficient process, or insufficient service of process are waived if not made prior to the defendant's initial answer or initial motion in lieu of an answer. In this case, Centanni and Schiek moved to dismiss for improper venue as part of their first pleading after becoming a party to the case, before any answer was filed. Accordingly, Centanni and Schiek have not waived their improper venue defense.

The cases cited by Diomed do not hold otherwise. In <u>Chute v. Walker</u>, 281 F.3d 314, 319 (1st Cir. 2002), the defendant filed a 12(b)(6) motion to dismiss, but did not file

a 12(b)(5) motion to dismiss for insufficiency of service at the same time, waiving his insufficiency of service defense. Id. at 319-20. Glater v. Eli Lilly & Co., 712 F.2d 735 (1st Cir. 1983), in summarizing Fed. R. Civ. P. 12(h)(1), states merely that "defendants wishing to raise any of these four defenses [in Fed. R. Civ. P. 12(b)(2)-(5)] must do so in their first defensive move, be it a Rule 12 motion or responsive pleading." Id. at 738. This is precisely what Centanni and Schiek have done here, filing a Rule 12 motion objecting to personal jurisdiction and venue as their first defensive move prior to filing any answer. While, Adorno v. Crowley Towing & Transp. Co, 443 F.3d 122 (1st Cir. 2006), cited by Diomed, states that "[i]n assessing futility [of allowing an amended complaint], the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)," id. at 126, neither Adorno nor any other case of which defendants are aware holds that an opposition to a motion to amend a complaint is the equivalent of a 12(b)(6) motion. Nothing in the federal rules or case law requires a potential defendant to raise all 12(b)(2)-(5) defenses in an opposition to a motion for leave to amend, nor would it make sense to rule that a newly added defendant had waived its 12(b) defenses before it was added as a defendant or was served with the complaint. Diomed's waiver argument must fail.

    **II.    Diomed Has Not Pled Or Shown That TVS Is the Alter Ego of Centanni and Schiek**

"Venue is based on the facts alleged in the well-pleaded complaint." Hoover Group, Inc. v. Custom Metalcraft, Inc. 84 F.3d 1408, 1410 (Fed. Cir. 1996). Diomed has the burden of establishing proper venue for their patent claims. Cordis Corp. v. Cardiac Pacemakers, 599 F.2d 1085, 1086 (1st Cir. 1979). Nowhere in its amended complaint has Diomed alleged that Centanni or Schiek are the alter egos of TVS. See id. (quoting

Minnesota Mining & Mfg. Co. v. Eco Chem, Inc., 757 F.2d 1256, 1265 (Fed Cir. 1985) ("The precedents establish that a court which has jurisdiction over a corporation has jurisdiction over its alter egos."). While we are not privy to the specific allegations that the Federal Circuit found sufficient in Hoover, those allegations were set forth in the plaintiff's complaint. Id. at 1411. In comparison, Diomed has pointed to nothing in their complaint that would support venue with respect to their claims against Centanni and Schiek as individuals.

Even if Diomed could, as it argues, base its venue argument on material outside of its complaint, see Diomed Opposition at 4 n.3, Diomed has not indulged the Court or defendants with the facts or allegations that allegedly would support its venue argument. See id. (asserting that "[t]he relevant allegations in this case were amply described in Diomed's motion for leave to amend (and its earlier motion for a preliminary injunction)" without any further explanation or citation of evidence).

Courts applying Hoover have recognized the importance of an individualized inquiry into the appropriateness of venue over individual defendants in patent cases, rather than simply finding that venue is proper over anyone with "ownership, control and active management of the corporation" as Diomed suggests. For instance, in HomeBingo Network, Inc. v. Chayevsky, 428 F.Supp.2d 1232 (S.D. Ala. 2006), relied upon by Diomed in support of its opposition, the court dismissed claims against the corporations' CFO and a board member because "HomeBingo does not contend that [they] are alter egos of [the corporation], nor is there any evidence in the record from which it could be reasonably inferred that those defendants' link to [the corporation] is sufficiently strong to render them its alter ego." Id. at 1251. With respect to the CEO, the court found he

was the alter ego of the corporation, in part because he had "commingled funds or shared financial obligations" with the corporation and personally guaranteed that he would pay money if the corporation were unable to do so. Id. at 1252.

In Timeline, Inc. v. Proclarity Corp., No. C05-1013JLR, 2006 WL 2038255 (W.D. Wash. July 20, 2006) (Exhibit A), the court noted that Hoover involved a consideration of venue over "a single individual who allegedly dominated and made all major decision for the company." Id. at *6. The Timeline court declined to find venue proper with regard to eleven individuals who had served on the corporate defendant's board of directors:

> [Plaintiff's first amended complaint] provides no allegations regarding the individual Directors' ownership or control of the corporation, nor does it make allegations suggesting that the corporation may be regarded as the alter ego of any of the individual Directors. As a result, the court finds that the [first amended complaint] does not contain sufficient allegations regarding each Directors' ownership, control, and management of the company to warrant a finding that venue is proper in this district as to each Director.

Id. Cf. Dimensional Media Associates, Inc. v. Optical Prods. Development Corp., 42 F.Supp.2d 312, 319 (S.D.N.Y. 1999) (holding that even if venue were proper for corporation, it would be improper for individuals who were part owners, officers, agents and/or representatives of the corporation where "[t]here is no allegation that [the individuals] comingle corporate assets and personal accounts, undercapitalized [the corporation], or otherwise disregarded [the corporation's] corporate form" and thus "no basis upon which to conclude . . . that [the corporation] is merely a shell being used by [the individuals] to advance purely personal rather than corporate ends.").

Diomed does not present the court with pleadings or any extrinsic evidence that would allow the court to apply the Hoover test and to determine whether Centanni and

Schiek are the alter ego of TVS. Without citing to anything in its pleadings or in the record, Diomed's alleges that the ownership, control, and management enjoyed by Centanni and Schiek should be equated with that of the single individual who enjoyed such power alone in Hoover. To defendants knowledge, where there are multiple individuals controlling a corporation, no court has found that an individual that co-owns, controls, or manages the company is subject to venue in a district that would otherwise be improper for a patent claim, unless that court has made an alter ego finding with respect to that individual. Moreover, Diomed has not tried to demonstrate that venue in this district is proper for Centanni and Schiek individually.[1]

Moreover, "the convenience of parties and courts" that weighed in court's decision in Hoover is not present here. In Hoover, the plaintiff had already won a patent infringement case against the company of which the individual in question was the president, CEO, and principal shareholder. 84 F.3d at 1410-11. Such is not the case here. No claims have been tried against TVS and, indeed, the claims against TVS are currently stayed.

In light of Diomed's wholesale failure to plead facts in its amended complaint that would support venue over Centanni and Schiek or to even cite to some evidence in its response to Centanni and Schiek's motion that would show that Centanni and Schiek are alter egos of TVS, Diomed's amended complaint should be dismissed.

### III. Pendent Venue Would Be Inappropriate

The seldom-used doctrine of "pendent venue" may not be used to avoid the venue requirements of 28 U.S.C. § 1400(b).

---

[1] As HomeBingo recognized, for example, the fact that one member of management is an alter ego of a corporation does not mean that all members of management are alter egos of the corporation.

The primary case relied upon by Diomed in support of its pendent venue argument, <u>California Service Employees Health & Welfare Trust Fund v. Advance Building Maintenance</u>, No. 06-3078, 2007 U.S. Dist. LEXIS 95517, *9 (N.D. Cal. Dec. 26, 2007), was an ERISA case that did not address the patent-specific venue provision of 28 U.S.C. §1400(b).  In the other case relied upon by Diomed, <u>Hsin Ten Enterprise USA, Inc v. Clark Enterprises</u>, 138 F. Supp. 2d 449 (S.D.N.Y. 2000), the issue was whether pendent venue could be used for patent claims against a sole proprietorship in light of the fact that venue was proper for trademark claims against that same sole proprietorship.  <u>Id</u>. at 461-64.  The plaintiff's claims against the individual who controlled the sole proprietorship were dismissed for lack of personal jurisdiction.  <u>Id</u>. at 456-57.  Thus, the use of pendent venue to find proper venue over an individual defendant in a patent infringement case -- despite the requirements of 28 U.S.C. § 1400 (b) -- was not at issue in either of the cases upon which Diomed relies.

The pendent venue doctrine has been rejected in most cases considering section 1400(b).  <u>See, e.g.</u>, <u>Hsin Ten</u>, 138 F. Supp. 2d at 463 ("There is no question that most of the courts that have addressed this issue have refused to exercise pendent venue over a federal patent claim governed by section 1400(b).")  In <u>Norkol/Fibercore, Inc. v. Gubb</u>, 279 F. Supp. 2d 993 (E.D. Wis. 2003), a plaintiff brought patent infringement claims against a competitor and its owner and president, Gubb.  The court found that it had personal jurisdiction over Gubb because he had sufficient contacts with Wisconsin while acting on behalf of the corporation.  <u>Id</u>. at 998.  Although the court found that venue was proper with respect to conspiracy and tortious interference claims against Gubb, and proper with respect to the patent claims against the corporation, it refused to apply the

doctrine of pendent venue to the patent claims against Gubb. Id. at 999. "Where claims are governed by a special venue statue such as § 1400(b), which limits venue to specified districts, such claims may be brought only in a district specified by the statute. This is so because congressional intent to limit the available districts is clear and cannot be circumvented." Id. (citations omitted).

In PKWare, Inc. v. Meade, 79 F. Supp. 2d 1007 (E.D. Wis. 2000), the court observed that "courts have been less willing to accept venue for patent infringement based on the doctrines of pendent venue" because "[p]atent infringement cases are governed by a specific venue statute, § 1400(b), and court have expressed the view that application of the doctrine of pendent venue is inconsistent with the specific requirements of the statute." Id. at 1018-19 (citing cases). In declining to apply pendent venue to an individual who worked for a corporation for which venue was proper, the PK Ware court also relied upon the Supreme Court's statement in Schnell v. Peter Eckrich & Sons, 365 U.S. 260 (1961) that "[t]he requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a liberal construction." 79 F.Supp.2d at 1019. See also Lawman Armor Corporation v. Winner Int'l, LLC, No. CIV. A. 02-4595, 2003 WL 22902808, at *3 (E.D. Pa. Dec. 10, 2003) (declining to apply pendent venue against individual officers of corporation where requirements of § 1400(b) were not met.) (Exhibit B); Max Daetwyler Corp. v. Input Graphics, Inc, 541 F. Supp. 115, 117-18 (E.D. Pa. 1982) (rejecting pendent venue argument with respect to president of company in patent infringement case).

Finally, the whole point of "pendent venue" is to allow all related claims against identical or related parties to be tried in one venue. At least as long as the claims against

TVS in this District are stayed by the Bankruptcy court, there are no other claims against related defendants that are to be tried with the claims against Centanni and Schiek, and consequently no active claims for which venue is proper that would support using the pendent venue doctrine to bring in claims for which venue is otherwise improper.

The doctrine of "pendent venue" cannot be used to overcome the clear requirements of 28 U.S.C. §1400(b) for venue in patent cases.

## CONCLUSION

For the above reasons, the Court should dismiss Diomed's claims against Centanni and Schiek for lack of personal jurisdiction or lack of proper venue.


Date:  September 17, 2008            Respectfully Submitted,

TOTAL VEIN SOLUTIONS, LLC,
By its attorneys,

  /s/  *Merton Thompson*
Merton E. Thompson
BBO #637056
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000
Fax: (617) 345-3299

Barden Todd Patterson
(admitted *pro hac vice*)
Henry M. Pogorzelski
(admitted *pro hac vice*)
Keith Jaasma
(admitted *pro* hac vice).
PATTERSON & SHERIDAN, LLP
3040 Post Oak Boulevard, Suite 1500
Houston, Texas 77056
Tel:  (713) 623-4844
Fax:  (713) 623-4846

>Craig V. Depew
>(admitted *pro hac vice*)
>CLARK, DEPEW & TRACEY, LLP
>4400 Louisiana, 16th Floor
>Houston, Texas  77002
>Tel: (713) 757-1400
>Fax: (713) 759-1217
>
>ATTORNEYS FOR DEFENDANT
>TOTAL VEIN SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that today I caused a true and correct copy of this *Defendants David S. Centanni's and Tyrell L. Schiek's Reply to Diomed's Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or Improper Venue* to be served through the ECF system and by electronic mail upon the following counsel of record:

>Michael A. Albert
>Michael N. Rader
>John L. Strand
>WOLF, GREENFIELD & SACKS, P.C.
>600 Atlantic Avenue
>Boston, Massachusetts  02210
>Tel:  (617) 646-8000
>Fax:  (617) 646-8646
>
>ATTORNEYS FOR PLAINTIFF DIOMED, INC.
>
>
>   /s/ Diane Noël